# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| DEBORAH MEREDITH, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:16-cv-1102 |
| UNITED COLLECTION BUREAU, INC., | ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

Defendant United Collection Bureau, Inc. ("UCB"), by counsel, submits this brief in opposition to Plaintiff's Motion to Compel Discovery. Plaintiff's Motion should be denied because UCB's objections to Plaintiff's discovery are valid and should be sustained.

**INTRODUCTION AND FACTUAL BACKGROUND**

UCB is company that collects amounts due on accounts, including medical accounts. Plaintiff's Complaint asserts a claim under the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227. Plaintiff Deborah Meredith alleges that, in January and February of 2016, UCB made three unanswered phone calls to her cellular telephone in an attempt to collect on a medical account. (Compl. ¶¶ 11, 12, 14.) Plaintiff further alleges that she did not consent to receive these calls. (*Id.* ¶ 19.) Plaintiff alleges that the calls were made using equipment that is capable of automatically and sequentially calling a list of telephone numbers. (*Id.* ¶ 17.) Plaintiff seeks to represent a putative class of persons in the United States that UCB called at least twice on their cellular telephones to collect on a medical account in the four years preceding the filing of the Complaint, leaving messages that were similar to the messages allegedly left for Plaintiff, whose numbers were obtained from someone other than the recipient of the call. (*Id.* ¶ 27.)

On May 9, 2016, Plaintiff filed this action, seeking to recover declaratory and monetary relief pursuant to the TCPA. On July 7, 2016, Plaintiff served her Initial Disclosures, and on July 11, 2016, UCB served its Initial Disclosures. On July 7, 2016, Plaintiff also served Interrogatories and Requests for Production, to which UCB responded and objected on August 22, 2016. On September 20, 2016, the Court entered the parties' Stipulated Protective Order, and on October 17, 2016, UCB served supplemental responses and objections to Plaintiff's Interrogatories and Requests for Production.[1] To date, UCB has produced all documents in its possession, custody or control that evidence refer or relate to Plaintiff. These documents include UCB's call notes and a report of all ingoing and outgoing calls for the number alleged in the Complaint, a redacted copy of the relevant insurance policy, a redacted copy of the medical intake record of the debtor who provided the number at issue, and the audio of a call between Plaintiff and UCB. UCB will also produce the TCPA policies and procedures that were in effect at any point during the class period. From UCB's perspective, the primary outstanding discovery issue in this case concerns whether UCB maintains a database that can be queried to the identity members of the putative class, which are persons who received multiple wrong number medical account calls between May 2012 and the present. Because of the limitations, which are explained below, with respect to UCB's ability to query said information, UCB opposes Plaintiff's motion to compel.

---

[1] Plaintiff takes issue with the objections made by UCB and claims that it is impossible to determine which objections apply to which responses. Following the parties' meet and confer session, UCB provided supplemental responses and objections and made clear which objections applied to which requests. As a result, there is no basis for Plaintiff's blanket assertion that the objections should be waived, and to the extent Plaintiff remains unclear about which objections apply to which requests, UCB invites additional conferences on those objections. Furthermore, Plaintiff takes issue with UCB's failure to provide a privilege log. Though UCB has objected to certain requests *to the extent that* they call for privileged information, UCB has not withheld and documents as privileged and therefore is not required to provide a privilege log. In the event that UCB does withhold documents as privileged, UCB will provide a privilege log consistent with the Federal Rules of Civil Procedure and this Court's local rules.

**ARGUMENT**

"Th[e] desire to allow broad discovery is not without limits and the trial court is given wide discretion in balancing the needs and rights of both plaintiff and defendant." *Scales v. J.C. Bradford & Co.*, 925 F.2d 901, 906 (6th Cir. 1991). The Sixth Circuit has held that "[a]lthough a plaintiff should not be denied access to information necessary to establish her claim, neither may a plaintiff be permitted 'to go fishing,' and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007) (internal quotations omitted). "[T]he scope of discovery . . . is limited only by relevance and burdensomeness." *Id.* (quoting *Trevino v. Celanese Corp.*, 701 F.2d 397, 406 (5th Cir. 1983)); *see also Sagebrush Sols., LLC v. Health Mgmt. Sys.* (*In re CareSource Mgmt. Grp. Co.*), 289 F.R.D. 251, 253 n.2 (S.D. Ohio 2013) (holding that courts "must limit the frequency or extent of discovery otherwise allowed" if the information sought is irrelevant or burdensome) (internal quotations omitted).

Plaintiff, as the moving party, "has the burden of demonstrating [the] relevance [of the documents he seeks]." *Sagebrush Sols., LLC*, 289 F.R.D. at 253 n.2. "Given Rule 26(b)(1)'s clear focus on relevance, a district court does not abuse its discretion in denying discovery when the discovery requested would be irrelevant to the underlying issue to be decided." *Sigmon v. Appalachian Coal Props.*, 400 F. App'x 43, 50 (6th Cir. 2010) (internal citations and quotations omitted). As Plaintiff's own authority admits, "the defendant ***must*** be protected from discovery that is overly burdensome, irrelevant, or which invades privileged or confidential areas." *Phillips v. Philip Morris Cos.*, No. 5:10CV1741, 2013 U.S. Dist. LEXIS 91189, at *8 (N.D. Ohio June 28, 2013) (emphasis added).

Plaintiff has challenged only a portion of UCB's responses to the discovery requests. In her motion Plaintiff groups these challenges into seven categories. For the Court's convenience,

UCB has attempted to group its responses in the same seven categories. However, UCB's responses to Plaintiff's arguments fall into two overarching categories: First, Plaintiff misapprehends the manner in which UCB is notified that it has called a wrong number and UCB's subsequent ability to identify outgoing calls to wrong numbers. As set forth in more detail below, UCB does not maintain a database that could be used to identify all instances in which it has dialed the wrong number using an automated dialer. Accordingly, identifying all of the wrong number calls made over a four-year period using an automated dialer would require a manual review of all accounts, which is unduly burdensome, prohibitively expensive, and will not allow Plaintiff to ascertain the members of the putative class. As a result, Plaintiff's requests for additional responses to Interrogatory Nos. 1, 3, 6, 7, 9 and Request Nos. 2, 4 should be denied. The remaining requests for additional responses fail because UCB has already provided the requested information or because UCB has committed to providing additional information on a rolling basis, and Plaintiff has not met her burden to demonstrate that additional information is needed. As a result, Plaintiff's requests for additional responses to Interrogatory Nos. 4, 8 and Request Nos. 3, 5, 6, 7, 9, 11 should be denied.

I. **UCB Does Not Maintain A Database That Can Be Used to Identify "Wrong Number" Calls Made by an Automated Dialer.**

Many of the requests at issue in Plaintiff's motion to compel relate to UCB's identification of outgoing calls made in situations where the phone number was obtained from someone other than the recipient of the call. Because UCB does not track the identity of the person who provided the wrong information and cannot query a database to retrieve it, Plaintiff's request for additional responses should be denied.

### A. Identification of All Outgoing Calls to Wrong Numbers Over a Four-Year Period Would Be Unduly Burdensome and Prohibitively Expensive (Interrogatory No. 1 & Request No. 2).

In Interrogatory No. 1, Plaintiff asks UCB to identify all outgoing calls that for all persons in the United States that fit the following characteristics:

(a) UCB and/or someone on its behalf called at least twice;
(b) and played the same or similarly created message to the voicemail left for plaintiff;
(c) where the phone number was not obtained from the recipient of the call, as to the alleged debt being collected;
(d) where at least one call was made on or after May 9, 2012.

For each of those calls, Plaintiff asks UCB to provide the information on the dialer equipment used to make the calls, call detail information for the calls themselves, identifying information for the recipient of the call, information regarding the purpose of the call, the source of the number, anything that may show consent, all third parties that were involved in the call, information concerning the caller identification programming and display for the calls, the physical location where the calls occurred, and data concerning whether any person ever notified UCB that UCB was calling the wrong number. In Request No. 2, Plaintiff asks UCB to produce all documents or data that concern or relate to any phone call, person, or phone number responsive to Interrogatory No. 1.

UCB does not dispute that information related to the calls allegedly made to Plaintiff in January and February 2016 is relevant, and UCB has produced responsive information and has committed to producing additional information as discovery proceeds. In particular, UCB has produced its call notes and a report of all ingoing and outgoing calls for the number alleged in the Complaint. Simply put, UCB has produced all documents in its possession, custody, or control that evidence, refer, or relate to the Plaintiff. UCB has stated that it believes consent to call the number alleged in the Complaint was provided by the patient on the account when the patient

provided that number to the medical provider. UCB anticipates that Plaintiff will claim that the patient was the not subscriber to the number that the patient provided. UCB intends to produce information regarding the equipment used to make the calls to Plaintiff, and UCB has already informed Plaintiff that a third party did not make the calls on its behalf.

UCB's objections to both Interrogatory No. 1 and Request No. 2 relate to Plaintiff's attempt to collect this vast amount of information for calls made to the putative class. As UCB explained during a conference with Plaintiff's counsel, while UCB maintains a database related to medical accounts determined to be wrong numbers, the database cannot be further queried in order provide the specific information that Plaintiff seeks in her discovery requests. Specifically, the database cannot be queried to determine why the numbers are wrong numbers—as the numbers can be deemed to be wrong because the call recipient told UCB that the number was wrong or the phone company stated that the phone number was disconnected. In addition, there are myriad reasons why the number could be characterized as bad—for example, a number could end up on that list if the recipient indicates that he does not want to be called anymore or if the recipient informs UCB that it is not the proper recipient, regardless of the veracity of that assertion. Indeed, it is quite likely that someone attempting to avoid paying on a legitimate account would tell UCB that it has reached the wrong number even if that number is actually correct. In addition, UCB's information does not reveal whether a "bad number" was called manually or through an automated dialer. There is no single database that records information regarding why the number is characterized as bad, nor is there a database that records information on the number of calls made to that number, the time period in which those calls were made, the purpose of the calls made, the equipment used to make the calls, or whether any voicemail message was left. Accordingly, it is not possible for UCB to query any database and identify the

outgoing calls that Plaintiff seeks in Interrogatory No. 1, and as a result, it is not possible to provide data on those calls in response to Request No. 2.

In this case, UCB only knew of Plaintiff's assertion that her number was improperly dialed because she filed the instant action. In order to identify all other individuals whose numbers were dialed at least twice after May 9, 2012 and who correctly asserted that they were not the intended recipient of the call, UCB would have to conduct a manual review of every account in which any phone call was made after May 9, 2012—which amounts to more than 278,000 accounts. Such a search would be unduly burdensome and prohibitively expensive. *See* Fed. R. Civ. P. 26(b)(2)(B) ("A party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost."); *Schauf v. Mortg. Bankers Serv. Corp.,* No. 01-4442, 2001 WL 1654711, at *1 (N.D. Ill. Dec. 20, 2001) (finding discovery request that would require individual review of over 300 loan files involving approximately 80 hours of work "overly broad and unduly burdensome" and granting motion for a protective to preclude "fishing through . . . files for class members."); *Martinet v. Spherion Atlantic Enter., LLC,* No. 07-2178, 2008 WL 2557490, at *2 (S.D. Cal. June 23, 2008) (denying motion to compel where plaintiff failed to demonstrate good cause for state-wide discovery to merit the undue burden of discovery into roughly 10,000 non-exempt employees); *Diehl v. Bank of Am. Corp,* No. 09-1220, 2010 WL 3340565, at *2 (M.D. Fla. Aug. 23, 2010) (denying motion to compel "highly specific information for 250 employees" in discrimination class action, in part because request was "overly broad and unduly burdensome").

Moreover, the case law on which Plaintiff relies is not binding and does not require such a review. *See Balbarin v. N. Star Capital Acquisition, LLC*, No. 10 C 1846, 2010 U.S. Dist. LEXIS 118992 (N.D. Ill. Nov. 9, 2010) (ordering defendant to provide information for a small sample of potential class members); *Donnelly v. NCO Fin. Sys.*, 263 F.R.D. 500 (N.D. Ill. 2009), objection

7

overruled by 2010 U.S. Dist. LEXIS 9866 (N.D. Ill. Jan. 13, 2010) (requiring the defendant to produce certain documents but not ordering defendant to conduct a manual review of all accounts); *Kane v. Nat'l Action Fin. Servs.*, No. 11-11505, 2012 U.S. Dist. LEXIS 66219 (E.D. Mich. May 11, 2012) (ordering defendant to conduct a manual review of accounts because defendant's primary defense was that the calls were made with express consent); *Patrick D. Michel, DDS v. WM Healthcare Solutions, Inc.,* No. 10-00638, DE 31 (S.D. Ohio Sept. 8, 2011) (holding that a protective order would adequately protect the confidentiality of third party documents).

For the reasons set forth herein, Plaintiff is not entitled to the discovery sought in Interrogatory No. 1 and Request No. 2, except as related to calls made to Plaintiff's telephone number, and Plaintiff's motion to compel additional responses to Interrogatory No. 1 and Request No. 2 should be denied.

**B.** **Because UCB Does Not Maintain a Database That Could Be Used to Identify "Wrong Number" Calls Made By An Automated Dialer, UCB Cannot Provide a Database "Key" or Describe Data Fields (Request No. 4 & Interrogatory Nos. 6, 7).**

In Request No. 4, Plaintiff asks UCB to provide "[a] key for your database." In Interrogatory Nos. 6 and 7, Plaintiff asks UCB to identify and describe all databases, data tables, fields, data points, and codes relating to calls responsive to Interrogatory No. 1 and whether UCB had consent to make those calls. As set forth in Section I, it is not possible for UCB to query any database and identify the outgoing calls that Plaintiff seeks in Interrogatory No. 1. As a result, UCB cannot provide a database key, nor can UCB describe the requested data fields. For this

reason, Plaintiff's motion to compel additional responses to Request No. 4 and Interrogatory Nos. 6 and 7 should be denied.[2]

### 3. Because UCB Does Not Maintain a Database That Could Be Used to Identify "Wrong Number" Calls By An Automated Dialer, UCB Cannot Identify Individuals Involved in Making Those Calls (Interrogatory Nos. 3, 9).

In Interrogatory No. 3, Plaintiff asks UCB to identify "all persons who participated in outbound calls responsive to interrogatory 1." As set forth in Section I, it is not possible for UCB to query any database and identify the outgoing calls that Plaintiff seeks in Interrogatory No. 1. As a result, UCB cannot identify individuals who participated in those calls. Furthermore, the identification of the person making the call is not relevant for purposes of establishing a violation of the TCPA. For these reasons, Plaintiff's motion to compel an additional response to Interrogatory No. 3 should be denied.

In Interrogatory No. 9, Plaintiff asks UCB to identify "all persons who had responsibility for any aspect of outbound calling through the use of prerecorded messages at any time between May 9, 2012 and May 9, 2016." UCB objected to this interrogatory on a number of grounds. First, it exceeds the number interrogatories permitted by Rule 33, which provides that, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Here, several of the interrogatories, including in particular Interrogatory Nos. 1, 2, and 9 contain multiple discrete subparts that push Plaintiff's total over 25. UCB also objected to Interrogatory No. 9 on the grounds that it seeks irrelevant information because it does not matter for purposes of proving Plaintiff's TCPA claim who performed the tasks set forth in Interrogatory No. 9 because the issue in this case is not who

---

[2] Notably, UCB does not dispute that information related to calls made to Plaintiff's telephone number is relevant, and as a result, UCB stated that it will provide clarification regarding any abbreviations set forth in the call notes or report of incoming and outgoing calls that were produced to Plaintiff.

made the calls, as liability is not determined by the identity of the persons who made the calls. The issue in this case is whether calls were made to the Plaintiff using an automated dialer or prerecording irrespective of who made the calls. Finally, UCB objected to Interrogatory No. 9 on the grounds that it is overbroad because it asks UCB to identify *all* persons who had responsibility for *any* aspect of the calling, and such request is not limited to the calls made to Plaintiff or the putative class members (persons who received calls related to medical accounts in which the wrong number was dialed using an automated dialer or prerecorded message.) For these reasons, Plaintiff's motion to compel an additional response to Interrogatory No, 9 should be denied.

II. **UCB Has Produced Information Responsive to the Remaining Requests, and Plaintiff Has Not Demonstrated a Need for Additional Information.**

   A. **UCB Is Conducting a Reasonable and Diligent Search for Relevant Policies and Procedures (Interrogatory No. 8 & Request No. 6).**

In Interrogatory No. 8, Plaintiff asks UCB to "[i]dentify all policies, practices and procedures relating to communicating with debtors, non-debtors or third parties, including notifications that you may have been calling a disconnected, changed or otherwise wrong number." Similarly, in Request No. 6, Plaintiff asks UCB to produce "[a]ll policy, practice or procedure related documents (including email) that pertain or apply to defendant or any vendor making debt collection telephone calls."

In its supplemental responses to Interrogatory No. 8 and Request No. 6, UCB objected to the requests on the ground that they seek information that is irrelevant, in that they seek *all* policies, practices, and procedures, irrespective of time, statute of limitations, connection with Plaintiff, and connection with the proposed class. Notwithstanding that objection, UCB committed to identify and produce the policies, practices, and procedures that are relevant to Plaintiff. UCB is conducting a reasonable and diligent search for these policies, practices, and procedures and will continue to produce responsive documents to Plaintiff on a rolling basis.

UCB has located responsive documents, and is in the process of confirming that the located documents existed during the class period and were the actual policies at any point during the class period. UCB expects to resolve that issue before Plaintiff's reply brief is due. Accordingly, Plaintiff's motion to compel additional responses to Interrogatory No. 8 and Request No. 6 is premature and should be denied.

> **B. Plaintiff's Requests for Documents Related to Calling Non-Debtors and to the TCPA Are Overbroad and Seek Irrelevant Information; However, UCB Has Produced Responsive Documents (Request Nos. 5, 9, 11).**

In Request No. 5, Plaintiff asks UCB to produce "[a]ll documents that concern the possible or actual calling of non-debtors for collection purposes." Similarly, in Request No. 9, Plaintiff asks UCB to produce "[a]ll emails and other documents that touch upon calling non-debtors in connection with collection of debts, regardless of whether such calls were intentionally made to non-debtors." Finally, in perhaps its broadest request, in Request No. 11, Plaintiff asks UCB to produce "[a]ll documents pertaining to the TCPA, **without regard to time**." (Emphasis added.)

In its supplemental responses to these requests, UCB objected on the grounds that the requests are overbroad and seek irrelevant information because they seek *all* documents that concern the possible or actual calling of non-debtors and pertaining to the TCPA irrespective of (1) whether the documents concern the named Plaintiff or any member of the putative class, (2) whether the documents concern calls made during the relevant statute of limitations, and (3) whether the calls were made using equipment used to make calls to Plaintiff's telephone number. In addition, UCB objected to these requests to the extent that they seek privileged information. However, notwithstanding these objections, UCB committed to produce any responsive, non-privileged document related to the calls made to Plaintiff. In fact, UCB has produced all documents related to calls made to Plaintiff's cellular telephone number, including account notes and the audio recording of a call received from Plaintiff. Plaintiff has not identified any additional

11

materials that she needs in excess of what has been provided. In addition, as stated above, UCB does not demarcate in a database the difference between calling "non-debtors" and people who simply stated that UCB called the wrong number. Many of the people who stated that UCB called the wrong number could have been debtors, and locating the non-debtors within that database would require an individualized inquiry of hundreds of thousands of records. Accordingly, Plaintiff's motion to compel additional responses to Request Nos. 5, 9, and 11 should be denied.

    **C.    UCB Does Not Have Sworn or Unsworn Materials Related to Plaintiff or the Putative Class Members (Request No. 3).**

In Request No. 3, Plaintiff asks UCB to produce "[a]ll deposition transcripts, declarations, interrogatory responses, or any other sworn or unsworn materials relating to any TCPA matter, or any other case that concerns use of dialers or prerecorded messages during collection calls." UCB objected to that request as overbroad because it seeks information related to *any* TCPA matter and *any other case* that concerns the use of dialers or prerecorded messages—regardless of whether the information relates to Plaintiff or the putative class, whether the information relates to UCB, and whether the information is within the statute of limitations. Subject to those objections, UCB stated that it does not have any of the requested information for Plaintiff or the putative class members. Plaintiff cites to a publicly available declaration provided by a former employee of UCB and claims that it requires similar information because it "will necessarily contain not only substantive information regarding UCB's calling technology and practices, but serve as evidence itself as to the willfulness of UCB's continued violations of the TCPA." First, there is no basis for Plaintiff's assertion that UCB's has committed any willful violations of the TCPA, and Plaintiff should not be permitted an exhaustive review of the discovery and pleadings in cases unrelated to this one in an effort to cobble together a showing that there is such a violation. Second, UCB

objects to the production of any documents that are publicly available. For all of these reasons, Plaintiff's motion to compel an additional response to Request No. 3 should be denied.

> D. **UCB Has Produced Information That Identifies the Creditor That Provided Plaintiff's Telephone Number to UCB (Request No. 7).**

In Request No. 7, Plaintiff asks UCB to produce "[a] copy of any contract or agreement with a creditor or other person that may have authorized you to make the calls responsive to interrogatory 1 on its behalf." As set forth in Section I, UCB cannot identify all outbound calls to wrong numbers as requested in Interrogatory No. 1. Further, UCB objects to Request No. 7 as overbroad in that it seeks a copy of *any* contract, irrespective of whether it relates to a creditor that provide numbers for Plaintiff and/or the putative class and irrespective of the time in which the numbers were provided. Notwithstanding these objections, UCB has produced documents related to Plaintiff, which include the identity of the creditor who provided UCB with Plaintiff's telephone number. As stated above, the request is overly broad and seeks irrelevant information—contracts with the creditors are irrelevant because the issue in this case is whether UCB had prior consent to make the phone calls at issue in this case. The contracts between UCB and the creditors will not answer the consent question because consent is a matter between the creditor and the person who has the medical account. Accordingly, Plaintiff's motion to compel any additional response to Request No. 7 should be denied and limited to the production of documents between the person who is the subject of the medical account and the medical provider.

> E. **UCB's Objections Should be Sustained and Plaintiff's Motion to Compel Should be Denied with Respect to Identifying All Complaints of Any Kind Made by Individuals Since January 1, 2011 Regarding Wrong Number Calls Who Fall Within the Putative Class (Interrogatory No. 4).**

In Interrogatory No. 4, Plaintiff asks UCB to identify "all complaints of any kind (e.g., consumer, regulatory, pre-litigation, litigation) since January 1, 2011, concerning debt collection

13

calls to persons who allegedly did not consent to receive such calls, and identify any action taken by you (or others on your behalf) with regard to such complaints." UCB objected to this interrogatory as overbroad because it seeks information regarding complaints of any kind, for a period of time irrelevant to this lawsuit since the interrogatory goes back to January 1, 2011 (which is outside of the proposed class period), and it seeks information about calls that are entirely irrelevant to the claims in this case (e.g., calls not subject to the TCPA because they were not placed with equipment covered by this statute). UCB further objected to this interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege or work product doctrine since it seeks actions taken in response to such complaints. However, notwithstanding these objections, UCB has identified other lawsuits involving claims similar to those at issue here. UCB filed a motion to consolidate the other TCPA lawsuits into multi-district litigation along with the present case. The complaints in those cases were attached to the motion to consolidate the TCPA cases. In addition, all federal court pleadings in which UCB has been a litigant are publicly, and equally, available to Plaintiff—as Plaintiff proved by attaching a UCB declaration from 2008 to their motion to compel. Because UCB has informed Plaintiff about the TCPA related lawsuits that have been filed against UCB within the class period and said information is publicly available, Plaintiff's motion to compel an additional response to Interrogatory No. 4 should be denied.

### F. UCB Has Already Produced Appropriate Portions of the Relevant Insurance Policy.

UCB understands that Plaintiff seeks those portions of the insurance policy that will allow her to determine whether coverage exists in this case. UCB has already produced the portions produced in this case are already sufficient to allow Plaintiff to determine whether insurance coverage is available in this case and Plaintiff has not presented any evidence or arguments to the

14

contrary. Thus, Plaintiff's motion to compel production of additional portions of the relevant insurance policy should be denied.

### G. UCB Is Working to Identify Deponents and to Coordinate Schedules and Will Provide Dates for Depositions by November 16, 2016.

There is no need for Court intervention to resolve the issue of scheduling depositions at this time. Counsel for the parties have discussed the need to schedule the requested depositions, and counsel for UCB has explained that it has been difficult to identify the proper designees and to schedule time for their preparation and depositions. Regardless, however, UCB will provide deposition dates by November 16, 2016. As a result, Plaintiff's request for an order compelling UCB to provide deposition dates is not necessary and should be denied.

## CONCLUSION

UCB's objections to Plaintiff's discovery are valid and should be sustained. Accordingly, this Court should DENY Plaintiff's Motion to Compel Discovery and grant UCB such other and further relief as it deems appropriate and just.

Respectfully submitted, this 4th day of November, 2016.

*/s/ Jason P. Ferrante*

Jason P. Ferrante (0078480)
MARSHALL DENNEHEY WARNER COLEMAN & GOGGIN
127 Public Square, Suite 3510
Cleveland, OH 44114
(216) 912-3800
jpferrante@mdwcg.com

Keith J. Barnett (*admitted pro hac vice*)
Lindsey B. Mann (*admitted pro hac vice*)
TROUTMAN SANDERS LLP
600 Peachtree Street NE, Suite 5200
Atlanta, GA 30308
(404) 885-3000
keith.barnett@troutmansanders.com
lindsey.mann@troutmansanders.com

Ethan G. Ostroff (*admitted pro hac vice*)
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
(757) 687-7500
ethan.ostroff@troutmansanders.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the within and foregoing *Defendant's Response to Plaintiff's Motion to Compel Discovery* was electronically filed with the Clerk of Court using the CM/ECF system, which automatically serves notification of such filing to all counsel of record.

This 4th day of November, 2016.

*/s/ Jason P. Ferrante*
Jason P. Ferrante (0078480)

*Counsel for Defendant*