**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Deborah Meredith,** | ) | **CASE NO. 1:16 CV 1102** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **United Collection Bureau, Inc.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

**INTRODUCTION**

This matter is before the Court upon Plaintiff's Motion to Compel Discovery (Doc. 19). For the reasons that follow, the motion is GRANTED IN PART AND DENIED IN PART.

**BACKGROUND**

Plaintiff Deborah Meredith filed this putative class action lawsuit on May 9, 2016, alleging that Defendant United Collection Bureau violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any

telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

The

TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

Plaintiff alleges that defendant, a debt collection service, initiated multiple telephone calls to plaintiff's cellular telephone in an attempt to collect a debt. (Compl. ¶ 11). She alleges that she was unable to answer the calls and that defendant left multiple voicemail messages for her. (*Id.* ¶ 15). Plaintiff claims that the messages were prerecorded and made using equipment that automatically and sequentially called a list of telephone numbers, obtained from a "skip-trace" or similar third-party source. (*Id.* at ¶¶ 17, 21). The recording was played when the dialing system detected that the call was answered by plaintiff's voicemail. (*Id.* at ¶ 16). Plaintiff alleges that defendant knew or should have known that she did not consent to receiving the calls. (*Id.* at ¶ 19). According to the complaint, defendant has a policy, practice, or procedure of placing calls to cell phones regarding the collection of an alleged debt without the prior consent of the called parties. (*Id.* at ¶ 25).

Plaintiff seeks to certify the following class:

> All persons in the United States who: (a) Defendant and/or someone on Defendant's behalf called at least twice on their cellular phone; (b) and played the same or similarly created message to the voicemail left for plaintiff; (c) where the phone number was not obtained from the recipient of the call, as to the alleged debt being collected; (d) where at least one call was made in the period that begins four years before the date of filing this Complaint.

She claims that she and the putative class members have been damaged by the calls by having their privacy invaded, being charged for the calls, and being annoyed.

On July 7, 2016, plaintiff served discovery requests on defendant, which defendant

responded to on August 22. Plaintiff was not satisfied with defendant's responses. The parties agreed on a confidentiality order, which the Court entered on September 20. The parties then met and conferred telephonically on September 22. Since then, defendant has produced some additional documents and provided supplemental responses. Still finding defendant's responses to be deficient, plaintiff filed the current motion, which defendant opposes.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 26(b)(1) sets forth the permissible scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). "[T]he scope of discovery under the Federal Rules of Civil Procedure is traditionally quite broad." *Lewis v. ACB Bus. Serv., Inc.*, 135 F.3d 389, 402 (6th Cir. 1998). After making a good faith attempt to resolve a dispute, a party may file a motion to compel discovery under Rule 37 of the Federal Rules of Civil Procedure if it believes another party has failed to respond to discovery requests or that the party's responses are evasive or incomplete. Fed. R. Civ. P. 37(a). In ruling on such a motion, a trial court has broad discretion in determining the scope of discovery. *Lewis*, 135 F.3d at 402.

**ANALYSIS**

As an initial matter, the Court rejects plaintiff's request to deem all of defendant's objections waived. A responding party must state its objections to interrogatories and requests for production with specificity. Fed. R. Civ. P. 33(b)(4), 34(b)(2)(B). Additionally, an objection

to a document request "must state whether any responsive materials are being withheld on the basis of that objection. An objection to part of a request must specify the part and permit inspection of the rest." Fed. R. Civ. P. Rule 34(b)(2)(C). The purpose of this rule is to "end the confusion that frequently arises when a producing party states several objections and still produces information, leaving the requesting party uncertain whether any relevant and responsive information has been withheld on the basis of the objections." Fed. R. Civ. P. Rule 34 Advisory Committee Notes.

Plaintiff notes that defendant's responses are all made subject to its eleven general objections and argues that defendant does not make clear which specific objection or objections each response relies on. To the extent that some individual responses also rely on objections such as "overly broad" or "vague and ambiguous," plaintiff argues that defendant has not sufficiently articulated the basis for such objections. For these reasons, plaintiff asks that the Court deem all of defendant's objections waived. (Pl.'s Mot. to Compel at 9). Plaintiff's request is denied. Rather than deeming all of defendant's objections waived, the Court will address the sufficiency of the objections in the context of the specific discovery requests that are at issue in plaintiff's motion to compel.

**1. Class data requests: Interrogatory 1 and Document Request 2**

In Interrogatory 1 and Document Request 2, plaintiff seeks information about the persons in the class she seeks to represent. She asks for a broad range of information, including the identification of the equipment or software used to make calls to individuals in the putative class; information about the calls, including duration, number called, date and time of the call, to whom defendant spoke, and the substance of the conversation; identifying information for the person

being called; purpose of the call; source of the phone number; information showing consent by the individual called; vendors that were in any way involved with the call; information about caller identification programming and display for the calls; the physical location where the calls occurred; and data concerning whether any person called ever notified defendant that it was calling the wrong number or requested that defendant not call them. During their meet and confer, plaintiff offered to narrow the request by seeking information for calls to cellular phones only and only calls to "wrong number" call recipients as identified in defendant's database. Plaintiff states that the information defendant produced regarding calls to her number show that UCB logged that it had reached the "wrong#" when it called plaintiff. According to plaintiff, "UCB can query its database for all telephone numbers that were designated as wrong numbers since the class period beginning May 9, 2012." (Pl.'s Reply Br. at 5). She then claims that she will determine the names and addresses of the 'wrong number' class members through performing reverse-lookups on the phone numbers through a class action administrator or issuing subpoenas to the cellular telephone companies to obtain the identities of the subscribers.

Defendant agrees that information related to the calls made to plaintiff in January and February 2016 is relevant and "has produced all documents in its possession, custody, or control that evidence, refer, or relate to the Plaintiff." It also intends to produce information regarding the equipment used to make the calls to plaintiff and has informed plaintiff that a third party did not make the calls on its behalf.

Defendant, however, objects to the other information that plaintiff seeks. Defendant notes that while it maintains a database related to medical accounts that are determined to be wrong numbers, it cannot further query the database to provide the specific information that plaintiff

seeks. According to defendant, “[i]n order to identify all other individuals whose numbers were dialed at least twice after May 9, 2012 and who correctly asserted that they were not the intended recipient of the call, UCB would have to conduct a manual review of every account in which any phone call was made after May 9, 2012–which amounts to more than 278,000 accounts.” It claims that such a search would be unduly burdensome and prohibitively expensive.

The extent of the information that plaintiff requests in Interrogatory 1 and Discovery Request 2 as originally drafted is overly broad. Plaintiff relies on *Gossett v. CMRE Fin.* Servs., 142 F. Supp. 3d 1083, 1087 (S.D. Cal. 2015), to argue that the information she seeks is discoverable in order to establish numerosity, commonality, typicality, and the other requirements for class certification. But the information that the plaintiff in *Gossett* sought was much narrower than what plaintiff seeks here. There, the plaintiff sought “the date and time of each phone call CMRE made to him and each call recipient from April 10, 2011 to the present, [a]ll documents and ESI that identify the total number of phone calls made to the call recipients, [and] [a]ll documents and ESI sufficient to identify the total number of call recipients, and the process(es) or methods used to identify that number, as well as the total number of phone calls made to the cellular phones of the call recipients, and the telephone dialing equipment used to make those calls, presented in a commercially usable and searchable format.” *Id.* at 1086. Plaintiff here seeks information well beyond the call list requested in *Gossett*.

Plaintiff purports to narrow her request to wrong number calls made to cell phones but still seeks to obtain detailed information related to each call. Defendant, however, has no mechanism for culling the information that plaintiff seeks, even for this narrower subset of calls. As it notes, “[t]here is no single database that records information regarding why the number is

characterized as bad, nor is there a database that records information on the number of calls made to that number, the time period in which those calls were made, the purpose of the calls made, the equipment used to make the calls, or whether any voicemail message was left." Defendant has met its burden of showing that it would be unduly burdensome to require it to comb through 278,000 accounts to find responsive information. *See Schauf v. Mortg. Bankers Serv. Corp.*, No. 01-4442, 2001 WL 1654711, at *1 (N.D. Ill. Dec. 20, 2001) (finding discovery request that would require individual review of over 300 loan files and involve approximately 80 hours of work to be overly broad and unduly burdensome and granting motion for a protective order to preclude "fishing through...files for class members").

Thus, plaintiff's motion to compel is denied with respect to Interrogatory 1 and Discovery Request 2 written as is.

**2. <u>Database-related requests: Document Request 4 and Interrogatories 6 and 7</u>**

Next, plaintiff seeks to compel responses to its discovery requests relating to defendant's databases. Plaintiff issued requests to learn what kind of database defendant maintains, and how the database works:

> REQUEST NO. 4
> A key for your database, as well as any other documents that may assist one in understanding any data, codes, columns, field names or other abbreviated matter pertinent to this case, including for example information and documents responsive to interrogatory 1, including for example a data dictionary, database scheme, list of data tables, or explanation of data points.
>
> INTERROGATORY 6
> Identify and describe any and all databases, data tables, fields, data points and codes that existed and/or were maintained at any time since May 9, 2012, relating to telephone calls responsive to interrogatory 1.
>
> INTERROGATORY 7
> Identify and describe any and all data tables, fields, data points and codes that existed

> and/or were maintained at any time since May 9, 2012, relating to whether you may have had consent to make the telephone calls responsive to Interrogatory 1.

As noted above, defendant does not maintain a database that can be queried to identify the information that plaintiff seeks in Interrogatory 1, and the Court has denied plaintiff's motion with respect to Interrogatory 1. The Court will not order defendant to provide a database key or describe data fields, tables, points, etc. for documents responsive to Interrogatory 1. Thus, plaintiff's motion to compel is denied with respect to Document Request 4 and Interrogatories 6 and 7 to the extent they seek information for calls unrelated to plaintiff.[1]

To the extent plaintiff has questions about the abbreviations in the call notes or report of incoming and outgoing calls that defendant produced regarding plaintiff, defendant states that it will provide clarification.

**3. <u>Calling and consent policies, practices, and procedures: Interrogatory 8 and Document Request 6</u>**

Plaintiffs seeks information about defendant's calling and consent practices and procedures in Interrogatory 8 and Document Request 6:

> INTERROGATORY 8.
> Identify all policies, practices, and procedures relating to communicating with debtors, non-debtors or third parties, including notifications that you may have been calling a disconnected, changed or otherwise wrong number.
>
> REQUEST NO. 6.
> All policy, practice or procedure related documents (including email) that pertain or apply to defendant or any vendor making debt collection telephone calls.

Plaintiff argues that this information is relevant to her prima facie case because it has bearing on

---

[1] Plaintiff argues that she issued requests regarding defendant's database "so that plaintiff or her expert witness will be able to develop their own query for the extraction of relevant information." But Interrogatory 1 clearly asks *defendant* to perform the queries required to produce responsive information.

whether defendant made improper telephone calls without consent through use of equipment that makes calls based upon how it has been programmed. According to plaintiff, the requests are tailored to learn about defendant's state of mind and knowledge as to the TCPA in relation to its calls. *See* 47 U.S.C. § 227(b)(3) (allowing for treble damages on a TCPA claim where defendant acted willfully or knowingly).

Defendant objects to these requests as irrelevant to the extent they do not relate to plaintiff or the proposed class and are not limited to the statute of limitations period. Notwithstanding this objection, defendant agreed to produce the policies, practices, and procedures that are relevant to plaintiff and states that it is conducting a "reasonable and diligent search ... and will continue to produce responsive documents to Plaintiff on a rolling basis." It states that, once it has confirmed that the located documents existed during the class period and were the actual policies at any point during the class period, it will produce them to plaintiff.

Plaintiff has met its burden of showing that the information she seeks is relevant to her claims, even though it is not limited to the class period. Information about defendant's policies, procedures, and actual practices–whether preceding or during the class period--is relevant to whether defendant's alleged TCPA violation was knowing or reckless. *See Edeh v. Midland Credit Mgt., Inc.*, 748 F. Supp. 2d 1030, 1045 (D. Minn. 2010) (holding that information about defendant's policies and procedures to avoid violating the TCPA and about what it told its employees with respect to the TCPA was relevant to whether defendant's TCPA violation was knowing or reckless).[2]

---

[2] Defendant had also objected to Document Request 6 to the extent that it seeks documents that are attorney-client privileged or work-product protected. Defendant clarified in its opposition to plaintiff's motion, however, that it is not

Defendant's statement that it will continue to comply with this request on a "rolling basis" is unreasonable. It has had since July 7, 2016, to respond to the requests. To the extent that defendant has not fully complied with them, it must do so within fourteen days of this Order.

**4. Information related to calling non-debtors and the TCPA: Document Requests 5, 9, and 11.**

In Document Requests 5, 9, and 11, plaintiff seeks any information that defendants have that pertains to the TCPA as well as documents that relate to the calling of non-debtors:

> REQUEST NO. 5.
> All documents that concern the possible or actual calling of non-debtors for collection purposes.
>
> REQUEST NO. 9.
> All emails and other documents that touch upon calling non-debtors in connection with collection of debts, regardless of whether such calls were intentionally made to non-debtors.
>
> REQUEST NO. 11.
> All documents pertaining to the TCPA, without regard to time.

Defendant objected to these requests as overbroad because they seek information regardless of whether the documents concern plaintiff or any member of the putative class, whether the calls were made using equipment used to make calls to plaintiff, or whether the calls were within the class period. In its brief in opposition to plaintiff's motion, defendant notes that it does not demarcate in a database the difference between calling "non-debtors" and people who simply stated that defendant called the wrong number. As such, locating non-debtors within the database would require an individualized inquiry of hundreds of thousands of records. Notwithstanding these objections, defendant agreed to produce any responsive, non-privileged

---

withholding any information based on privilege.

documents related to the calls made to plaintiff. It has now produced all such documents, including account notes and the audio recording of a call received from plaintiff.

Plaintiff's motion is denied with respect to these requests. None of the requests are tailored to the class period, and Document Request 11 is not tailored in any way. Moreover, defendant has shown that complying with the requests beyond what it already has done would be unduly burdensome.

**5. Relevant persons: Interrogatories 3 and 9**

In Interrogatories 3 and 9, plaintiff asks for the identities of defendant's personnel:

> INTERROGATORY 3
> Identify all persons who participated in outbound calls responsive to interrogatory 1, including for example: who was involved in deciding any campaign strategy, who loaded the numbers into any dialer, persons to whom calls may have been routed, and who drafted the marketing scripts. Include their names, titles, physical location and job description.
>
> INTERROGATORY 9
> Identify all persons who had responsibility for any aspect of outbound calling through use of pererecorded messages at any time between May 9, 2012 and May 9, 2016. Include third parties, former employees and current employees, including at least the following categories:
>
> a. Deciding what phone numbers to load into the dialer, or what numbers would be included in campaigns;
> b. Deciding what phone numbers should be called using prerecorded messages;
> c. Loading phone numbers into the dialer;
> d. Monitoring the dialer while it was engaged in campaigns;
> e. TCPA compliance.

Defendant objects that it does not maintain a database that allows it to search for the information responsive to Interrogatory 1 and that this information is irrelevant because "liability is not determined by the identity of the persons who made the calls." It also objects to Interrogatory 9 on the grounds that it is not limited to the calls made to plaintiff or the putative class members.

Defendant's objections are not well-taken. The fact that defendant does not maintain a database that can be queried for information responsive to Interrogatory 1 does not mean that it cannot identify individuals who were involved in deciding call campaign strategies, who loaded numbers into dialers, or who drafted the marketing scripts, or persons to whom calls may have been routed. The persons who were involved in defendant's day-to-day calling and compliance practices are likely to have relevant information about this case. Plaintiff's motion is therefore granted with respect to Interrogatories 3 and 9.

**6. Insurance Policy**

Federal Rule of Civil Procedure 26(a)(1)(A)(iv) requires a party to produce any insurance agreement that might afford coverage in a particular case. Defendant produced only three pages of its $10,000,000 insurance policy and argues that these are sufficient to allow plaintiff to determine whether insurance coverage is available in this case. Defendant has cited no legal authority that would allow it to produce only those portions of its policy that it deems relevant. Plaintiff's motion to compel is granted with respect to defendant's insurance policy. Defendant is hereby ordered to produce a complete copy of its policy.

**7. Complaints concerning debt collection calls: Interrogatory 4**

In interrogatory 4, plaintiff seeks information about complaints concerning calls to person who did not consent to receive them: "Identify all complaints of any kind (e.g., consumer, regulatory, pre-litigation, litigation) since January 1, 2011, concerning debt collection calls to persons who allegedly did not consent to receive such calls, and identify any action taken by you (or others on your behalf) with regard to such complaints."

Defendant objected to the interrogatory on a number of grounds, including that it is not

tailored to the proposed class period. Nevertheless, it identified other lawsuits involving claims similar to those at issue here. It also states that all federal court pleadings in which defendant has been a litigant are publicly available to plaintiff.

Interrogatory 4 seeks information that could have bearing on plaintiff's class claims as well as defendant's alleged willfulness in continuing to make calls after being put on notice that it lacks consent. Because the requested information is potentially relevant to willfulness, it need not be limited to the limitations period. The request is broader than the information that defendant has produced because it asks for all formal and informal complaints, which would include more than federal court litigation: state court lawsuits, regulatory correspondence, Better Business Bureau complaints, and correspondence from upset consumers who received wrong number calls. Therefore, plaintiff's motion to compel is granted as to Interrogatory 4.

**8. Sworn and Unsworn documents from dialer actions: Document Request 3**

Document Request 3 asks defendant to produce "[a]ll deposition transcripts, declarations, interrogatory responses, or any other sworn or unsworn materials relating to any TCPA matter, or any other case that concerns use of dialers or prerecorded messages during collection calls." The Court agrees with defendant that this request is overbroad because the request asks for documents regardless of whether the underlying action involved the TCPA, whether the information relates to plaintiff or the putative class, and whether the information relates to defendant.[3] Plaintiff's motion is denied with respect to Document Request 3.

---

[3] Subject to its objections, defendant states that it does not have any of the requested information for plaintiff or the putative class members.

**9. Contract with creditors: Document Request 7**

Document Request 7 asks defendant to produce "[a] copy of any contract or agreement with a creditor or other person that may have authorized you to make the calls responsive to interrogatory 1 on its behalf." Plaintiff argues that this information is relevant because creditors have liability for calls made on their behalf. Defendant objects to this request because it cannot identify all outbound calls to wrong numbers as requested in Interrogatory 1. It also objects on the basis that the request is overbroad because it seeks a copy of any contract, regardless of whether it relates to a creditor that provided numbers for plaintiff or the putative class and regardless of the time in which the numbers were provided. In its opposition brief, it also argues that the information that plaintiff seeks is irrelevant because it will not address whether defendant had prior consent to make the phone calls at issue in this case. Notwithstanding its objections, defendant identified the creditor who provided defendant with plaintiff's telephone number.

The Court has denied plaintiff's motion to compel with respect to Interrogatory 1; thus, it will not order defendant to produce copies of contracts with creditors who may have authorized it to make the calls responsive to Interrogatory 1. But defendant must produce a copy of its contract with the creditor who provided it with plaintiff's telephone number because this information may have bearing on liability issues in the case.

**10. Depositions**

The parties are in the process of scheduling depositions, but defendant has not told plaintiff its proposed location. Within three days of this Order, defendant must provide five available dates before December 31, 2016, and identify a proposed location within three days of

the date of this Order.

**CONCLUSION**

For the reasons set forth above, Plaintiff's Motion to Compel (Doc. 19) is GRANTED IN PART AND DENIED IN PART. Defendant is ordered to supplement its discovery responses consistent with the foregoing within fourteen days of the date this Order, unless otherwise indicated.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 11/10/16