

Dan Marovitch <dmarovitch@burkelawllc.com>

## RE: Discovery issues - meet and confer
1 message

**Alexander Burke** <ABurke@burkelawllc.com>  Mon, Mar 13, 2017 at 12:27 PM
To: "Barnett, Keith" <Keith.Barnett@troutmansanders.com>
Cc: Dan Marovitch <dmarovitch@burkelawllc.com>

Thanks Keith.

You're right about number 1, we suggested that UCB write a program to extract its autodialed and/or prerecorded calls. Number 2 is a proposed alternative, and we only want the data that would show the calls that matter to the case. You say we want the "all of UCB's databases." That's not accurate: We want the least amount of data that would allow us to determine how many, and which, calls were made using the dialer and/or with unattended messages.  As to number 3, we wanted a depo to discuss writing a program, not developing a query. I don't think a deposition will be helpful given your position below.

The option you left out below, which I previously suggested, was the possibility of going into class certification, with the agreement that at least minimal numerosity is met, and that the parties would run the program on UCB's data thereafter to determine the precise number of people who received dialer calls and prerecorded "foti" calls. To be clear, I don't think the list is necessary for certification purposes under Oppenheimer v. Sanders, 437 US 340 (1978), which holds that a class list is not generally "discovery," but I think it's good practice to obtain it before the close of discovery if practicable. Perhaps here it makes sense to defer performing the administrative task of generating the list of numbers until after certification.

Where does your client stand on that solution? Seems to me that this is the most efficient way to move forward.

Alex

### BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020

Chicago, IL 60601

(312) 729-5288

ABurke@BurkeLawLLC.com

www.BurkeLawLLC.com

**From:** Barnett, Keith [mailto:Keith.Barnett@troutmansanders.com]

**Sent:** Monday, March 13, 2017 12:15 PM
**To:** Alexander Burke
**Subject:** Discovery issues - meet and confer

Alex,

I apologize for not getting back to you on Friday.  To make sure we are on the same page, and I sure that you will correct me if I am not, plaintiff would like one or more of the following:

1.  UCB to write a program for its existing databases that will allow a query with respect to calls made using an system with the capacity to be an autodialer

2.  If UCB does not write the program, plaintiff is asking for access to all of UCB's databases so its expert can obtain the information in the databases and write the program

3.  A deposition of a UCB corporate representative on the issues concerning the queries that can be run in UCB's existing database

UCB has already produced the information as it is kept in the usual course of business in its database and has queried the information under the queries that can be performed.  Your request is beyond usual because it imposes an obligation that is not set forth in the FRCP or case law.  I have been trying to think of a reasonable compromise with respect to our latest discovery issue and I cannot think of one.  The system can only perform certain queries.  Rule 34 requires UCB to produce electronically stored information as it is kept in the usual course of business.  Rules 26 and 34 do not require a party to create a new program or allow the opposing party unfettered access to its databases that include irrelevant and personally identifiable information about persons who are not within the scope of the proposed class.

In order to comply with your request, UCB would have to shut down its databases for an indefinite period of time and try to come up with a way to write a program that does not exist and may not yield the results that you are looking for.  Your request is also disconcerting in light of the fact that some of UCB's databases contain personally identifiable information about people who are not likely class members.

Judge Gaughan's order on your motion to compel is instructive on this issue.  Judge Gaughan stated that "[t]he extent of the information that plaintiff requests in Interrogatory 1 and Discovery Request 2 as originally drafted is overly broad."  ECF 25 at p. 6. Judge Gaughan added that "Plaintiff purports to narrow her request to wrong number calls made to cell phones but still seeks to obtain detailed information related to each call.  Defendant, however, has no mechanism for culling the information that plaintiff seeks, even for this narrower subset of calls."  Id.  The Court concluded that UCB "has met its burden of showing that it would be unduly burdensome to require it to comb through 278,000 accounts to find responsive information."  Asking for a program to be created is even more extraordinary than your original discovery requests.

With respect to your deposition notice, it appears that you want to ask questions that you already asked—directly or peripherally—during the first deposition.  We are open to stipulating that you will not directly or peripherally ask the same or similar questions that you asked during the first deposition—namely about queries, UCB's databases and what queries are possible in the database.  You asked those questions and I answered your follow up questions that you emailed to me.  I would love to work this out with you, but not at the expense of providing you with multiple bites at the same apple.  Perhaps you can do a deposition with written questions and UCB will respond accordingly

provided that the questions are not duplicative or close to being duplicative of the questions that you have already asked.

Please do not hesitate to call or email me to discuss possible compromises.  If my analysis is based upon incorrect information as to what you are looking for, please let me know.

Thanks,

Keith


**Keith Barnett**

Direct: 404.885.3423

keith.barnett@troutmansanders.com

TROUTMAN SANDERS

600 Peachtree Street, NE, Suite 5200

Atlanta, GA 30308

troutmansanders.com   LinkedIn

CFS Law Monitor

Sent from Troutman Sanders

This e-mail message (and any attachments) from Troutman Sanders LLP may contain legally privileged and confidential information solely for the use of the intended recipient. If you received this message in error, please delete the message and notify the sender. Any unauthorized reading, distribution, copying, or other use of this message (and attachments) is strictly prohibited.