THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH MEREDITH, | ) | |
| Plaintiff, | ) | 1:16-cv-01102-PAG |
| | ) | |
| vs. | ) | |
| | ) | Judge Gaughan |
| UNITED COLLECTION BUREAU, INC., | ) | |
| Defendant. | ) | |

**DECLARATION OF JEFFREY A. HANSEN**
**IN SUPPORT OF PLAINTIFF'S MOTION TO COMPEL**

I, Jeffrey A. Hansen, hereby declare as follows:

1. I am the principal of Hansen Legal Technologies, Inc., a data analysis and e-discovery firm based in Spring Valley, California. I have served as an expert or consultant in dozens of class action lawsuits and as an expert or consultant in numerous other civil cases. I have more than a decade of experience in data warehousing and analysis.

2. I understand that Defendant United Collection Bureau, Inc. ("UCB") maintains account note data in its CUBS collection system, which includes information regarding calls it made using its dialer or with a prerecorded message. I am familiar with CUBS, and have dealt with it on multiple occasions in the course of my business.

3. I understand that, given the format in which the account notes are stored, UCB believes a program would need to be written to isolate dialer-made or prerecorded-message calls to wrong numbers from the other stored matter in its database.

4. Coding a program to search for particular elements in a database is generally a simple task—one which I have done on numerous occasions. I am confident that, if provided with sufficient information regarding UCB's use of the CUBS system and the meaning and relationship between applicable relevant codes and data, it would take only a few man-hours of

my time to write the program and initiate the query to identify prerecorded or dialer-made calls. I would then be able to match those account note records to the call records Defendant separately produced. This task is not difficult, and from his deposition it would seem that UCB's Chief Technology Officer Mark Beirdneau would also be able to do this with minimal time and effort.

     5.     Additionally, I understand that UCB's entire database is comprised of approximately two terabytes of data. While copying and producing only those portions of the database which are relevant to the intended query will reduce the time and resources needed to identify the data at issue—limitations I recommend and which I understand Plaintiff's counsel have requested—I will be able to process the database at this maximum extent, as well.

     6.     While I can write the program to search UCB's data if needed, I believe it would save both parties time and resources if UCB would simply write the program and run the necessary query, itself—including not only given the greater familiarity it has with its own system, but because doing so will mean it will not have to take time to explain its database to me and isolate those limited, relevant portions which the Plaintiff has requested. If the Court prefers, I am certainly willing to work with UCB to write the code directly.

     I declare under penalty of perjury that the foregoing is true and correct.

     Executed this 14th day of March, 2017.

     _____
     Jeffrey A. Hansen