**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH MEREDITH, | ) | |
| | ) | 1:16-cv-01102-PAG |
| Plaintiff, | ) | |
| | ) | Judge Gaughan |
| v. | ) | |
| | ) | |
| UNITED COLLECTION BUREAU, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNITED COLLECTION BUREAU'S OBJECTIONS AND RESPONSES**
**TO PLAINTIFF'S INTERROGATORIES**

Defendant United Collection Bureau, Inc., ("UCB" and/or "Defendant"), by counsel, submits the following objections and responses to Plaintiff Deborah Meredith's ("Plaintiff") Interrogatories.

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

Although UCB has made a diligent and good faith effort to obtain the information required to respond to Plaintiff's First Discovery Requests, discovery in this matter is ongoing, and UCB anticipates that additional information may be obtained which might affect the responses herein.  Moreover, UCB has not yet completed its investigation of this matter.  Accordingly, all of the following responses are given without prejudice to and with the express reservation of the right to rely upon any and all such information and documents at trial or otherwise.  Likewise, UCB shall not be prejudiced if any of its present objections and responses are based on an incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

UCB has also objected and responded to these requests based on its best, good faith understanding and interpretation of each item therein.  Accordingly, if Plaintiff subsequently

asserts a different interpretation than that presently understood by UCB, UCB reserves the right to supplement or amend these objections.

UCB further states that its responses are made without waiving any objections to the relevance, privilege, or admissibility of any information provided in response to Plaintiff's Requests in any subsequent proceeding or at the trial of this or any other action. A partial answer to any Request that has been objected to in whole or in part is not a waiver of that objection. By asserting various objections, UCB does not waive any other objections that may become applicable. UCB also reserves the right to supplement the objections and responses to these Requests pursuant to the *Federal Rules of Civil Procedure*.

Finally, UCB's responses to these Requests do not constitute admissions or acknowledgements that the information or documents sought are within the proper scope of discovery. Nor shall a statement that documents will be produced constitute an admission that such documents actually exist. Instead, it shall only mean that, if responsive documents exist, survive UCB's objections, and are in UCB's possession, custody, or control, they will be produced. Likewise, an objection to producing does not mean that documents otherwise responsive to a particular demand in fact exist.

UCB's objections herein are given without prejudice to UCB's right to provide subsequent relevant information and/or documents, or to add, modify, supplement, or otherwise change or amend its objections to the Requests as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery. The information contained in UCB's objections is also subject to correction for omissions or errors. On the grounds attorney notes, work product, and/or attorney-client

communications are or become responsive to any of the following requests, UCB expressly reserves it rights to assert such objections.

## GENERAL OBJECTIONS

The following General Objections are made as to each of Plaintiff's discovery requests. Where a Specific Objection is inserted in any response, that assertion does not waive other objections as to that discovery request.

1.      UCB objects to the discovery requests to the extent that they seek information that is not reasonably calculated to lead to the discovery of admissible evidence or that is otherwise irrelevant to the claims or defenses of Plaintiff and UCB.

2.      UCB objects to the discovery requests to the extent that they are unduly burdensome, harassing, and oppressive in that compliance would require UCB to undertake a burden or expense that is outweighed by its likely benefit.  The discovery requests are particularly unduly burdensome to the extent they request "all" or "every" or "each" bit of information on a particular topic.

3.      UCB objects to the discovery requests to the extent that they seek information outside of the relevant timeframe for this matter.

4.      UCB objects to the discovery requests to the extent that they seek information outside of Plaintiff's claim of alleged inaccurate information in her consumer report.

5.      UCB objects to the discovery requests to the extent that they seek material or information that is privileged by statute or common law, including privileged communications between attorney and client or information that constitutes protected work product.  Any material or information protected by privilege shall not be provided, and any inadvertent disclosure of material or information protected by the attorney-client privilege, the work product doctrine, or

any other privilege or protection from discovery is not intended and should not be construed to constitute a waiver, either generally or specifically, with respect to such information or material or the subject matter thereof, either in this action or any other federal or state action. All of the responses to these discovery requests are subject to objections as to privilege, and, by making these responses to the discovery requests; UCB is not waiving or failing to assert any privilege available to it.

6.    UCB objects to the discovery requests to the extent that they are vague and ambiguous and require UCB to speculate about their reasonable meaning. To the extent, if any, that UCB is able to fashion its own reasonable interpretation of any vague and ambiguous term or phrase, it shall not be bound by any inconsistent interpretation that Plaintiff applies.

7.    UCB objects to the discovery requests to the extent that they seek information that can be obtained more efficiently through other means of discovery, and to the extent they call for a lengthy factual narrative or itemization.

8.    UCB objects to the discovery requests to the extent that they seek information that constitutes, contains, or otherwise reflects confidential business, financial, commercial, or proprietary information. UCB has certain obligations of confidentiality to third parties relating to a variety of subjects, some of which may be sought by Plaintiff. UCB will disclose any such confidential information, if required, subject to a protective order in this case.

9.    UCB objects to the discovery requests to the extent that they seek disclosure by UCB of any information pertaining to any individual, customer or representative, member, partner or agent of UCB, the disclosure of which is or may be an invasion of his, her, or its privacy rights, or is privileged from discovery by applicable law. UCB further objects to the discovery requests to the extent that they seek disclosure of any other confidential personal or

financial information subject to state or federal privacy laws or other applicable privileges, immunities, laws, or regulations.  Any inadvertent disclosure of such private information shall not be deemed to be a waiver by UCB or the affected individual or entity of his, her, or its right to privacy.

10.    UCB objects to the discovery requests to the extent that they seek information more readily or equally available to Plaintiff through public records or sources, or through other sources.

11.    UCB objects to the discovery requests to the extent that they would require the production of documents in a manner other than a manner in which documents are kept in the ordinary course of business.

The General Objections are common to all discovery requests, and all answers of UCB to Plaintiffs' discovery requests are made subject to and without waiving each one of these objections.  UCB's objection to a discovery request also applies to any subparts contained in such request.  Where a specific objection is asserted in any answer, that assertion does not waive other objections regarding that discovery request.

## INTERROGATORIES

1.    Identify all outgoing calls (including attempted calls) for the set described below, including plaintiff.  Please include all data you have; by way of example, a complete answer is expected to include at least the following:

a.    <u>Dialer Info</u>.  Identification of the equipment, third party and/or software used to make the call (e.g. Noble, Livevox, Avatar, ytel, Five9, Guaranteed Contacts, Aspect, Avaya), and the location for call origination/dialer;

b.    <u>Call Data</u>.  Call detail information for the calls themselves, including the duration of the call, phone number called, the date and time of the call and the result of the call (e.g. no answer, message left, spoke with John Doe and he was not interested data, warm transfer etc.), and whom you spoke with, if anyone, and the substance of the conversation (including any request not to receive future communications);

c.    <u>Recipient</u>.  Identifying information for the person you were trying to reach (e.g. name, business name, address, email, fax number, all phone numbers);

d.    <u>Call Purpose</u>.  Information regarding the purpose of the call, including the creditor for whom the call was made, recording/script of what was said or intended to be said, recordings played, recording of the calls themselves,

e.    <u>Source of Phone Number</u>.  The source(s) where you obtained the telephone number called and the nature of such relationship and the facts and circumstances surrounding such;

f.    <u>Consent</u>.  Anything or testimony that may show the recipient's permission or consent to receive calls;

g.    <u>Vendors</u>.    All third parties (e.g. vendors, dialer companies or telephone companies) that were in any way involved with the call, for example, whose insurance policies you may have sold to call recipients;

h.    <u>Caller ID</u>.   Information concerning the caller identification programming and display for such calls;

i.    <u>Dialer Location</u>.   The physical location where any portion of such calls occurred (e.g. where the dialers are located, where the outbound call center is located, where the campaign was loaded into the dialer); and

j.    <u>Do Not Call Info</u>.   Data concerning whether any person called ever notified you that you were calling the wrong number, or requested that you not call them.

All persons in the United States who:  (a) UCB and/or someone on its behalf called at least twice; (b) and played the same or similarly created message to the voice mail left for plaintiff; (c) where the phone number was not obtained from the recipient of the call, as to the alleged debt being collected; (d) where at least one call was made on or after May 9, 2012.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it is vague and ambiguous. Defendant further objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Defendant states that, on January 21, 2016, January 26, 2016, and February 5, 2016, unanswered calls were made to telephone number Plaintiff's Number.  In response to Plaintiff's Request for Production of Documents, and subject to the entry of a protective order, Defendant will produce call logs revealing the numbers of the originating class and the length of the calls.  Defendant

further states that it had no records revealing that the wrong number was called, and Defendant believes that it had consent to call telephone number Plaintiff's Number when the calls were made.

2. Identify any third party associated in any way with any call responsive to interrogatory 1, and explain that third party's role in such call. We would expect a full answer to identify (for example but not by limitation) any of the following:

    a. Hosted or in-house dialers and/or vendors (e.g. Five9, Ytel; Guaranteed Contacts; Avaya, Aspect, Adeptra);

    b. Regulatory compliance (e.g. CompliancePoint, Neustar);

    c. Auditing of calls or calling practices (e.g. CompliancePoint);

    d. Entities concerning internal and/or national Do Not Call tracking;

    e. Law firms retained before this lawsuit was filed to do work associated with TCPA compliance;

    f. Phone, VoIP or similar companies involved procedurally as to such calls;

    g. Any other third party that may possess or have access to data concerning calls.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad. Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it is vague and ambiguous. Moreover, Defendant objects to this request on the ground that it seeks information subject to the attorney-client privilege or attorney work product doctrine. Subject to and without waiving its objections, Defendant states that it did not engage a third party to call telephone number Plaintiff's Number.

3.      Identify all persons who participated in outbound calls responsive to interrogatory 1, including for example:  who was involved in deciding any campaign strategy, who loaded the numbers into any dialer, persons to whom calls may have been routed, and who drafted the marketing scripts.  Include their names, titles, physical location and job description.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it is vague and ambiguous.

4.      Identify all complaints of any kind (e.g. consumer, regulatory, pre-litigation, litigation) since January 1, 2011, concerning debt collection calls to persons who allegedly did not consent to receive such calls, and identify any action taken by you (or others on your behalf) with regard to such complaints.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it is vague and ambiguous. Moreover, Defendant objects to this request on the ground that it seeks information subject to the attorney-client privilege or attorney work product doctrine.  Subject to and without waiving its objections, Defendant states that it did not receive an objection from Plaintiff before the calls were made.

5.      Identify by category and source (e.g. vendor) all sources where you obtained telephone numbers that may have been loaded into any dialer.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Identify and describe any and all databases, data tables, fields, data points and codes that existed and/or were maintained at any time since May 9, 2012, relating to telephone calls responsive to interrogatory 1.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

7.      Identify and describe any and all data tables, fields, data points and codes that existed and/or were maintained at any time since May 9, 2012, relating to whether you may have had consent to make the telephone calls responsive to interrogatory 1.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

8.      Identify all policies, practices and procedures relating to communicating with debtors, non-debtors or third parties, including notifications that you may have been calling a disconnected, changed or otherwise wrong number.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

9.      Identify all persons who had responsibility for any aspect of outbound calling through use of prerecorded messages at any time between May 9, 2012 and May 9, 2016. Include third parties, former employees and current employees, including at least the following categories:

a.      Deciding what phone numbers to load into the dialer, or what numbers would be included in campaigns;

b.      Deciding what phone numbers should be called using prerecorded messages;

c.      Loading phone numbers into the dialer;

d.      Monitoring the dialer while it was engaged in campaigns;

e.      TCPA Compliance.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. UCB objects to this interrogatory as exceeding the number of interrogatories permitted by Rule 33. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably

calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it is vague and ambiguous.

10.     With respect to each expert, retained or non retained, whom you will or may call upon to give evidence or testimony in connection with this case, please state:  (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. UCB objects to this interrogatory as exceeding the number of interrogatories permitted by Rule 33. UCB also objects to this interrogatory as premature pursuant to the Court's June 3, 2016, Scheduling Order.  Subject to and without waiving its objections, Defendant states that it has not engaged an expert witness and will supplement its response to this Interrogatory if an expert is engaged.

Dated:  August 22, 2016

/s/ Keith J. Barnett

Keith J. Barnett (*admitted pro hac vice*)
Lindsey B. Mann (*admitted pro hac vice*)
TROUTMAN SANDERS LLP
600 Peachtree Street NE, Suite 5200
Atlanta, GA 30308
(404) 885-3000
keith.barnett@troutmansanders.com
lindsey.mann@troutmansanders.com

Ethan G. Ostroff (*admitted pro hac vice*)
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
(757) 687-7500
ethan.ostroff@troutmansanders.com

Andrew M. Schwartz
Jason P. Ferrante
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
127 Public Square, Suite 3510
Cleveland, OH 44114

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2016, a true and correct copy of the foregoing was

sent by electronic mail and U.S. mail, postage prepaid to the following counsel of record:

Larry P. Smith
David Marco
SMITHMARCO, P.C.
20 So. Clark St., Suite 2120
(888) 822-1777
lsmith@smithmarco.com
dmarco@smithmarco.com

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
ABurke@BurkeLawLLC.com

*/s/ Lindsey B. Mann*
Lindsey B. Mann

*Counsel for Defendant*

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH MEREDITH, | ) | |
| | ) | 1:16-cv-01102-PAG |
| Plaintiff, | ) | |
| | ) | Judge Gaughan |
| v. | ) | |
| | ) | |
| UNITED COLLECTION BUREAU, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNITED COLLECTION BUREAU'S OBJECTIONS AND RESPONSES**
**TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant United Collection Bureau, Inc., ("UCB" and/or "Defendant"), by counsel, submits the following objections and responses to Plaintiff Deborah Meredith's ("Plaintiff") Requests for Production of Documents.

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

Although UCB has made a diligent and good faith effort to obtain the information required to respond to Plaintiff's First Discovery Requests, discovery in this matter is ongoing, and UCB anticipates that additional information may be obtained which might affect the responses herein. Moreover, UCB has not yet completed its investigation of this matter. Accordingly, all of the following responses are given without prejudice to and with the express reservation of the right to rely upon any and all such information and documents at trial or otherwise. Likewise, UCB shall not be prejudiced if any of its present objections and responses are based on an incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

UCB has also objected and responded to these requests based on its best, good faith understanding and interpretation of each item therein. Accordingly, if Plaintiff subsequently

asserts a different interpretation than that presently understood by UCB, UCB reserves the right to supplement or amend these objections.

UCB further states that its responses are made without waiving any objections to the relevance, privilege, or admissibility of any information provided in response to Plaintiff's Requests in any subsequent proceeding or at the trial of this or any other action.  A partial answer to any Request that has been objected to in whole or in part is not a waiver of that objection.  By asserting various objections, UCB does not waive any other objections that may become applicable.  UCB also reserves the right to supplement the objections and responses to these Requests pursuant to the *Federal Rules of Civil Procedure*.

Finally, UCB's responses to these Requests do not constitute admissions or acknowledgements that the information or documents sought are within the proper scope of discovery.  Nor shall a statement that documents will be produced constitute an admission that such documents actually exist.  Instead, it shall only mean that, if responsive documents exist, survive UCB's objections, and are in UCB's possession, custody, or control, they will be produced.  Likewise, an objection to producing does not mean that documents otherwise responsive to a particular demand in fact exist.

UCB's objections herein are given without prejudice to UCB's right to provide subsequent relevant information and/or documents, or to add, modify, supplement, or otherwise change or amend its objections to the Requests as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery.  The information contained in UCB's objections is also subject to correction for omissions or errors.  On the grounds attorney notes, work product, and/or attorney-client

communications are or become responsive to any of the following requests, UCB expressly reserves it rights to assert such objections.

## **GENERAL OBJECTIONS**

The following General Objections are made as to each of Plaintiff's discovery requests. Where a Specific Objection is inserted in any response, that assertion does not waive other objections as to that discovery request.

1.      UCB objects to the discovery requests to the extent that they seek information that is not reasonably calculated to lead to the discovery of admissible evidence or that is otherwise irrelevant to the claims or defenses of Plaintiff and UCB.

2.      UCB objects to the discovery requests to the extent that they are unduly burdensome, harassing, and oppressive in that compliance would require UCB to undertake a burden or expense that is outweighed by its likely benefit.   The discovery requests are particularly unduly burdensome to the extent they request "all" or "every" or "each" bit of information on a particular topic.

3.      UCB objects to the discovery requests to the extent that they seek information outside of the relevant timeframe for this matter.

4.      UCB objects to the discovery requests to the extent that they seek information outside of Plaintiff's claim of alleged inaccurate information in her consumer report.

5.      UCB objects to the discovery requests to the extent that they seek material or information that is privileged by statute or common law, including privileged communications between attorney and client or information that constitutes protected work product.  Any material or information protected by privilege shall not be provided, and any inadvertent disclosure of material or information protected by the attorney-client privilege, the work product doctrine, or

any other privilege or protection from discovery is not intended and should not be construed to constitute a waiver, either generally or specifically, with respect to such information or material or the subject matter thereof, either in this action or any other federal or state action.  All of the responses to these discovery requests are subject to objections as to privilege, and, by making these responses to the discovery requests; UCB is not waiving or failing to assert any privilege available to it.

6.     UCB objects to the discovery requests to the extent that they are vague and ambiguous and require UCB to speculate about their reasonable meaning.  To the extent, if any, that UCB is able to fashion its own reasonable interpretation of any vague and ambiguous term or phrase, it shall not be bound by any inconsistent interpretation that Plaintiff applies.

7.     UCB objects to the discovery requests to the extent that they seek information that can be obtained more efficiently through other means of discovery, and to the extent they call for a lengthy factual narrative or itemization.

8.     UCB objects to the discovery requests to the extent that they seek information that constitutes, contains, or otherwise reflects confidential business, financial, commercial, or proprietary information.  UCB has certain obligations of confidentiality to third parties relating to a variety of subjects, some of which may be sought by Plaintiff.  UCB will disclose any such confidential information, if required, subject to a protective order in this case.

9.     UCB objects to the discovery requests to the extent that they seek disclosure by UCB of any information pertaining to any individual, customer or representative, member, partner or agent of UCB, the disclosure of which is or may be an invasion of his, her, or its privacy rights, or is privileged from discovery by applicable law.  UCB further objects to the discovery requests to the extent that they seek disclosure of any other confidential personal or

financial information subject to state or federal privacy laws or other applicable privileges, immunities, laws, or regulations.  Any inadvertent disclosure of such private information shall not be deemed to be a waiver by UCB or the affected individual or entity of his, her, or its right to privacy.

10.     UCB objects to the discovery requests to the extent that they seek information more readily or equally available to Plaintiff through public records or sources, or through other sources.

11.     UCB objects to the discovery requests to the extent that they would require the production of documents in a manner other than a manner in which documents are kept in the ordinary course of business.

The General Objections are common to all discovery requests, and all answers of UCB to Plaintiffs' discovery requests are made subject to and without waiving each one of these objections.  UCB's objection to a discovery request also applies to any subparts contained in such request. Where a specific objection is asserted in any answer, that assertion does not waive other objections regarding that discovery request.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All documents, records, data, recordings and other materials relating to plaintiff, account number ████████, or cell number ▉Plaintiff's Number▉, which are indexed, filed or retrievable under any of them, or any number, symbol, designation or code (such as an account number or Social Security number) associated with any of them.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Defendant states that it will produce non-privileged documents related to Plaintiff and telephone number ▉Plaintiff's Number▉ which are responsive to this request, if any exist, subject to a mutually agreeable protective order.

2.      All documents or data that concern or relate to any phone call, person or phone number responsive to interrogatory 1, such as call detail records, documents concerning where the phone number was obtained, documentation of whether you were on notice that the phone number was and documentation that shows you may have had consent to make such calls.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Defendant states that it will produce non-privileged documents related to Plaintiff and telephone number Plaintiff's Number which are responsive to this request, if any exist, subject to a mutually agreeable protective order.

3.      All deposition transcripts, declarations, interrogatory responses, or any other sworn or unsworn materials relating to any TCPA matter, or any other case that concerns use of dialers or prerecorded messages during collection calls.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it is vague and ambiguous.

4.      A key for your database, as well as any other documents that may assist one in understanding any data, codes, columns, field names or other abbreviated matter pertinent to this case, including for example information and documents responsive to interrogatory 1, including for example a data dictionary, database schema, list of data tables, or explanation of data points.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

5.      All documents that concern the possible or actual calling of non-debtors for collection purposes.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Defendant states that it will produce non-privileged documents related to Plaintiff which are responsive to this request, if any exist, subject to a mutually agreeable protective order.

6.      All policy, practice or procedure related documents (including email) that pertain or apply to defendant or any vendor making debt collection telephone calls.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this request on the ground that it seeks information subject to the attorney-client privilege or attorney work product doctrine.

7.      A copy of any contract or agreement with a creditor or other person that may have authorized you to make the calls responsive to interrogatory 1, on its behalf.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to

this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

8.     All communications with any creditor or other person on whose behalf any call responsive to interrogatory 1 was made.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it seeks information subject to the attorney-client privilege or attorney work product doctrine. Finally, Defendant objects to this request on the ground that it is unduly burdensome and oppressive.

9.     All emails and other documents that touch upon calling non-debtors in connection with collection of debts, regardless of whether such calls were intentionally made to non-debtors.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it seeks information subject to the attorney-client privilege or attorney work product doctrine. Finally, Defendant objects to this request on the ground that it is unduly burdensome and oppressive.

10.     All documents received from third parties that relate to this case, without regard to time.  Responsive materials would include, for example, letters from third parties, letters from counsel and responses to subpoenas.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it is vague and ambiguous. Moreover, Defendant objects to this request on the ground that it seeks information subject to the attorney-client privilege or attorney work product doctrine. Finally, Defendant objects to this request on the ground that it is unduly burdensome and oppressive.

11.     All documents pertaining to the TCPA, without regard to time.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it is vague and ambiguous. Moreover, Defendant objects to this request on the ground that it seeks information subject to the attorney-client privilege or attorney work product doctrine. Finally, Defendant objects to this request on the ground that it is unduly burdensome and oppressive.

Dated:  August 22, 2016

*/s/ Keith J. Barnett*

Keith J. Barnett (*admitted pro hac vice*)
Lindsey B. Mann (*admitted pro hac vice*)
TROUTMAN SANDERS LLP
600 Peachtree Street NE, Suite 5200
Atlanta, GA 30308
(404) 885-3000
keith.barnett@troutmansanders.com
lindsey.mann@troutmansanders.com

Ethan G. Ostroff (*admitted pro hac vice*)
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
(757) 687-7500
ethan.ostroff@troutmansanders.com

Andrew M. Schwartz
Jason P. Ferrante
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
127 Public Square, Suite 3510
Cleveland, OH 44114

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 22, 2016, a true and correct copy of the foregoing was

sent by electronic mail and U.S. mail, postage prepaid to the following counsel of record:

Larry P. Smith
David Marco
SMITHMARCO, P.C.
20 So. Clark St., Suite 2120
(888) 822-1777
lsmith@smithmarco.com
dmarco@smithmarco.com

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
ABurke@BurkeLawLLC.com

*/s/ Lindsey B. Mann*
Lindsey B. Mann

*Counsel for Defendant*

28764390

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH MEREDITH, | ) | |
| | ) | 1:16-cv-01102-PAG |
| Plaintiff, | ) | |
| | ) | Judge Gaughan |
| v. | ) | |
| | ) | |
| UNITED COLLECTION BUREAU, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNITED COLLECTION BUREAU'S SUPPLEMENTAL**
**RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES**

Defendant United Collection Bureau, Inc., ("UCB" and/or "Defendant"), by counsel, supplements its responses and objections to Plaintiff Deborah Meredith's ("Plaintiff") Interrogatories, as stated below.  The responses are based on information currently known to UCB, and UCB reserves the right to amend or supplement these responses, to the extent necessary, based on any subsequently discovered documents, facts, or information.  UCB hereby adopts and incorporates by reference the Preliminary Statement and Reservation of Rights, the General Objections, and the specific objections set forth in the Responses and Objections served on August 22, 2016.

SUPPLEMENTAL RESPONSES AND OBJECTIONS

**Interrogatory No. 1:**

Identify all outgoing calls (including attempted calls) for the set described below, including plaintiff.  Please include all data you have; by way of example, a complete answer is expected to include at least the following:

a.   Dialer Info.  Identification of the equipment, third party and/or software used to make the call (e.g. Noble, Livevox, Avatar, ytel, Five9, Guaranteed Contacts, Aspect, Avaya), and the location for call origination/dialer;

b.     <u>Call Data</u>.  Call detail information for the calls themselves, including the duration of the call, phone number called, the date and time of the call and the result of the call (e.g. no answer, message left, spoke with John Doe and he was not interested data, warm transfer etc.), and whom you spoke with, if anyone, and the substance of the conversation (including any request not to receive future communications);

c.     <u>Recipient</u>.  Identifying information for the person you were trying to reach (e.g. name, business name, address, email, fax number, all phone numbers);

d.     <u>Call Purpose</u>.  Information regarding the purpose of the call, including the creditor for whom the call was made, recording/script of what was said or intended to be said, recordings played, recording of the calls themselves;

e.     <u>Source of Phone Number</u>.  The source(s) where you obtained the telephone number called and the nature of such relationship and the facts and circumstances surrounding such;

f.     <u>Consent</u>.  Anything or testimony that may show the recipient's permission or consent to receive calls;

g.     <u>Vendors</u>.  All third parties (e.g. vendors, dialer companies or telephone companies) that were in any way involved with the call, for example, whose insurance policies you may have sold to call recipients;

h.     <u>Caller ID</u>.  Information concerning the caller identification programming and display for such calls;

i.     <u>Dialer Location</u>.  The physical location where any portion of such calls occurred (e.g. where the dialers are located, where the outbound call center is located, where the campaign was loaded into the dialer); and

j.     <u>Do Not Call Info</u>.  Data concerning whether any person called ever notified you that you were calling the wrong number, or requested that you not call them.

All persons in the United States who:  (a) UCB and/or someone on its behalf called at least twice; (b) and played the same or similarly created message to the voice mail left for plaintiff; (c) where the phone number was not obtained from the recipient of the call, as to the alleged debt being collected; (d) where at least one call was made on or after May 9, 2012.

**RESPONSE:**

Defendant objects to Interrogatory No. 1 on the ground that it is overly broad because it seeks information that is relevant (dialer information, consent for calls made to Plaintiff using an automated dialer or prerecorded message) and irrelevant (information on all outgoing calls made over a four-year period, vendors, caller ID, recipient of the calls, do not call information, dialer location, script for the calls, etc.).  With respect to the latter, Defendant further objects to Interrogatory No. 1 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to Interrogatory No. 1 on the ground that it is vague and ambiguous because it uses terms of art or legal terms that are subject to multiple interpretations.

Subject to and without waiving its objections, Defendant states that, on January 21, 2016, January 26, 2016, and February 5, 2016, unanswered calls were made to telephone number ██ [Plaintiff's Number] regarding a past due account.  In response to Plaintiff's Request for Production of Documents, and subject to the parties' Stipulated Protective Order, Defendant has produced call logs revealing the numbers of the originating class and the length of the calls.  Defendant further states that it has no records revealing that the wrong number was called, but discovery and investigation are ongoing with respect to whether Plaintiff was the intended recipient of the phone call.  Defendant believes that consent to call telephone number [Plaintiff's Number] was given by the debtor when the debtor provided the phone number to the creditor.

**Interrogatory No. 2:**

Identify any third party associated in any way with any call responsive to interrogatory 1, and explain that third party's role in such call.  We would expect a full answer to identify (for example but not by limitation) any of the following:

a.    Hosted or in-house dialers and/or vendors (e.g. Five9, Ytel; Guaranteed Contacts; Avaya, Aspect, Adeptra);

3

b.       Regulatory compliance (e.g. CompliancePoint, Neustar);

c.       Auditing of calls or calling practices (e.g. CompliancePoint);

d.       Entities concerning internal and/or national Do Not Call tracking;

e.       Law firms retained before this lawsuit was filed to do work associated with TCPA compliance;

f.       Phone, VoIP or similar companies involved procedurally as to such calls;

g.       Any other third party that may possess or have access to data concerning calls.

**RESPONSE:**

Defendant objects to Interrogatory No. 2 on the ground that it is overly broad because it seeks information that is relevant (whether a third party made the alleged calls) and irrelevant (information sought in subsections b-f).  With respect to the latter, Defendant also objects to Interrogatory No. 2 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to Interrogatory No. 2 on the ground that it is vague and ambiguous because it uses terms of art or legal terms that are subject to multiple interpretations.  Moreover, Defendant objects to Interrogatory No. 2 on the ground that it seeks information subject to the attorney-client privilege or attorney work product doctrine, including in particular information regarding communications between law firms and their clients concerning TCPA compliance.

Subject to and without waiving its objections, Defendant states that it did not engage a third party to call telephone number Plaintiff's Number .  Defendant further states that it did not use or retain a third party for regulatory compliance, auditing of calls, or tracking those who indicated that they do not want to be called.  Defendant did not retain any law firm before this lawsuit was filed to do work associated with TCPA compliance.  Defendant states that the telephone service

4

provider used was XO Communications.  Finally, Defendant states that it is not aware of any other third parties who may possess or have access to data concerning calls made to telephone number Plaintiff's Number.

**Interrogatory No. 3:**

> Identify all persons who participated in outbound calls responsive to interrogatory 1, including for example:  who was involved in deciding any campaign strategy, who loaded the numbers into any dialer, persons to whom calls may have been routed, and who drafted the marketing scripts.  Include their names, titles, physical location and job description.

**RESPONSE:**

Defendant objects to Interrogatory No. 3 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because none of the information Plaintiff is seeking is calculated to elicit information regarding the intended recipient of the calls, the purpose of the calls, the type of dialer used, the number of calls made, and whether there was consent.  Defendant further objects to Interrogatory No. 3 on the ground that the term "campaign strategy" is vague and ambiguous.  As a result, Defendant is forced to speculate as to the information Plaintiff seeks to ascertain.

**Interrogatory No. 4:**

> Identify all complaints of any kind (e.g. consumer, regulatory, pre-litigation, litigation) since January 1, 2011, concerning debt collection calls to persons who allegedly did not consent to receive such calls, and identify any action taken by you (or others on your behalf) with regard to such complaints.

**RESPONSE:**

Defendant objects to Interrogatory No. 4 on the ground that it is overly broad because it seeks information that is relevant (whether calls made to the plaintiff were made with consent) and irrelevant (complaints of any kind, information beyond the time period of the proposed class and statute of limitations).  With respect to the latter, Defendant also objects to Interrogatory No.

4 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to Interrogatory No. 4 on the ground that the terms "consent" and "action" are vague and ambiguous.  As a result, Defendant is forced to speculate as to the information that Plaintiff seeks to ascertain.  Moreover, Defendant objects to Interrogatory No. 4 on the ground that it seeks information subject to the attorney-client privilege or attorney work product doctrine to the extent that the alleged complaints were discussed with counsel.

Subject to and without waiving its objections, Defendant states that it did not receive an objection from Plaintiff before the calls were made, and Defendant called the number provided by the debtor.

**Interrogatory No. 5:**

Identify by category and source (e.g. vendor) all sources where you obtained telephone numbers that may have been loaded into any dialer.

**RESPONSE:**

Defendant objects to Interrogatory No. 5 on the ground that it is overly broad because it seeks information that is relevant (consent to call Plaintiff) and irrelevant (all sources where Defendant obtained telephone numbers that may have been loaded into a dialer irrespective of whether the telephone numbers relate to persons who are proposed members of the class or to calls made within the statute of limitations).  With respect to the latter, Defendant also objects to Interrogatory No. 5 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Defendant states that it received telephone number Plaintiff's Number from the creditor after the debtor provided the number to the creditor.

**Interrogatory No. 6:**

Identify and describe any and all databases, data tables, fields, data points and codes that existed and/or were maintained at any time since May 9, 2012, relating to telephone calls responsive to interrogatory 1.

**RESPONSE:**

Defendant objects to Interrogatory No. 6 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence because none of the information Plaintiff is seeking is calculated to elicit information regarding the intended recipient of the calls, the purpose of the calls, the type of dialer used, the number of calls made, and whether there was consent. Defendant further objects to Interrogatory No. 6 on the ground that the phrase "data tables, fields, data points and codes that existed and/or were maintained" is vague and ambiguous. As a result, Defendant is forced to speculate as to the information that Plaintiff seeks to ascertain.

Subject to and without waiving its objections, Defendant states that, if Plaintiff has questions concerning the abbreviations used in the documents that Defendant has produced and will produce, Defendant requests that Plaintiff send Defendant a written communication identifying which abbreviations need clarification, and Defendant will clarify the abbreviation.

**Interrogatory No. 7:**

Identify and describe any and all data tables, fields, data points and codes that existed and/or were maintained at any time since May 9, 2012, relating to whether you may have had consent to make the telephone calls responsive to interrogatory 1.

**RESPONSE:**

Defendant objects to Interrogatory No. 7 on the ground that it is overly broad because it seeks information that is relevant (consent concerning the calls made to Plaintiff) and irrelevant (certain portions of the interrogatory do not elicit a response that will assist the trier of fact to

determine the type of dialer used and the number of calls, and information about all databases related to every call irrespective of whether the calls concern a person who is a member of the class.) With respect to the later, Defendant also objects to Interrogatory No. 7 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Interrogatory No. 7 on the grounds that the phrase "data tables, fields, data points and codes that existed and/or were maintained" is vague and ambiguous. As a result, Defendant is forced to speculate as to the information that Plaintiff seeks to ascertain.

Subject to and without waiving its objections, Defendant states that, if Plaintiff has questions concerning the abbreviations used in the documents that Defendant has produced and will produce, Defendant requests that Plaintiff send Defendant a written communication identifying which abbreviations need clarification, and Defendant will clarify the abbreviation.

**Interrogatory No. 8:**

Identify all policies, practices and procedures relating to communicating with debtors, non-debtors or third parties, including notifications that you may have been calling a disconnected, changed or otherwise wrong number.

**RESPONSE:**

Defendant objects to Interrogatory No. 8 on the ground that it is overly broad because it seeks information that is relevant (consent to make the calls) and irrelevant (all policies, practices, and procedures relating to communicating with debtors, non-debtors, or third parties, including notifications that Defendant may have been calling a disconnected, changed, or otherwise wrong number irrespective of time, statute of limitations, connection with Plaintiff, connection with the proposed class, etc.). With respect to the later, Defendant also objects to

Interrogatory No. 8 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, Defendant states that it has produced and will produce all documents concerning Plaintiff in its possession, custody, or control.

**Interrogatory No. 9:**

Identify all persons who had responsibility for any aspect of outbound calling through use of prerecorded messages at any time between May 9, 2012 and May 9, 2016.   Include third parties, former employees and current employees, including at least the following categories:

a.     Deciding what phone numbers to load into the dialer, or what numbers would be included in campaigns;

b.     Deciding what phone numbers should be called using prerecorded messages;

c.     Loading phone numbers into the dialer;

d.     Monitoring the dialer while it was engaged in campaigns;

e.     TCPA Compliance.

**RESPONSE:**

Defendant objects to Interrogatory No. 9 on the ground that it exceeds the number of interrogatories permitted by Rule 33.  As a result, a substantive response to this interrogatory is not required.   Defendant further objects to Interrogatory No. 9 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence to the extent that it does not matter who performed the tasks set forth in this interrogatory.  Defendant also objects to Interrogatory No. 9 on the ground that the terms "any responsibility" and "campaigns" are vague and ambiguous.  As a result, Defendant is forced to

9

speculate as to the information Plaintiff seeks to ascertain. In addition, Defendant objects to Interrogatory No. 9 on the ground that it is duplicative of Interrogatory Nos. 2 and 3.

**Interrogatory No. 10:**

> With respect to each expert, retained or non retained, whom you will or may call upon to give evidence or testimony in connection with this case, please state: (a) his name, address, telephone number, occupation, and current employment; (b) the subject matter of his expertise; (c) his educational background, academic degrees, employment history, employment experience, and any other matters which you contend qualify him as an expert; (d) the substance of all facts and opinions to which he could testify if called as a witness; (e) a summary of the grounds for each such opinion.

**RESPONSE:**

Defendant objects to Interrogatory No. 10 on the ground that it exceeds the number of interrogatories permitted by Rule 33. As a result, a substantive response to this interrogatory is not required. Defendant also objects to Interrogatory No. 10 on the ground that it is premature pursuant to the Court's June 3, 2016, Scheduling Order.

Dated: October 17, 2016

<div style="margin-left:40%">

*/s/ Keith J. Barnett*
Keith J. Barnett (*admitted pro hac vice*)
Lindsey B. Mann (*admitted pro hac vice*)
TROUTMAN SANDERS LLP
600 Peachtree Street NE, Suite 5200
Atlanta, GA 30308
(404) 885-3000
keith.barnett@troutmansanders.com
lindsey.mann@troutmansanders.com

Ethan G. Ostroff (*admitted pro hac vice*)
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
(757) 687-7500
ethan.ostroff@troutmansanders.com

</div>

Andrew M. Schwartz
Jason P. Ferrante
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
127 Public Square, Suite 3510
Cleveland, OH 44114

*Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 17, 2016, a true and correct copy of the foregoing was

sent by electronic mail and U.S. mail, postage prepaid to the following counsel of record:

Larry P. Smith
David Marco
SMITHMARCO, P.C.
20 So. Clark St., Suite 2120
(888) 822-1777
lsmith@smithmarco.com
dmarco@smithmarco.com

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
ABurke@BurkeLawLLC.com

*/s/ Lindsey B. Mann*
Lindsey B. Mann

*Counsel for Defendant*

28764390                                           12

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH MEREDITH, | ) | |
| | ) | 1:16-cv-01102-PAG |
| Plaintiff, | ) | |
| | ) | Judge Gaughan |
| v. | ) | |
| | ) | |
| UNITED COLLECTION BUREAU, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNITED COLLECTION BUREAU'S SUPPLEMENTAL RESPONSES AND**
**OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant United Collection Bureau, Inc., ("UCB" and/or "Defendant"), by counsel, hereby supplements its responses to Plaintiff Deborah Meredith's ("Plaintiff") Requests for Production of Documents. The responses are based on information currently known to UCB, and UCB reserves the right to amend or supplement these responses, to the extent necessary, based on any subsequently discovered documents, facts, or information. UCB hereby adopts and incorporates by reference the Preliminary Statement and Reservation of Rights, General Objections, and specific objections set forth n the Responses and Objections served on August 22, 2016.

SUPPLEMENTAL RESPONSES AND OBJECTIONS

**Request No. 1:**

All documents, records, data, recordings and other materials relating to plaintiff, account number ███████, or cell number ████████████, which are indexed, filed or retrievable under any of them, or any number, symbol, designation or code (such as an account number or Social Security number) associated with any of them.

**RESPONSE:**

Defendant will produce non-privileged documents related to Plaintiff and telephone number Plaintiff's Number which are responsive to this request, if any exist, subject to the parties' stipulated Protective Order.

**Request No. 2:**

> All documents or data that concern or relate to any phone call, person or phone number responsive to interrogatory 1, such as call detail records, documents concerning where the phone number was obtained, documentation of whether you were on notice that the phone number was and documentation that shows you may have had consent to make such calls.

**RESPONSE:**

Defendant will produce non-privileged documents related to Plaintiff and telephone number Plaintiff's Number which are responsive to this request, if any exist, subject to the parties' stipulated Protective Order.

**Request No. 3:**

> All deposition transcripts, declarations, interrogatory responses, or any other sworn or unsworn materials relating to any TCPA matter, or any other case that concerns use of dialers or prerecorded messages during collection calls.

**RESPONSE:**

Defendant objects to Request No. 3 on the ground that it is overly broad because it seeks information that is both relevant (information about calls made to the plaintiff using an automated dialer or prerecorded message) and irrelevant (all deposition transcripts, declarations, interrogatory responses, or any other sworn or unsworn materials relating to any TCPA matter irrespective if the information relates to Plaintiff, irrespective of whether the information relates to Defendant or any other entity accused of violating the TCPA, irrespective of the statute of limitations or time period of the proposed class).  With respect to the latter, Defendant also

objects to Request No. 3 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Defendant states that it does not have any  of the requested information related to Plaintiff or proposed class members.

**Request No. 4:**

> A key for your database, as well as any other documents that may assist one in understanding any data, codes, columns, field names or other abbreviated matter pertinent to this case, including for example information and documents responsive to interrogatory 1, including for example a data dictionary, database schema, list of data tables, or explanation of data points.

**RESPONSE:**

Defendant objects to Request No. 4 on the ground that it is overly broad because it seeks information that is both relevant (information that will assist Plaintiff in understanding the documents pertaining to her) and irrelevant (a "key" for Defendant's entire database irrespective of whether it concerns the claims alleged in this lawsuit with no time limitation about calls made to Plaintiff using an automated dialer or prerecorded message).  With respect to the latter, Defendant also objects to Request No. 4 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to Request No. 4 on the ground that the phrases "data, codes, columns, field names or other abbreviated matter" and "data dictionary, database schema, list of data tables, or explanation of data points" are vague and ambiguous.  As a result, Defendant is forced to speculate as to the information that Plaintiff seeks to ascertain.

Subject to and without waiving its objections, Defendant states that it will provide a written document describing any codes or abbreviations used with respect to the documents that it produces to Plaintiff for any codes or abbreviations that Plaintiff does not understand.

**Request No. 5:**

    All documents that concern the possible or actual calling of non-debtors for collection purposes.

**RESPONSE:**

    Defendant objects to Request No. 5 on the ground that it is overly broad because it seeks information that is both relevant (information about calls to Plaintiff to the extent that she claims she is a non-debtor) and irrelevant (all documents that concern the possible or actual calling of non-debtors irrespective of whether the documents concern a party to this lawsuit, the statute of limitations, or proposed class). With respect to the latter, Defendant also objects to Request No. 5 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

    Subject to and without waiving its objections, Defendant states that it will produce non-privileged documents related to Plaintiff which are responsive to this request, if any exist, subject to the parties' stipulated Protective Order.

**Request No. 6:**

    All policy, practice or procedure related documents (including email) that pertain or apply to defendant or any vendor making debt collection telephone calls.

**RESPONSE:**

    Defendant objects to Request No. 6 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence (including but not limited to documents constituting any policy, practice or procedure that pertain or apply to Defendant or any vendor making telephone calls regarding past due accounts irrespective of whether the calls apply to Plaintiff, the statute of limitations, and whether the requests seeks documents within the class period.) Defendant further objects to Request No. 6

on the ground that it seeks information subject to the attorney-client privilege or attorney work product doctrine to the extent that Plaintiff is seeking communications between Defendant and its counsel.

**Request No. 7:**

A copy of any contract or agreement with a creditor or other person that may have authorized you to make the calls responsive to interrogatory 1, on its behalf.

**RESPONSE:**

Defendant objects to Request No. 7 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. A request for all contracts with creditors irrespective of the identity of the debtor and without regard to the statute of limitations or proposed class period does not elicit information as to whether Defendant had consent to call Plaintiff.

Subject to and without waiving its objections, Defendant will produce non-privileged documents related to Plaintiff and telephone number Plaintiff's Number which are responsive to this request, if any exist, subject to the parties' stipulated Protective Order.

**Request No. 8:**

All communications with any creditor or other person on whose behalf any call responsive to interrogatory 1 was made.

**RESPONSE:**

Defendant objects to Request No. 8 on the ground that it is overly broad because it seeks information that is both relevant (information received about Plaintiff's phone number from a creditor) and irrelevant (all communications with creditors irrespective of the identity of the debtor and without regard to the statute of limitations or proposed class period). With respect to the latter, Defendant also objects to Request No. 8 on the ground that it seeks information that is

irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to Request No. 8 on the ground that it is unduly burdensome and oppressive, in that it seeks all communications with creditors irrespective of the identity of the debtor and without regard to time, the statute of limitations, or proposed class period).

Subject to and without waiving its objections, Defendant will produce non-privileged documents related to Plaintiff which are responsive to this request, if any exist, subject to the parties' stipulated Protective Order.

**Request No. 9:**

All emails and other documents that touch upon calling non-debtors in connection with collection of debts, regardless of whether such calls were intentionally made to non-debtors.

**RESPONSE:**

Defendant objects to Request No. 9 on the ground that it is overly broad because it seeks information that is both relevant (information about Plaintiff to the extent that she believes that she is a non-debtor) and irrelevant (all documents that touch upon calling non-debtors in connection with past due accounts irrespective of the device used to call the non with creditors and irrespective of time).  With respect to the latter, Defendant also objects to Request No. 9 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to Request No. 9 on the ground that it seeks information subject to the attorney-client privilege or attorney work product doctrine to the extent that this request sees information about Defendant's communications with counsel. Finally, Defendant objects to Request No. 9 on the ground that it is unduly burdensome and oppressive because it seeks information concerning every non-debtor irrespective of time.

Subject to and without waiving its objections, Defendant will produce non-privileged documents related to Plaintiff which are responsive to this request, if any exist, subject to the parties' stipulated Protective Order.

**Request No. 10:**

All documents received from third parties that relate to this case, without regard to time.  Responsive materials would include, for example, letters from third parties, letters from counsel and responses to subpoenas.

**RESPONSE:**

Defendant objects to Request No. 10 on the ground that the term "third parties" is vague and ambiguous.  As a result, Defendant is forced to speculate as to the information that Plaintiff seeks to ascertain.  Moreover, Defendant objects to Request No. 10 on the ground that it seeks information subject to the attorney-client privilege or attorney work product doctrine.

Subject to and without waiving its objections, Defendant will produce non-privileged documents related to Plaintiff which are responsive to this request, if any exist, subject to the parties' stipulated Protective Order.

**Request No. 11:**

All documents pertaining to the TCPA, without regard to time.

**RESPONSE:**

Defendant objects to Request No. 11 on the ground that it is overly broad because it seeks information that is both relevant (information about calls made to Plaintiff to the extent that the TCPA is implicated) and irrelevant (all documents concerning the TCPA irrespective of time, the author, applicability to this case, etc.).  With respect to the latter, Defendant also objects to Request No. 11 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Moreover, Defendant objects to Request No. 11 on the ground that it seeks information subject to the attorney-client privilege or

attorney work product doctrine to the extent that Defendant exchanged documents with counsel

concerning the TCPA.  Finally, Defendant objects to Request No. 11 on the ground that it is

unduly burdensome and oppressive to the extent that it seeks documents irrespective of whether

the documents are in the possession, custody, or control of Defendant.

Subject to and without waiving its objections, Defendant will produce non-privileged

documents related to Plaintiff which are responsive to this request, if any exist, subject to the

parties' stipulated Protective Order.

Dated:  October 17, 2016

<div style="margin-left:45%">

/s/ Keith J. Barnett
_____

Keith J. Barnett (*admitted pro hac vice*)
Lindsey B. Mann (*admitted pro hac vice*)
TROUTMAN SANDERS LLP
600 Peachtree Street NE, Suite 5200
Atlanta, GA 30308
(404) 885-3000
keith.barnett@troutmansanders.com
lindsey.mann@troutmansanders.com

Ethan G. Ostroff (*admitted pro hac vice*)
TROUTMAN SANDERS LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
(757) 687-7500
ethan.ostroff@troutmansanders.com

Andrew M. Schwartz
Jason P. Ferrante
MARSHALL DENNEHEY WARNER
COLEMAN & GOGGIN
127 Public Square, Suite 3510
Cleveland, OH 44114

*Counsel for Defendant*

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 17, 2016, a true and correct copy of the foregoing was

sent by electronic mail and U.S. mail, postage prepaid to the following counsel of record:

Larry P. Smith
David Marco
SMITHMARCO, P.C.
20 So. Clark St., Suite 2120
(888) 822-1777
lsmith@smithmarco.com
dmarco@smithmarco.com

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
ABurke@BurkeLawLLC.com

*/s/ Lindsey B. Mann*
Lindsey B. Mann

*Counsel for Defendant*

28764390