UNITED STATES DISTRICT COURT
for the Northern District of OHIO
EASTERN DIVISION

| | |
|---|---|
| DEBORAH MEREDITH,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED COLLECTION BUREAU, INC.,<br><br>    Defendant. | Case No. 1:16-cv-1102-PAG<br><br>Judge Gaughan |

## DECLARATION OF KEITH J. BARNETT

I, Keith J. Barnett, declare and state as follows:

1. I am an attorney at the law firm of Troutman Sanders LLP, counsel for record for defendant United Collection Bureau, Inc. ("UCB"). I make this declaration on the basis of my personal knowledge and, if called as a witness and sworn, I could and would testify competently thereto.

2. In July 2016, plaintiff served UCB with interrogatories and document requests. At issue in this motion for a protective order are interrogatory number 1 and document request number 2 that plaintiff served on UCB. I have attached hereto as Exhibit 1 interrogatory number 1 and document request number 2; and UCB's responses thereto.

3. During meet and confer sessions with counsel for plaintiff prior to October 28, 2016, I informed Plaintiff that there were limitations as to what could be queried from UCB's database and UCB did not have the capability to query the information that Plaintiff was seeking with respect to the discovery requests set forth in Exhibit 1. After the meet and confer, Plaintiff agreed to limit her discovery request to the "wrong number" database, meaning that UCB would query and produce only the numbers in the database that were

flagged as wrong numbers in its database. The discovery issues between the parties were not fully resolved and the plaintiff filed a motion to compel on October 28, 2016.

4. On November 10, 2016, this Court granted in part and denied in part the motion to compel.

5. In November 2016, UCB produced all documents that it queried from its wrong number database. In the production, plaintiff received the phone number for every phone that UCB dialed during the class period that was flagged as a wrong number. UCB does not have the capability to query for phone numbers called using an automated dialer or prerecording. In addition to the results from the wrong number database, UCB produced a separate spreadsheet to the plaintiff that identified the names and contact information for people who threatened to sue UCB after telling UCB that it had dialed the wrong number.

6. In response to a 30(b)(6) deposition notice sent to UCB, Exhibit 2 hereto, UCB provided Mark Beirdneau as its corporate representative in December 2016. Mr. Beirdneau was the most knowledgeable person at UCB to discuss UCB's wrong number database and what can be queried from that database. Counsel for plaintiff asked a lot of questions about UCB's database and what can be queried from the database. Mr. Beirdneau fully responded to those questions. UCB will file true and correct copy of the relevant portions of Mr. Beirdneau's testimony concerning what can be queried under seal as Exhibit 3. During this deposition Plaintiff asked questions that went beyond the scope of Plaintiff's notice of deposition. I did not object to the questions because the questions concerned UCB's wrong number database, the queries and document production related thereto. Although UCB's wrong number database, the queries and document production related thereto were not listed as 30(b)(6) topics, I did not object to the questions because Mr. Beirdneau was the most

knowledgeable person at UCB to answer Plaintiff's questions and it would not be prudent for him to testify again on those issues given their relevance.

7. After plaintiff deposed Mr. Beirdneau, plaintiff sent me a series of e-mails asking questions about UCB's database, the queries related thereto, and plaintiff's desire to depose Mr. Beirdneau again on issues that he deposed him about during the first deposition, namely the database queries. True and correct copies of the e-mails and my responses, are attached hereto as Exhibit 4. For the Court's convenience, I highlighted what I stated to counsel in yellow. Below is a synopsis of plaintiff's e-mails and my responses.

    a. Plaintiff asked UCB to query its database and produce only documents related to calls made from a system that was capable of being a dialer. I told plaintiff's counsel that the database could not be queried in that manner.

    b. Plaintiff asked UCB to write a program that would allow UCB to query its database and produce only documents related to calls made from a system that was capable of being a dialer. I told plaintiff's counsel that UCB would not write a program, because doing so would be unduly burdensome, UCB would have to shift people from doing work to writing a program, the Federal Rules of Civil Procedure do not require the writing of a program, and writing a program may not yield the results that plaintiff is looking for.

    c. Plaintiff asked UCB to provide its expert with unfettered access to UCB's database to allow its expert to extract the data in UCB's database and write a program that would allow UCB to query its database and produce only documents related to calls made from a system that was capable of being a dialer. I told plaintiff's counsel UCB would not allow plaintiff's with such access because, in addition to the reasons stated above, UCB's database contains personally identifiable information about

3

debtors and people who are not members of the class that Plaintiff should not have access to for privacy reasons.

  d. Plaintiff asked for another deposition concerning "[w]hat data exists to develop as close to a complete list of outbound dialer and/or unattended calls as possible, including if necessary querying multiple databases or writing a program" and "[w]hat specific efforts may be useful or necessary to develop a list of outbound dialer and/or unattended calls." I told plaintiff that UCB is open to another deposition as long as the same topics that were covered in the first deposition are not covered again and those topics were covered during the first deposition.

  e. Plaintiff asked UCB to query every record in the CUBS database and Microcall database in order to allow plaintiff to determine which calls were made using a dialer. I told plaintiff that was not possible.

  8. As of March 13, 2017, it was clear that the parties had reached an impasse with respect to discovery. Attached hereto as Exhibit 5 is a true and correct copy of correspondence revealing that the parties had reached an impasse. As a result, UCB is filing a motion for a protective order.

 I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

DATED: March14, 2017          /s/ Keith J. Barnett
                    Keith J. Barnett