**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH MEREDITH, | ) | |
| | ) | 1:16-cv-01102-PAG |
| Plaintiff, | ) | |
| | ) | Judge Gaughan |
| v. | ) | |
| | ) | |
| UNITED COLLECTION BUREAU, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNITED COLLECTION BUREAU'S OBJECTIONS AND RESPONSES**
**TO PLAINTIFF'S INTERROGATORIES**

Defendant United Collection Bureau, Inc., ("UCB" and/or "Defendant"), by counsel, submits the following objections and responses to Plaintiff Deborah Meredith's ("Plaintiff") Interrogatories.

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

Although UCB has made a diligent and good faith effort to obtain the information required to respond to Plaintiff's First Discovery Requests, discovery in this matter is ongoing, and UCB anticipates that additional information may be obtained which might affect the responses herein. Moreover, UCB has not yet completed its investigation of this matter. Accordingly, all of the following responses are given without prejudice to and with the express reservation of the right to rely upon any and all such information and documents at trial or otherwise. Likewise, UCB shall not be prejudiced if any of its present objections and responses are based on an incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

UCB has also objected and responded to these requests based on its best, good faith understanding and interpretation of each item therein. Accordingly, if Plaintiff subsequently

asserts a different interpretation than that presently understood by UCB, UCB reserves the right to supplement or amend these objections.

UCB further states that its responses are made without waiving any objections to the relevance, privilege, or admissibility of any information provided in response to Plaintiff's Requests in any subsequent proceeding or at the trial of this or any other action.  A partial answer to any Request that has been objected to in whole or in part is not a waiver of that objection.  By asserting various objections, UCB does not waive any other objections that may become applicable.  UCB also reserves the right to supplement the objections and responses to these Requests pursuant to the *Federal Rules of Civil Procedure*.

Finally, UCB's responses to these Requests do not constitute admissions or acknowledgements that the information or documents sought are within the proper scope of discovery.  Nor shall a statement that documents will be produced constitute an admission that such documents actually exist.  Instead, it shall only mean that, if responsive documents exist, survive UCB's objections, and are in UCB's possession, custody, or control, they will be produced.  Likewise, an objection to producing does not mean that documents otherwise responsive to a particular demand in fact exist.

UCB's objections herein are given without prejudice to UCB's right to provide subsequent relevant information and/or documents, or to add, modify, supplement, or otherwise change or amend its objections to the Requests as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery.  The information contained in UCB's objections is also subject to correction for omissions or errors.  On the grounds attorney notes, work product, and/or attorney-client

communications are or become responsive to any of the following requests, UCB expressly reserves it rights to assert such objections.

## **GENERAL OBJECTIONS**

The following General Objections are made as to each of Plaintiff's discovery requests. Where a Specific Objection is inserted in any response, that assertion does not waive other objections as to that discovery request.

1.      UCB objects to the discovery requests to the extent that they seek information that is not reasonably calculated to lead to the discovery of admissible evidence or that is otherwise irrelevant to the claims or defenses of Plaintiff and UCB.

2.      UCB objects to the discovery requests to the extent that they are unduly burdensome, harassing, and oppressive in that compliance would require UCB to undertake a burden or expense that is outweighed by its likely benefit.  The discovery requests are particularly unduly burdensome to the extent they request "all" or "every" or "each" bit of information on a particular topic.

3.      UCB objects to the discovery requests to the extent that they seek information outside of the relevant timeframe for this matter.

4.      UCB objects to the discovery requests to the extent that they seek information outside of Plaintiff's claim of alleged inaccurate information in her consumer report.

5.      UCB objects to the discovery requests to the extent that they seek material or information that is privileged by statute or common law, including privileged communications between attorney and client or information that constitutes protected work product.  Any material or information protected by privilege shall not be provided, and any inadvertent disclosure of material or information protected by the attorney-client privilege, the work product doctrine, or

any other privilege or protection from discovery is not intended and should not be construed to constitute a waiver, either generally or specifically, with respect to such information or material or the subject matter thereof, either in this action or any other federal or state action.  All of the responses to these discovery requests are subject to objections as to privilege, and, by making these responses to the discovery requests; UCB is not waiving or failing to assert any privilege available to it.

6.       UCB objects to the discovery requests to the extent that they are vague and ambiguous and require UCB to speculate about their reasonable meaning.  To the extent, if any, that UCB is able to fashion its own reasonable interpretation of any vague and ambiguous term or phrase, it shall not be bound by any inconsistent interpretation that Plaintiff applies.

7.       UCB objects to the discovery requests to the extent that they seek information that can be obtained more efficiently through other means of discovery, and to the extent they call for a lengthy factual narrative or itemization.

8.       UCB objects to the discovery requests to the extent that they seek information that constitutes, contains, or otherwise reflects confidential business, financial, commercial, or proprietary information.  UCB has certain obligations of confidentiality to third parties relating to a variety of subjects, some of which may be sought by Plaintiff.  UCB will disclose any such confidential information, if required, subject to a protective order in this case.

9.       UCB objects to the discovery requests to the extent that they seek disclosure by UCB of any information pertaining to any individual, customer or representative, member, partner or agent of UCB, the disclosure of which is or may be an invasion of his, her, or its privacy rights, or is privileged from discovery by applicable law.  UCB further objects to the discovery requests to the extent that they seek disclosure of any other confidential personal or

financial information subject to state or federal privacy laws or other applicable privileges, immunities, laws, or regulations.  Any inadvertent disclosure of such private information shall not be deemed to be a waiver by UCB or the affected individual or entity of his, her, or its right to privacy.

10.     UCB objects to the discovery requests to the extent that they seek information more readily or equally available to Plaintiff through public records or sources, or through other sources.

11.     UCB objects to the discovery requests to the extent that they would require the production of documents in a manner other than a manner in which documents are kept in the ordinary course of business.

The General Objections are common to all discovery requests, and all answers of UCB to Plaintiffs' discovery requests are made subject to and without waiving each one of these objections.  UCB's objection to a discovery request also applies to any subparts contained in such request.  Where a specific objection is asserted in any answer, that assertion does not waive other objections regarding that discovery request.

## INTERROGATORIES

1.      Identify all outgoing calls (including attempted calls) for the set described below, including plaintiff.  Please include all data you have; by way of example, a complete answer is expected to include at least the following:

a.      <u>Dialer Info</u>.  Identification of the equipment, third party and/or software used to make the call (e.g. Noble, Livevox, Avatar, ytel, Five9, Guaranteed Contacts, Aspect, Avaya), and the location for call origination/dialer;

b.      <u>Call Data</u>.  Call detail information for the calls themselves, including the duration of the call, phone number called, the date and time of the call and the result of the call (e.g. no answer, message left, spoke with John Doe and he was not interested data, warm transfer etc.), and whom you spoke with, if anyone, and the substance of the conversation (including any request not to receive future communications);

c.      <u>Recipient</u>.  Identifying information for the person you were trying to reach (e.g. name, business name, address, email, fax number, all phone numbers);

d.      <u>Call Purpose</u>.  Information regarding the purpose of the call, including the creditor for whom the call was made, recording/script of what was said or intended to be said, recordings played, recording of the calls themselves,

e.      <u>Source of Phone Number</u>.  The source(s) where you obtained the telephone number called and the nature of such relationship and the facts and circumstances surrounding such;

f.      <u>Consent</u>.  Anything or testimony that may show the recipient's permission or consent to receive calls;

g.    <u>Vendors</u>.   All third parties (e.g. vendors, dialer companies or telephone companies) that were in any way involved with the call, for example, whose insurance policies you may have sold to call recipients;

h.    <u>Caller ID</u>.  Information concerning the caller identification programming and display for such calls;

i.    <u>Dialer Location</u>.  The physical location where any portion of such calls occurred (e.g. where the dialers are located, where the outbound call center is located, where the campaign was loaded into the dialer); and

j.    <u>Do Not Call Info</u>.  Data concerning whether any person called ever notified you that you were calling the wrong number, or requested that you not call them.

All persons in the United States who:  (a) UCB and/or someone on its behalf called at least twice; (b) and played the same or similarly created message to the voice mail left for plaintiff; (c) where the phone number was not obtained from the recipient of the call, as to the alleged debt being collected; (d) where at least one call was made on or after May 9, 2012.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it is vague and ambiguous. Defendant further objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving its objections, Defendant states that, on January 21, 2016, January 26, 2016, and February 5, 2016, unanswered calls were made to telephone number 404-655-6931.  In response to Plaintiff's Request for Production of Documents, and subject to the entry of a protective order, Defendant will produce call logs revealing the numbers of the originating class and the length of the calls.  Defendant

further states that it had no records revealing that the wrong number was called, and Defendant believes that it had consent to call telephone number 404-655-6931 when the calls were made.


2.      Identify any third party associated in any way with any call responsive to interrogatory 1, and explain that third party's role in such call.  We would expect a full answer to identify (for example but not by limitation) any of the following:

    a.      Hosted or in-house dialers and/or vendors (e.g. Five9, Ytel; Guaranteed Contacts; Avaya, Aspect, Adeptra);

    b.      Regulatory compliance (e.g. CompliancePoint, Neustar);

    c.      Auditing of calls or calling practices (e.g. CompliancePoint);

    d.      Entities concerning internal and/or national Do Not Call tracking;

    e.      Law firms retained before this lawsuit was filed to do work associated with TCPA compliance;

    f.      Phone, VoIP or similar companies involved procedurally as to such calls;

    g.      Any other third party that may possess or have access to data concerning calls.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it is vague and ambiguous. Moreover, Defendant objects to this request on the ground that it seeks information subject to the attorney-client privilege or attorney work product doctrine.  Subject to and without waiving its objections, Defendant states that it did not engage a third party to call telephone number 404-655-6931.

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

DEBORAH MEREDITH,                    )
                                     )     1:16-cv-01102-PAG
                    Plaintiff,       )
                                     )     Judge Gaughan
v.                                   )
                                     )
UNITED COLLECTION BUREAU, INC.,      )
                                     )
                    Defendant.       )
                                     )

**UNITED COLLECTION BUREAU'S SUPPLEMENTAL**
**RESPONSES AND OBJECTIONS TO PLAINTIFF'S INTERROGATORIES**

Defendant United Collection Bureau, Inc., ("UCB" and/or "Defendant"), by counsel, supplements its responses and objections to Plaintiff Deborah Meredith's ("Plaintiff") Interrogatories, as stated below.  The responses are based on information currently known to UCB, and UCB reserves the right to amend or supplement these responses, to the extent necessary, based on any subsequently discovered documents, facts, or information.  UCB hereby adopts and incorporates by reference the Preliminary Statement and Reservation of Rights, the General Objections, and the specific objections set forth in the Responses and Objections served on August 22, 2016.

SUPPLEMENTAL RESPONSES AND OBJECTIONS

**Interrogatory No. 1:**

Identify all outgoing calls (including attempted calls) for the set described below, including plaintiff.  Please include all data you have; by way of example, a complete answer is expected to include at least the following:

a.      Dialer Info.  Identification of the equipment, third party and/or software used to make the call (e.g. Noble, Livevox, Avatar, ytel, Five9, Guaranteed Contacts, Aspect, Avaya), and the location for call origination/dialer;

b.      <u>Call Data</u>.  Call detail information for the calls themselves, including the duration of the call, phone number called, the date and time of the call and the result of the call (e.g. no answer, message left, spoke with John Doe and he was not interested data, warm transfer etc.), and whom you spoke with, if anyone, and the substance of the conversation (including any request not to receive future communications);

c.      <u>Recipient</u>.  Identifying information for the person you were trying to reach (e.g. name, business name, address, email, fax number, all phone numbers);

d.      <u>Call Purpose</u>.  Information regarding the purpose of the call, including the creditor for whom the call was made, recording/script of what was said or intended to be said, recordings played, recording of the calls themselves;

e.      <u>Source of Phone Number</u>.  The source(s) where you obtained the telephone number called and the nature of such relationship and the facts and circumstances surrounding such;

f.      <u>Consent</u>.  Anything or testimony that may show the recipient's permission or consent to receive calls;

g.      <u>Vendors</u>.  All third parties (e.g. vendors, dialer companies or telephone companies) that were in any way involved with the call, for example, whose insurance policies you may have sold to call recipients;

h.      <u>Caller ID</u>.  Information concerning the caller identification programming and display for such calls;

i.      <u>Dialer Location</u>.  The physical location where any portion of such calls occurred (e.g. where the dialers are located, where the outbound call center is located, where the campaign was loaded into the dialer); and

j.      <u>Do Not Call Info</u>.  Data concerning whether any person called ever notified you that you were calling the wrong number, or requested that you not call them.

All persons in the United States who:  (a) UCB and/or someone on its behalf called at least twice; (b) and played the same or similarly created message to the voice mail left for plaintiff; (c) where the phone number was not obtained from the recipient of the call, as to the alleged debt being collected; (d) where at least one call was made on or after May 9, 2012.

2

**RESPONSE:**

Defendant objects to Interrogatory No. 1 on the ground that it is overly broad because it seeks information that is relevant (dialer information, consent for calls made to Plaintiff using an automated dialer or prerecorded message) and irrelevant (information on all outgoing calls made over a four-year period, vendors, caller ID, recipient of the calls, do not call information, dialer location, script for the calls, etc.).  With respect to the latter, Defendant further objects to Interrogatory No. 1 on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant also objects to Interrogatory No. 1 on the ground that it is vague and ambiguous because it uses terms of art or legal terms that are subject to multiple interpretations.

Subject to and without waiving its objections, Defendant states that, on January 21, 2016, January 26, 2016, and February 5, 2016, unanswered calls were made to telephone number 404-655-6931 regarding a past due account.  In response to Plaintiff's Request for Production of Documents, and subject to the parties' Stipulated Protective Order, Defendant has produced call logs revealing the numbers of the originating class and the length of the calls.  Defendant further states that it has no records revealing that the wrong number was called, but discovery and investigation are ongoing with respect to whether Plaintiff was the intended recipient of the phone call.  Defendant believes that consent to call telephone number 404-655-6931 was given by the debtor when the debtor provided the phone number to the creditor.

**Interrogatory No. 2:**

Identify any third party associated in any way with any call responsive to interrogatory 1, and explain that third party's role in such call.  We would expect a full answer to identify (for example but not by limitation) any of the following:

a.      Hosted or in-house dialers and/or vendors (e.g. Five9, Ytel; Guaranteed Contacts; Avaya, Aspect, Adeptra);

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH MEREDITH, | ) | |
| | ) | 1:16-cv-01102-PAG |
| Plaintiff, | ) | |
| | ) | Judge Gaughan |
| v. | ) | |
| | ) | |
| UNITED COLLECTION BUREAU, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNITED COLLECTION BUREAU'S OBJECTIONS AND RESPONSES**
**TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant United Collection Bureau, Inc., ("UCB" and/or "Defendant"), by counsel, submits the following objections and responses to Plaintiff Deborah Meredith's ("Plaintiff") Requests for Production of Documents.

**PRELIMINARY STATEMENT AND RESERVATION OF RIGHTS**

Although UCB has made a diligent and good faith effort to obtain the information required to respond to Plaintiff's First Discovery Requests, discovery in this matter is ongoing, and UCB anticipates that additional information may be obtained which might affect the responses herein.  Moreover, UCB has not yet completed its investigation of this matter.  Accordingly, all of the following responses are given without prejudice to and with the express reservation of the right to rely upon any and all such information and documents at trial or otherwise.  Likewise, UCB shall not be prejudiced if any of its present objections and responses are based on an incomplete knowledge or comprehension of the facts, events, or occurrences involved in this matter.

UCB has also objected and responded to these requests based on its best, good faith understanding and interpretation of each item therein.  Accordingly, if Plaintiff subsequently

asserts a different interpretation than that presently understood by UCB, UCB reserves the right to supplement or amend these objections.

UCB further states that its responses are made without waiving any objections to the relevance, privilege, or admissibility of any information provided in response to Plaintiff's Requests in any subsequent proceeding or at the trial of this or any other action.  A partial answer to any Request that has been objected to in whole or in part is not a waiver of that objection.  By asserting various objections, UCB does not waive any other objections that may become applicable.  UCB also reserves the right to supplement the objections and responses to these Requests pursuant to the *Federal Rules of Civil Procedure*.

Finally, UCB's responses to these Requests do not constitute admissions or acknowledgements that the information or documents sought are within the proper scope of discovery.  Nor shall a statement that documents will be produced constitute an admission that such documents actually exist.  Instead, it shall only mean that, if responsive documents exist, survive UCB's objections, and are in UCB's possession, custody, or control, they will be produced.  Likewise, an objection to producing does not mean that documents otherwise responsive to a particular demand in fact exist.

UCB's objections herein are given without prejudice to UCB's right to provide subsequent relevant information and/or documents, or to add, modify, supplement, or otherwise change or amend its objections to the Requests as new information is obtained, as legal determinations are made by the Court, or because the matter is pending further investigation and discovery.  The information contained in UCB's objections is also subject to correction for omissions or errors.  On the grounds attorney notes, work product, and/or attorney-client

communications are or become responsive to any of the following requests, UCB expressly reserves it rights to assert such objections.

## **GENERAL OBJECTIONS**

The following General Objections are made as to each of Plaintiff's discovery requests. Where a Specific Objection is inserted in any response, that assertion does not waive other objections as to that discovery request.

1.  UCB objects to the discovery requests to the extent that they seek information that is not reasonably calculated to lead to the discovery of admissible evidence or that is otherwise irrelevant to the claims or defenses of Plaintiff and UCB.

2.  UCB objects to the discovery requests to the extent that they are unduly burdensome, harassing, and oppressive in that compliance would require UCB to undertake a burden or expense that is outweighed by its likely benefit.  The discovery requests are particularly unduly burdensome to the extent they request "all" or "every" or "each" bit of information on a particular topic.

3.  UCB objects to the discovery requests to the extent that they seek information outside of the relevant timeframe for this matter.

4.  UCB objects to the discovery requests to the extent that they seek information outside of Plaintiff's claim of alleged inaccurate information in her consumer report.

5.  UCB objects to the discovery requests to the extent that they seek material or information that is privileged by statute or common law, including privileged communications between attorney and client or information that constitutes protected work product.  Any material or information protected by privilege shall not be provided, and any inadvertent disclosure of material or information protected by the attorney-client privilege, the work product doctrine, or

any other privilege or protection from discovery is not intended and should not be construed to constitute a waiver, either generally or specifically, with respect to such information or material or the subject matter thereof, either in this action or any other federal or state action.  All of the responses to these discovery requests are subject to objections as to privilege, and, by making these responses to the discovery requests; UCB is not waiving or failing to assert any privilege available to it.

6.     UCB objects to the discovery requests to the extent that they are vague and ambiguous and require UCB to speculate about their reasonable meaning.  To the extent, if any, that UCB is able to fashion its own reasonable interpretation of any vague and ambiguous term or phrase, it shall not be bound by any inconsistent interpretation that Plaintiff applies.

7.     UCB objects to the discovery requests to the extent that they seek information that can be obtained more efficiently through other means of discovery, and to the extent they call for a lengthy factual narrative or itemization.

8.     UCB objects to the discovery requests to the extent that they seek information that constitutes, contains, or otherwise reflects confidential business, financial, commercial, or proprietary information.  UCB has certain obligations of confidentiality to third parties relating to a variety of subjects, some of which may be sought by Plaintiff.  UCB will disclose any such confidential information, if required, subject to a protective order in this case.

9.     UCB objects to the discovery requests to the extent that they seek disclosure by UCB of any information pertaining to any individual, customer or representative, member, partner or agent of UCB, the disclosure of which is or may be an invasion of his, her, or its privacy rights, or is privileged from discovery by applicable law.  UCB further objects to the discovery requests to the extent that they seek disclosure of any other confidential personal or

financial information subject to state or federal privacy laws or other applicable privileges, immunities, laws, or regulations. Any inadvertent disclosure of such private information shall not be deemed to be a waiver by UCB or the affected individual or entity of his, her, or its right to privacy.

10. UCB objects to the discovery requests to the extent that they seek information more readily or equally available to Plaintiff through public records or sources, or through other sources.

11. UCB objects to the discovery requests to the extent that they would require the production of documents in a manner other than a manner in which documents are kept in the ordinary course of business.

The General Objections are common to all discovery requests, and all answers of UCB to Plaintiffs' discovery requests are made subject to and without waiving each one of these objections. UCB's objection to a discovery request also applies to any subparts contained in such request. Where a specific objection is asserted in any answer, that assertion does not waive other objections regarding that discovery request.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All documents, records, data, recordings and other materials relating to plaintiff, account number 46499591, or cell number 404-655-6931, which are indexed, filed or retrievable under any of them, or any number, symbol, designation or code (such as an account number or Social Security number) associated with any of them.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Defendant states that it will produce non-privileged documents related to Plaintiff and telephone number 404-655-6931 which are responsive to this request, if any exist, subject to a mutually agreeable protective order.

2.      All documents or data that concern or relate to any phone call, person or phone number responsive to interrogatory 1, such as call detail records, documents concerning where the phone number was obtained, documentation of whether you were on notice that the phone number was and documentation that shows you may have had consent to make such calls.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving its objections, Defendant states that it will produce non-privileged documents related to Plaintiff and telephone number 404-655-6931 which are responsive to this request, if any exist, subject to a mutually agreeable protective order.

3.     All deposition transcripts, declarations, interrogatory responses, or any other sworn or unsworn materials relating to any TCPA matter, or any other case that concerns use of dialers or prerecorded messages during collection calls.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to this request on the ground that it is vague and ambiguous.

4.     A key for your database, as well as any other documents that may assist one in understanding any data, codes, columns, field names or other abbreviated matter pertinent to this case, including for example information and documents responsive to interrogatory 1, including for example a data dictionary, database schema, list of data tables, or explanation of data points.

**RESPONSE:** Defendant incorporates by reference the general objections stated above. Defendant objects to this request on the ground that it is overly broad.  Defendant also objects to this request on the ground that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH MEREDITH, | ) | |
| | ) | 1:16-cv-01102-PAG |
| Plaintiff, | ) | |
| | ) | Judge Gaughan |
| v. | ) | |
| | ) | |
| UNITED COLLECTION BUREAU, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**UNITED COLLECTION BUREAU'S SUPPLEMENTAL RESPONSES AND**
**OBJECTIONS TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS**

Defendant United Collection Bureau, Inc., ("UCB" and/or "Defendant"), by counsel, hereby supplements its responses to Plaintiff Deborah Meredith's ("Plaintiff") Requests for Production of Documents.  The responses are based on information currently known to UCB, and UCB reserves the right to amend or supplement these responses, to the extent necessary, based on any subsequently discovered documents, facts, or information.  UCB hereby adopts and incorporates by reference the Preliminary Statement and Reservation of Rights, General Objections, and specific objections set forth n the Responses and Objections served on August 22, 2016.

SUPPLEMENTAL RESPONSES AND OBJECTIONS

**Request No. 1:**

All documents, records, data, recordings and other materials relating to plaintiff, account number 46499591, or cell number 404-655-6931, which are indexed, filed or retrievable under any of them, or any number, symbol, designation or code (such as an account number or Social Security number) associated with any of them.

**RESPONSE:**

Defendant will produce non-privileged documents related to Plaintiff and telephone number 404-655-6931 which are responsive to this request, if any exist, subject to the parties' stipulated Protective Order.

**Request No. 2:**

> All documents or data that concern or relate to any phone call, person or phone number responsive to interrogatory 1, such as call detail records, documents concerning where the phone number was obtained, documentation of whether you were on notice that the phone number was and documentation that shows you may have had consent to make such calls.

**RESPONSE:**

Defendant will produce non-privileged documents related to Plaintiff and telephone number 404-655-6931 which are responsive to this request, if any exist, subject to the parties' stipulated Protective Order.

**Request No. 3:**

> All deposition transcripts, declarations, interrogatory responses, or any other sworn or unsworn materials relating to any TCPA matter, or any other case that concerns use of dialers or prerecorded messages during collection calls.

**RESPONSE:**

Defendant objects to Request No. 3 on the ground that it is overly broad because it seeks information that is both relevant (information about calls made to the plaintiff using an automated dialer or prerecorded message) and irrelevant (all deposition transcripts, declarations, interrogatory responses, or any other sworn or unsworn materials relating to any TCPA matter irrespective if the information relates to Plaintiff, irrespective of whether the information relates to Defendant or any other entity accused of violating the TCPA, irrespective of the statute of limitations or time period of the proposed class).  With respect to the latter, Defendant also