Case: 1:16-cv-01102-PAG Doc #: 30-7 Filed: 03/15/17 1 of 11. PageID #: 372

# Barnett, Keith

| | |
|---|---|
| **From:** | Barnett, Keith |
| **Sent:** | Monday, March 13, 2017 1:15 PM |
| **To:** | 'Alexander Burke' |
| **Subject:** | Discovery issues - meet and confer |

Alex,

I apologize for not getting back to you on Friday.  To make sure we are on the same page, and I sure that you will correct me if I am not, plaintiff would like one or more of the following:

1. UCB to write a program for its existing databases that will allow a query with respect to calls made using an system with the capacity to be an autodialer
2. If UCB does not write the program, plaintiff is asking for access to all of UCB's databases so its expert can obtain the information in the databases and write the program
3. A deposition of a UCB corporate representative on the issues concerning the queries that can be run in UCB's existing database

UCB has already produced the information as it is kept in the usual course of business in its database and has queried the information under the queries that can be performed.  Your request is beyond usual because it imposes an obligation that is not set forth in the FRCP or case law.  I have been trying to think of a reasonable compromise with respect to our latest discovery issue and I cannot think of one.  The system can only perform certain queries.  Rule 34 requires UCB to produce electronically stored information as it is kept in the usual course of business.  Rules 26 and 34 do not require a party to create a new program or allow the opposing party unfettered access to its databases that include irrelevant and personally identifiable information about persons who are not within the scope of the proposed class.

In order to comply with your request, UCB would have to shut down its databases for an indefinite period of time and try to come up with a way to write a program that does not exist and may not yield the results that you are looking for.  Your request is also disconcerting in light of the fact that some of UCB's databases contain personally identifiable information about people who are not likely class members.

Judge Gaughan's order on your motion to compel is instructive on this issue.  Judge Gaughan stated that "[t]he extent of the information that plaintiff requests in Interrogatory 1 and Discovery Request 2 as originally drafted is overly broad."  ECF 25 at p. 6. Judge Gaughan added that "Plaintiff purports to narrow her request to wrong number calls made to cell phones but still seeks to obtain detailed information related to each call.  Defendant, however, has no mechanism for culling the information that plaintiff seeks, even for this narrower subset of calls."  Id.  The Court concluded that UCB "has met its burden of showing that it would be unduly burdensome to require it to comb through 278,000 accounts to find responsive information."  Asking for a program to be created is even more extraordinary than your original discovery requests.

With respect to your deposition notice, it appears that you want to ask questions that you already asked—directly or peripherally—during the first deposition.  We are open to stipulating that you will not directly or peripherally ask the same or similar questions that you asked during the first deposition—namely about queries, UCB's databases and what queries are possible in the database.  You asked those questions and I answered your follow up questions that you emailed to me.  I would love to work this out with you, but not at the expense of providing you with multiple bites at the same apple.  Perhaps you can do a deposition with written questions and UCB will respond accordingly provided that the questions are not duplicative or close to being duplicative of the questions that you have already asked.

Please do not hesitate to call or email me to discuss possible compromises.  If my analysis is based upon incorrect information as to what you are looking for, please let me know.

Thanks,

Keith


**Keith Barnett**
Direct: 404.885.3423
keith.barnett@troutmansanders.com
─────────────────────
TROUTMAN SANDERS
600 Peachtree Street, NE, Suite 5200
Atlanta, GA 30308
troutmansanders.com  LinkedIn
CFS Law Monitor

**Barnett, Keith**

| | |
|---|---|
| **From:** | Alexander Burke [ABurke@burkelawllc.com] |
| **Sent:** | Monday, March 13, 2017 1:28 PM |
| **To:** | Barnett, Keith |
| **Cc:** | Dan Marovitch |
| **Subject:** | RE: Discovery issues - meet and confer |

Thanks Keith.

You're right about number 1, we suggested that UCB write a program to extract its autodialed and/or prerecorded calls. Number 2 is a proposed alternative, and we only want the data that would show the calls that matter to the case. You say we want the "all of UCB's databases." That's not accurate: We want the least amount of data that would allow us to determine how many, and which, calls were made using the dialer and/or with unattended messages.  As to number 3, we wanted a depo to discuss writing a program, not developing a query. I don't think a deposition will be helpful given your position below.

The option you left out below, which I previously suggested, was the possibility of going into class certification, with the agreement that at least minimal numerosity is met, and that the parties would run the program on UCB's data thereafter to determine the precise number of people who received dialer calls and prerecorded "foti" calls. To be clear, I don't think the list is necessary for certification purposes under Oppenheimer v. Sanders, 437 US 340 (1978), which holds that a class list is not generally "discovery," but I think it's good practice to obtain it before the close of discovery if practicable. Perhaps here it makes sense to defer performing the administrative task of generating the list of numbers until after certification.

Where does your client stand on that solution? Seems to me that this is the most efficient way to move forward.

Alex

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

---

**From:** Barnett, Keith [mailto:Keith.Barnett@troutmansanders.com]
**Sent:** Monday, March 13, 2017 12:15 PM
**To:** Alexander Burke
**Subject:** Discovery issues - meet and confer

Alex,

I apologize for not getting back to you on Friday.  To make sure we are on the same page, and I sure that you will correct me if I am not, plaintiff would like one or more of the following:

1. UCB to write a program for its existing databases that will allow a query with respect to calls made using an system with the capacity to be an autodialer
2. If UCB does not write the program, plaintiff is asking for access to all of UCB's databases so its expert can obtain the information in the databases and write the program
3. A deposition of a UCB corporate representative on the issues concerning the queries that can be run in UCB's existing database

UCB has already produced the information as it is kept in the usual course of business in its database and has queried the information under the queries that can be performed.  Your request is beyond usual because it imposes an obligation that is not set forth in the FRCP or case law.  I have been trying to think of a reasonable compromise with respect to our latest discovery issue and I cannot think of one.  The system can only perform certain queries.  Rule 34 requires UCB to produce electronically stored information as it is kept in the usual course of business.  Rules 26 and 34 do not require a party to create a new program or allow the opposing party unfettered access to its databases that include irrelevant and personally identifiable information about persons who are not within the scope of the proposed class.

In order to comply with your request, UCB would have to shut down its databases for an indefinite period of time and try to come up with a way to write a program that does not exist and may not yield the results that you are looking for.  Your request is also disconcerting in light of the fact that some of UCB's databases contain personally identifiable information about people who are not likely class members.

Judge Gaughan's order on your motion to compel is instructive on this issue.  Judge Gaughan stated that "[t]he extent of the information that plaintiff requests in Interrogatory 1 and Discovery Request 2 as originally drafted is overly broad."  ECF 25 at p. 6. Judge Gaughan added that "Plaintiff purports to narrow her request to wrong number calls made to cell phones but still seeks to obtain detailed information related to each call.  Defendant, however, has no mechanism for culling the information that plaintiff seeks, even for this narrower subset of calls."  Id.  The Court concluded that UCB "has met its burden of showing that it would be unduly burdensome to require it to comb through 278,000 accounts to find responsive information."  Asking for a program to be created is even more extraordinary than your original discovery requests.

With respect to your deposition notice, it appears that you want to ask questions that you already asked—directly or peripherally—during the first deposition.  We are open to stipulating that you will not directly or peripherally ask the same or similar questions that you asked during the first deposition—namely about queries, UCB's databases and what queries are possible in the database.  You asked those questions and I answered your follow up questions that you emailed to me.  I would love to work this out with you, but not at the expense of providing you with multiple bites at the same apple.  Perhaps you can do a deposition with written questions and UCB will respond accordingly provided that the questions are not duplicative or close to being duplicative of the questions that you have already asked.

Please do not hesitate to call or email me to discuss possible compromises.  If my analysis is based upon incorrect information as to what you are looking for, please let me know.

Thanks,

Keith


**Keith Barnett**
Direct: 404.885.3423
keith.barnett@troutmansanders.com
─────────────────
TROUTMAN SANDERS
600 Peachtree Street, NE, Suite 5200
Atlanta, GA 30308
troutmansanders.com  LinkedIn
CFS Law Monitor

This e-mail message (and any attachments) from Troutman Sanders LLP may contain legally privileged and confidential information solely for the use of the intended recipient. If you received this message in error, please delete the message and notify the sender. Any unauthorized reading, distribution, copying, or other use of this message (and attachments) is strictly prohibited.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DEBORAH MEREDITH,** | ) | |
| | ) | 1:16-cv-01102-PAG |
| **Plaintiff,** | ) | |
| | ) | Judge Gaughan |
| v. | ) | |
| | ) | |
| **UNITED COLLECTION BUREAU, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S FIRST NOTICE OF DEPOSITIONS**

Pursuant to Fed.R.Civ.P. 30, plaintiff hereby notices the deposition of defendant United Collection Bureau, Inc. as described herein. The depositions will take place on December 6, 2016, at 10:00am, at Troutman Sanders LLP, 600 Peachtree Street  NE, Suite 5200, Atlanta, GA 30308-2216, and continue day-to-day until completed. The depositions will be recorded and transcribed by a person authorized to administer oaths, and may be videotaped. The depositions may be taken remotely; by telephone or video phone. Deponents shall be prepared to competently testify as to all information within defendant's possession, custody and control, and should be persons most knowledgeable to provide such testimony, as to the following topics:

1. FRCP 30(b)(6) topic: Actions taken as to Plaintiff's cell phone number, including how UCB and/or any creditor or third party obtained the phone number, the equipment used to make calls and the data that exists concerning such.

2. FRCP 30(b)(6) topic: Defendant's policies, practices and procedures having to do with ensuring that it had data or documents showing that it had consent at the time it made a call to a particular telephone number, including calls made by Defendant or through vendors, for calls that were made or attempted at any time between May 9, 2012, and the present.

1

3. FRCP 30(b)(6) topic: The existence, quality, scope and location of any databases, data, tables, columns or codes that relate to whether an outbound telephone call was made by you or on behalf of you.

4. FRCP 30(b)(6) topic: The existence (or non-existence), quality, scope and location of any databases, data, tables, columns or codes that relate to the facts and circumstances under which UCB or its creditors or predecessors received phone numbers that were called between May 9, 2012, and the present, including but not limited to:

    a. Loan applications or other transaction-initiating or intake documents;

    b. Prior servicer/collector data;

    c. Creditor data or documents;

    d. Conversations on the telephone;

    e. Skip trace or credit bureau;

    f. ANI call capture;

    g. White pages, internet or similar;

    h. Any other source.

5. FRCP 30(b)(6) topic: The existence, quality, scope and location of any databases, data, tables, columns or codes that relate to consent, or any absence or revocation of consent.

6. FRCP 30(b)(6) topic: The existence, quality, scope and location of any databases, data, tables, columns or codes, policies, practices or procedures that relate to determining whether a particular phone number was a cellular number or not at the time of a call.

7. FRCP 30(b)(6) topic: The data, databases, tables, columns and codes that were used to determine what phone numbers to call, and what phone numbers not to call, with regard

to consent, and how the process of scrubbing phone numbers for consent or cell phone, and then calling numbers.

8. FRCP 30(b)(6) topic: The existence, quality, scope and location of any databases, data, tables, columns or codes that relate to whether a phone number was associated with a debtor, or non-debtor.

9. FRCP 30(b)(6) topic: Identification of any vendor or third party that may have possession, custody or control of any data that relates to telephone calls, the circumstances surrounding how telephone numbers were obtained, whether there had ever been a request to cease and desist or not to call and whether a phone number was a "wrong number."

10. FRCP 30(b)(6) topic: The existence, quality, scope and location of any databases, data, tables, columns or codes that relate to requests not to call, including cease and desist requests.

11. FRCP 30(b)(6) topic: UCB's document and data retention policies, practices and procedures having to do with any data associated with any account (such as those on which Meredith's cell phone was called), and to the extent any putative class member data has been lost, what happened to such.

12. FRCP 30(b)(6) topic: The meaning, nature and content of any documents that have been produced at the time of the deposition, such as "account notes," call records and data keys and what other documents and data relate to the accounts on which calls were made that have not yet been produced (including but not limited to outcome or result codes, skip trace tables, audit tables, change tables).

3

                                                  Respectfully submitted,
                                                  **DEBORAH MEREDITH**

                                      By:   <u>s/ Alexander H. Burke</u>
                                                 Attorney for Plaintiff

<u>Dated: November 23, 2016</u>

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone:  (312) 546-6539
Facsimile:   (888) 418-1277
E-Mail:      dmarco@smithmarco.com
*Admitted Pro Hac Vice*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **DEBORAH MEREDITH,** | ) | |
| | ) | **1:16-cv-01102-PAG** |
| **Plaintiff,** | ) | |
| | ) | **Judge Gaughan** |
| v. | ) | |
| | ) | |
| **UNITED COLLECTION BUREAU, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CERTIFICATE OF SERVICE**

**To:**    Dustin B. Rawlin                             Ethan G. Ostroff
         Stephanie A. Rzepka                  Troutman Sanders LLP
         Tucker Ellis LLP                               222 Central Park Avenue Suite 2000
         950 Main Avenue, Suite 1100          Virginia Beach, VA 23462
         Cleveland, OH 44113                      ethan.ostroff@troutmansanders.com

dustin.rawlin@tuckerellis.com
stephanie.rzepka@tuckerellis.com

Lindsey B. Mann
Troutman Sanders LLP
600 Peachtree Street NE Suite 5200
Atlanta, GA 30308-2216
lindsey.mann@troutmansanders.com

  I, David M. Marco, an attorney, certify that on **November 23, 2016**, I shall caused to be served a copy of **Plaintiff's Disclosures Pursuant to F. R. Civ. P. 26(a)(1)**, upon the above named individual(s) by: depositing same in the U.S. Mail box at 20 South Clark Street, Suite 2120, Chicago, IL 60603, prior to 5:00 p.m., postage prepaid; messenger delivery; Federal Express; facsimile transmitted from (888) 418-1277; and/or via email, as indicated below.

| | | | |
|---|---|---|---|
| ____ | U.S. Mail | ____ | Facsimile |
| ____ | Messenger Delivery | _x_ | Email |

                By: s/ Alexander H. Burke
                   Attorney for Plaintiff

Dated: November 23, 2016

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

David M. Marco (Atty. No.: 6273315)
SMITHMARCO, P.C.
20 South Clark Street, Suite 2120
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com
*Admitted Pro Hac Vice*

5