IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH MEREDITH, | ) | |
| | ) | |
| Plaintiff, | ) | 1:16-CV-01102-PAG |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED COLLECTION BUREAU, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT UNITED COLLECTION BUREAU INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant United Collection Bureau, Inc. ("UCB") moves to dismiss this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because Plaintiff Deborah Meredith lacks Article III standing to pursue this case against UCB.

## INTRODUCTION

This action must be dismissed for lack of Article III standing. As the United States Supreme Court recently solidified, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). In this case, Plaintiff's Complaint consists of nothing more than allegations of a "bare procedural violation" of the Telephone Consumer Protection

1

31435559v1

Act ("TCPA") with no allegations of "concrete harm." Therefore, the Court must dismiss Plaintiff's Complaint.

Plaintiff alleges that UCB violated the TCPA by calling her cellular phone three times using an automatic telephone dialing system ("ATDS") without her consent. Compl. ¶¶ 11-12. Plaintiff also seeks to represent a class of persons who UCB allegedly called using an ATDS. *Id.* ¶¶ 27-33. The TCPA prohibits any person from making a call to a cellular telephone number without prior express consent using an ATDS. The TCPA allows for statutory damages in the amount of $500 per call that violates the TCPA—$1,500 for each call deemed to be a willful violation.

Plaintiff does not specifically allege that UCB's purported violations of the TCPA had any (or could have had any) negative effect whatsoever on her. Plaintiff would be hard pressed to do so. It is undisputed that she *never* answered the phone when UCB called her. After the last call that UCB made to Plaintiff, Plaintiff called UCB to inform UCB that she was not the person that UCB had been intending to call although UCB dialed the number that it was given. UCB never called Plaintiff again after she informed UCB that she was not the person that UCB had been intending to call.

Plaintiff simply asserts a sole, technical violation of the TCPA. Even accepting Plaintiff's allegations as true, Plaintiff has not identified any actual,

concrete harm resulting from this alleged technical violation of the TCPA. In fact, not only has Plaintiff admitted in the Complaint that she never answered any of the calls, she admitted in her deposition that the calls did not take her away from what she was doing or otherwise harm her at the time UCB made the calls.

Plaintiff also does not allege that any members of the putative class suffered any actual harm whatsoever from any alleged violation of the TCPA, nor does she seek any actual damages on behalf of the putative class. Instead, Plaintiff seeks only statutory damages. This is exactly the type of case that *Spokeo* cautioned against when it recognized that a plaintiff "cannot satisfy the demands of Article III by alleging a bare procedural violation . . . [that] result[s] in no harm." 136 S. Ct. at 1550. This standard has been applied by several courts with respect to the dismissal of TCPA cases. Put simply, Plaintiff lacks Article III standing to maintain this lawsuit in the absence of allegations of a concrete harm. As a matter of law, Plaintiff does not—and cannot—sufficiently allege concrete harm on these facts. This Court therefore lacks subject matter jurisdiction over this action.

## **FACTUAL ALLEGATIONS AND PLAINTIFF'S DEPOSITION**

Plaintiff alleges that UCB called her cellular phone three times in 2016 using an ATDS. Compl. ¶¶ 11-12. Plaintiff admitted that she never answered any of the three phone calls. *Id.* ¶ 14. Plaintiff also admitted during her deposition that her day was not disrupted by the calls. Exhibit A (Plaintiff's deposition transcript) at

3

13:15-15:25. The Complaint alleges that UCB left a prerecorded message for Plaintiff each time UCB called Plaintiff. Compl. ¶ 15. Plaintiff called UCB after the last unanswered phone call and informed UCB that she was not the person UCB was seeking. Exhibit A at 52:3-54:25. The recording of the conversation between UCB and Plaintiff reveals that the call lasted less than one minute and UCB was cordial during the call. *Id*. at 56:10-58:14; *see also* Exhibit B (recording of phone call between UCB and Plaintiff and transcript thereto.) At all relevant times, Plaintiff had unlimited minutes with respect to her phone plan, Exhibit A at 59:23-60:10 and Exhibit C hereto, and she failed to present evidence revealing that the voicemails caused concrete harm during her deposition or through discovery. UCB never called Plaintiff again after she informed UCB that it had dialed the correct number but she was not the debtor. Plaintiff does not allege that she or any putative class member suffered any type of monetary harm due to UCB's alleged conduct.

## **LEGAL STANDARD**

A party may challenge the existence of a federal court's subject matter jurisdiction pursuant to a motion under Federal Rule of Civil Procedure 12(b)(1). *Keener v. Nat'l Nurses Org. Comm.*, 615 F. App'x 246, 251 (6th Cir. 2015); *Moir v. Greater Cleveland Reg. Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Jurisdiction in federal courts is limited by Article III of the Constitution, which restricts federal courts to deciding actual cases and controversies. *Raines v. Byrd*, 521 U.S. 811, 818 (1997) ("No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.") "One element of the case-or-controversy requirement is plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 133 S.Ct. 1138, 1146 (2013); *accord Dismas Charities, Inc. v. U.S. Dep't of Justice*, 401 F.3d 666, 671 (6th Cir. 2005). "Standing to sue . . . limits the category of litigants empowered to maintain a lawsuit in federal court . . . ." *Spokeo*, 136 S. Ct. at 1547.

To establish standing, a plaintiff bears the burden to establish: "(1) injury-in-fact – an invasion of a legally-protected interest that is both concrete and particularized, and actual or imminent, (2) causation, and (3) redressability." *Courtney v. Smith*, 297 F.3d 455, 459 (6th Cir. 2002); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Injury-in-fact, above all else, is the "indispensable element of a dispute" that "adds an essential dimension of specificity to the dispute by requiring that the complaining party have suffered a particular injury caused by the action." *Lujan*, 504 U.S. at 560.

"It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have

5

standing." *Raines*, 521 U.S. at 820 n.3. Although Congress has a role in identifying certain legally cognizable harms, that "does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 136 S. Ct. at 1549. Indeed, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Id*. "Article III standing requires a concrete injury even in the context of a statutory violation." *Id*.

## ARGUMENT

### I. This Court Lacks Subject Matter Jurisdiction Under Article III To Adjudicate Plaintiff's Claim.

Plaintiff has not and cannot allege concrete harm sufficient to establish an injury-in-fact that is redressable by this Court under Article III. Accordingly, Plaintiff lacks standing to pursue her claim, requiring this Court to dismiss the Complaint for lack of subject matter jurisdiction.

### A. Plaintiff Does Not Allege Any Injury-In-Fact And Her Deposition Testimony Confirms The Lack Of An Injury-In-Fact.

A plaintiff "bears the burden of demonstrating standing and must plead its components with specificity." *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 494 (6th Cir. 1999) (emphasis added). To do so, a plaintiff cannot simply rely on

6

unfounded speculation or conclusory assertions at the pleading stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Here, the Complaint makes the conclusory allegations that "Plaintiff and the class have been substantially damaged by defendant's calls. Their privacy was improperly invaded, they were charged for the calls and they were annoyed." Compl. ¶ 22. Plaintiff's conclusory allegations fail to allege substantive facts sufficient to meet the threshold for Article III standing. *Coyne*, 183 F.3d at 494. Even if Plaintiff sufficiently pleaded facts sufficient to meet that threshold, her conclusory allegations are belied by her deposition testimony. During her deposition, Plaintiff testified that UCB called her three times: Once on January 21, 2016, once on January 26, 2016 and once on February 5, 2016. Exhibit A at 13:15-15:25. Plaintiff was asked during her deposition how the three calls affected her. *Id.* In response to these questions, Plaintiff never stated or even implied that her privacy was improperly invaded. *Id.* She testified that she was speaking with clients each time she received a call from UCB, she does not recall what time she received any of the calls, she saw the UCB number on her caller identification screen, and she did not terminate or otherwise disrupt any of the conversations that she was having when UCB called. *Id.* The inconsistencies between Plaintiff's allegations and her deposition testimony do not stop there. Plaintiff admitted during her deposition, and her cellular phone bills confirm, that she was never

7

charged for the calls that UCB made to her and she did not suffer any other type of monetary harm. *Id*. at 59:23-60:10, 63:1-63:13, 64:19-66:4; *see also* Exhibit C. In fact, Plaintiff had unlimited minutes on her cellular phone plan and unanswered calls do not count against her minutes even if she did not have unlimited minutes. *See* Exhibit C. Indeed, although Plaintiff alleges that UCB called her from the phone number 614-263-1200 on January 21, 2016, January 26, 2016 and February 5, 2016, Compl. ¶¶ 12-13, that number does not show up anywhere on any of her phone bills. *See* Exhibit C. Even if she did not have unlimited minutes, Plaintiff has not and cannot demonstrate that she was harmed by the voicemails that she received sufficient to establish Article III standing in a TCPA case. *Romero v. Department Stores Nat'l Bank*, 199 F. Supp. 3d 1256, 1262-63 (S.D. Cal. 2016) (dismissing a TCPA claim for lack of Article III standing because plaintiff did not incur concrete harm as a result of unanswered debt collection calls.)

As demonstrated above, Plaintiff's Complaint is bereft of any allegations of concrete harm. Her deposition testimony and cellular phone bills further underscore the fact that she has not incurred concrete harm. Having failed to allege any specific, individualized harm, Plaintiff fails to establish the Article III standing necessary to maintain this action. This case must be dismissed.

### B. Plaintiff's Allegations of a Bare Statutory Violation Do Not Satisfy Article III's Injury-In-Fact Requirement.

Without any actual harm, Plaintiff is left asserting an argument that is incompatible with *Spokeo* and which has been flatly rejected by several courts analyzing *Spokeo* in conjunction with the TCPA: that an alleged technical violation of the TCPA alone constitutes an "injury" sufficient to maintain standing. In *Spokeo*, the Supreme Court addressed Article III standing for Fair Credit Reporting Act ("FCRA") claims seeking statutory and punitive damages for alleged statutory violations, and the Supreme Court's decision clarifies the proper analytical framework for assessing injury-in-fact and, in particular, the constitutional requirement for "concrete harm." 136 S. Ct. at 1544. The *Spokeo* decision provides a clear roadmap for the instant case and requires the dismissal of the Complaint.

In *Spokeo*, the plaintiff, Robins, filed a putative class action alleging that *Spokeo* violated the FCRA by posting inaccurate information about him on its website. *Id*. at 1546. Robins sought statutory and punitive damages for an alleged willful FCRA violation. *Id*. To establish injury-in-fact, however, a plaintiff must show that she suffered "an invasion of a legally protected interest" that is both "concrete and particularized." *Id*. at 1547 (citing *Lujan*, 504 U.S. at 560). According to the Supreme Court, "[a] 'concrete' injury must be 'de facto'; that is, it must actually exist. 136 S. Ct. at 1548 (emphasis added). In other words, the

9

injury must be "real," and not "abstract."  *Id*.  In light of *Spokeo*, to sufficiently allege a "concrete," i.e. "actually exist[ing]" and "real," injury, it is not enough to merely allege a violation of a statute (here, the TCPA).  As the Supreme Court cautioned: "Congress' role . . . does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right."  136 S. Ct. at 1549.  Thus, a plaintiff bringing suit "could not, for example, allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."  *Id*. (emphasis added).  The Supreme Court recognized that, while Congress "plainly sought to curb the dissemination of false information by adopting procedures designed to decrease that risk . . .[,] Robins cannot satisfy the demands of Article III by alleging a bare procedural violation."  *Id*.  Indeed, "[a] violation of one of the FCRA's procedural requirements may result in no harm." *Id*. at 1550.

Following *Spokeo*, several district courts dismissed have TCPA claims for a lack of Article III standing because the plaintiffs in those cases, like Plaintiff in this case, failed to sufficiently allege or submit evidence revealing that they incurred concrete harm.  *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 801-802 (W.D. Pa. 2016) (dismissing the TCPA claim under *Spokeo*);  *Sartin v. EKF Diagnostics, Inc. & Stanbio Laboratory, L.P.*, 2016 U.S. Dist. LEXIS 86777 (E.D.

10

La. July 5, 2016) ("the complaint's only reference to any kind of injury appears in a single sentence, which states that defendants' failure to comply with the TCPA's requirements 'caus[ed] Plaintiff and Plaintiff Class to sustain statutory damages, in addition to actual damages, including but not limited to those contemplated by Congress and the [Federal Communications Commission]' . . . . its vague reference to Congress and the FCC provides no factual material from which the Court can reasonably infer what specific injury, if any, [Plaintiff] sustained through defendants' alleged statutory violations."); *Kostmayer Constr., LLC v. Port Pipe & Tube, Inc.*, 2016 U.S. Dist. LEXIS 145947 (W.D. La. Oct. 19, 2016) (same rationale as *Sartin*); *Smith v. Aitima Med. Equip., Inc.*, 2016 U.S. Dist. LEXIS 113671 (C.D. Cal. July 29, 2016) ("Plaintiff alleges a single call that surely cannot be considered systematic. At most, the phone call lasted for a few seconds. Any depletion of Plaintiff's battery, or aggravation and nuisance, resulting from only one call, is a de minimis injury. The Court finds that '[t]he injury is too de minimis to satisfy the standing doctrine's core aim of improving judicial decision-making by ensuring that there is a specific controversy before the court and that there is an advocate with sufficient personal concern to effectively litigate the matter.'"); *Ewing v. SQM US, Inc. et al.*, 211 F. Supp. 3d 1289 (S.D. Cal. 2016) ("… Plaintiff does not, and cannot, allege that Defendants' use of an ATDS to dial his number caused him to incur a charge that he would not have incurred had

11

Defendants manually dialed his number, which would not have violated the TCPA. Therefore, Plaintiff did not suffer an injury in fact traceable to Defendants' violation of the TCPA and lacks standing to make a claim for the TCPA violation here."); *Romero*, 199 F. Supp. 3d 1256 (S.D. Cal. 2016) (dismissing a TCPA claim under *Spokeo*); *Supply Pro Sorbents, LLC v. RingCentral, Inc.*, 2016 U.S. Dist. LEXIS 140033 (N.D. Cal. Oct. 7, 2016) (dismissing a TCPA claim under *Spokeo*).

*Romero*, 199 F. Supp. 3d 1256, is instructive because that case provides an example of a district court dismissing a TCPA claim where, as here, the plaintiff did not answer the phone.[1] In *Romero*, the defendant creditor called the plaintiff using an ATDS over 290 times during a six-month period. *Id*. at 1259. The plaintiff was not aware of some of the calls. *Id*. The plaintiff heard the phone ring for "many of" the calls, but did not answer the phone. *Id*. at 1263. The plaintiff answered two or three of the other calls. *Id*. "According to Plaintiff, on each of these occasions [in which she answered the calls] she asked Defendants to stop calling her. Defendants did not call Plaintiff again after the last call Plaintiff answered in December 2014." *Id*. at 1259.

---

[1] Depending on the factual allegations and evidence, some courts have dismissed TCPA cases under *Spokeo* while others have not. The holding in *Romero* is instructive here because the court analyzed a TCPA claim under *Spokeo* where, as here, the plaintiff did not answer the phone and ignored the call.

12

The plaintiff filed a lawsuit against the defendant creditor and alleged that the creditor violated the TCPA for making calls using an ATDS. *Id*. The plaintiff's complaint alleged that the defendant's conduct caused "'… severe and substantial emotional distress, … physical and emotional harm… anxiety, stress, headaches…, back, neck and shoulder pain, sleeping issues…, anger, embarrassment, humiliation, depression, frustration, shame, lack of concentration, dizziness, weight loss, nervousness and tremors, family and marital problems that required counseling, amongst other injuries and negative emotions.'" *Id*. The plaintiff made similar allegations during her deposition. *Id*.

The defendant moved to dismiss the case pursuant to the *Spokeo* decision and the Court granted the motion to dismiss. *Id*. at 1260-66. The Court held that the plaintiff did not sufficiently allege or prove that she had incurred a concrete injury. *Id*. at 1261-66. In making this determination, the Court analyzed "whether Plaintiff has evidence of an injury in fact specific to each individual call, and not in the aggregate based on the total quantity of calls." *Id*. at 1261. As a part of this analysis, the Court broke down the 290 calls into three categories: (1) calls of which plaintiff was not aware; (2) calls that the plaintiff was aware of but did not answer; and (3) calls that the plaintiff answered. *Id*. at 1262-63. The Court held that the plaintiff did not incur concrete harm with respect to any of the categories

13

of calls. *Id*. With respect to calls that plaintiff was not aware of and calls that plaintiff did not answer, the Court stated the following:

> A plaintiff cannot have suffered an injury in fact as a result of a phone call she did know was made. Moreover, ***even for the calls Plaintiff heard ring or actually answered, Plaintiff does not offer any evidence of a concrete injury caused by the use of an ATDS, as opposed to a manually dialed call.*** Accordingly, Plaintiff has not and cannot demonstrate that any one of Defendants' over 290 alleged violations of the TCPA, considered in isolation, actually caused her a concrete harm.

*Id*. at 1262 (emphasis added.)

The similarities between this case and *Romero* do not end there. Like the Plaintiff in this case, the plaintiff in the *Romero* case also alleged that the calls amounted to an invasion of privacy. *Id*.; *see also* Compl. ¶ 22. As stated above, the Plaintiff in this case did not mention an invasion of privacy during her deposition and she only conclusorily alleged invasion of privacy in her Complaint. Exhibit A at 13:19-15:25, 68:3-68:25; Compl. ¶ 22. Even if Plaintiff had mentioned invasion of privacy during her deposition or alleged sufficient facts in the Complaint, the *Romero* Court made it clear that an invasion of privacy is not a concrete harm sufficient to confer Article III standing under *Spokeo* because an invasion of privacy is a tort, not an injury in and of itself. 199 F. Supp. 3d at 1262. The *Romero* court stated that "[i]njury is merely an element of these claims." *Id*.

14

The *Romero* Court acknowledged that while "… injury, 'lost time, aggravation, and distress,' could possibly be an 'injury in fact' for the purpose of standing," the *Romero* plaintiff, like Plaintiff here, failed to reach that threshold. *Id*. at 1262. The Plaintiff in this case failed to reach that threshold because she failed to allege in the Complaint or state in her deposition that she lost time, had aggravation or had distress. Exhibit A at 13:19-15:25, 68:3-68:25. Indeed, Plaintiff in this case admitted that she never picked up the phone and continued doing what she was doing without an interruption. *Id*. at 13:19-15:25. The plaintiff in *Romero*, like Plaintiff here, also failed to reach that threshold because "Plaintiff's failure to connect any of these claimed injuries in fact with any (or each) specific TCPA violation is alone fatal to Plaintiff's standing argument." *Id*. at 1262. Where, as here, the plaintiff heard the phone ring but did not answer the call, the lost time, aggravation and distress is not concrete harm for the following reason:

> No reasonable juror could find that one unanswered telephone call could cause lost time, aggravation, distress, or any injury sufficient to establish standing. When someone owns a cell phone and leaves the ringer on, they necessarily expect the phone to ring occasionally. Viewing each call in isolation, whether the phone rings as a result of a call from a family member, a call from an employer, a manually dialed call from a creditor, or an ATDS dialed call from a creditor, any "lost time, aggravation, and distress," are the same. Thus, Defendants' TCPA violation (namely, use of an ATDS to call

15

Plaintiff) could not have caused Plaintiff a concrete injury with respect to any (and each) of the calls that she did not answer.

*Id*. at 1263.

Therefore, because Plaintiff can only allege a technical violation of the TCPA and not concrete harm, the Complaint must be dismissed with prejudice.

### C. The Class Must Be Dismissed.

A class may not be certified when it is not "reasonably clear that the proposed class members have all suffered a constitutional or statutory violation warranting some relief." *Adashunas v. Negley*, 626 F.2d 600, 604 (7th Cir. 1980). "[N]o class maybe certified that contains members lacking Article III standing." *Denney v. Deutsche Bank AG*, 443 F.3d 253, 264 (2d Cir. 2006).

In this case, Plaintiff's proposed class consists of the following:

> All persons in the United states who: (a) Defendant and/or someone on Defendant's behalf called at least twice on their cellular phone; (b) and played the same or similarly-created message to the voice mail left for plaintiff; (c) where the phone number was not obtained from the recipient of the call, as to the alleged debt being collected; (d) where at least one call was made in the period that begins four years before the date of filing this Complaint.

According to the Complaint, Plaintiff and all of the putative class members have the same claim – a technical, procedural violation of a federal statute. Compl. ¶¶ 29-30. The putative class members, like Plaintiff, cannot show any concrete and particularized harm, and any attempt to demonstrate such harm would create individualized inquiries and mini-trials that preclude certification under Rule 23.

16

Because the allegations in the Complaint reveal that the absent class members have not suffered an injury-in-fact as a result of UCB's alleged acts, the Complaint must be dismissed for this additional reason.

## CONCLUSION

For the foregoing reasons, UCB respectfully requests that the Court dismiss this lawsuit.

Date: May 26, 2017              **UNITED COLLECTION BUREAU, INC.**

By:/s Keith J. Barnett
Keith J. Barnett
Georgia State Bar No. 142340
TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street, N.E., Suite 5200
Atlanta, Georgia 30308-2216
Telephone: (404) 885-3423
Facsimile: (404) 885-3900
keith.barnett@troutmansanders.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 26, 2017, I caused the foregoing to be electronically filed with the Clerk of the United States District Court for the Northern District of Ohio using the CM/ECF system, which will send notification of such filing to all counsel of record. Sealed materials will be sent by mail to counsel of record.

*/s/ Keith J. Barnett*
Keith J. Barnett

*Attorney for Defendant*
*United Collection Bureau, Inc.*

31435559v1