**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Deborah Meredith,** | ) | **CASE NO. 1:16 CV 1102** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **United Collection Bureau, Inc.** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Defendant.** | ) | |

### INTRODUCTION

This matter is before the Court upon Defendant United Collection Bureau, Inc.'s Motion to Dismiss Complaint (Doc. 49). For the reasons that follow, Defendant's motion is DENIED.

### BACKGROUND

Plaintiff Deborah Meredith ("Meredith") filed this putative class action lawsuit, alleging that Defendant United Collection Bureau ("UCB") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any

1

telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3). The statute allows for statutory damages in the amount of $500 per call, or $1,500 per call deemed to be in willful violation.

Meredith alleges that UCB, a debt collection service, initiated multiple telephone calls to her cellular telephone in an attempt to collect a debt.[1] (Compl. ¶ 11). She alleges that she was unable to answer the calls and that UCB left multiple voicemail messages for her. (*Id.* ¶ 15). The messages stated:

> You should not listen to this message so that other people can hear it, as it contains personal and private information. There will now be a three second pause in this message to allow you to listen to this message in private. This communication is from United Collection Bureau, Inc., a debt collector. This is an attempt to collect a debt and information obtained will be used for that purpose. Please contact United Collection Bureau, Inc., at 800-444-2032 during our normal business hours M-R 8am to 7pm and F 8am to 5pm EST. When calling please have the following reference number available xxxx9591. Again, please contact United Collection Bureau, Inc., at 800-444-2032. Thank you. Good Bye.

(*Id.* ¶ 15). Meredith claims that the messages were prerecorded and made using equipment that automatically and sequentially called a list of telephone numbers, obtained from a "skip-trace" or similar third-party source. (*Id.* at ¶¶ 17, 21). Meredith alleges that UCB knew or should have known that she did not consent to receiving the calls. (*Id.* at ¶ 19). She asserts that UCB's practice of using autodialed, prerecorded-voice collection calls using contact information obtained from its clients or third-party skip-trace services foreseeably results in UCB making numerous wrong number calls to the cell phones of people other than the debtor, in violation of

---

[1] The debtor, whom UCB sought to contact, was not Meredith. The debtor's cellular phone number was reassigned to Meredith.

the TCPA. She seeks to represent individuals who received autodialed, debt collection robocalls from UCB to their cell phones without prior express consent.

Meredith claims that she and the class have been harmed by UCB's calls. Specifically, she alleges that "their privacy was improperly invaded, they were charged for the calls, and they were annoyed." (*Id.* ¶ 22). In her deposition, Meredith testified that the calls wasted her time, including the time that she spent listening and responding to the voicemail messages. She testified that she listened to the three messages that she received "numerous times" because she did not understand why she was receiving them and because she was "afraid." (*See, e.g.,* Meredith Dep. at 68-69) (testifying that she listened to each message at least six or seven times because she "wanted to be sure what [she] was hearing"). The messages did not identify whom they were for, but Meredith believed they were for her because they were on her phone. (*Id.* at 23-24). The calls "shocked and surprised her" and caused her stress. (*Id.* at 22, 68). Listening to the messages took time away from her work and upset her to the point that she was not able to make phone calls for work. (*Id.* at 69).

UCB now moves to dismiss Meredith's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on the basis that Meredith lacks Article III standing. Meredith opposes the motion.

### **Rule 12(b)(1)**

When a court's subject matter jurisdiction is challenged under Rule 12(b)(1) of the Federal Rules of Civil Procedure, the party seeking to invoke jurisdiction bears the burden of proof. *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Rogers v. Stratton*, 798 F.2d 913, 915 (6th Cir. 1986). A 12(b)(1) motion to dismiss may constitute either a

facial attack or a factual attack. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). Facial attacks question the sufficiency of the jurisdictional allegations in the complaint. *Id*. Thus, those allegations must be taken as true and construed in the light most favorable to the nonmoving party. *Id*. Factual attacks, however, challenge the actual fact of the court's jurisdiction. *Id*. In such cases, the truthfulness of the complaint is not presumed. *McGee v. East Ohio Gas Co.*, 111 F.2d 979, 982 (S.D. Ohio 2000) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320 (6th Cir. 1990)). Instead, the Court may weigh any evidence properly before it. *Morrison v. Circuit City Stores, Inc.*, 70 F. Supp. 2d 815, 819 (S.D. Ohio 1999) (citing *Ohio Nat'l*, 922 F.2d 320; *Rogers*, 798 F.2d 913).

UCB does not state whether its challenge is a facial or factual attack. Because it attached and relied on Plaintiff's deposition testimony to support its motion, the Court will construe it as a factual attack. (Doc. 49-1, at 6) ("Plaintiff does not allege any injury-in-fact and her deposition testimony confirms the lack of an injury-in-fact); *See Bowers v. Wynne*, 615 F.3d 455, 457 (6th Cir. 2010) (construing a motion to dismiss for lack of subject matter jurisdiction as a factual attack because defendant relied on evidence outside of the complaint).[2]

**Article III Standing**

Federal court jurisdiction is limited to actual cases or controversies. *Raines v. Byrd*, 521 U.S. 811, 818 (1997). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409,

---

[2] Although UCB relied on Meredith's deposition testimony in its opening brief, it nevertheless asserts that Meredith could not do the same in responding to UCB's motion. (*See* Doc. 57, at 2). Because the Court is construing the motion as a factual attack, it will take Meredith's deposition into account when considering whether she has produced sufficient evidence of standing.

4

133 S. Ct. 1138, 1146 (2013) (internal citations omitted). To establish Article III standing, a plaintiff must "allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Imhoff Investment, L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 630 (6th Cir. 2015) (internal quotations omitted). The injury must be both "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Id.* (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180, 120 S. Ct. 693 (2000)).

"Injury in fact is a constitutional requirement, and '[i]t is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547–48, 194 L. Ed. 2d 635 (2016) (quoting *Raines,*, 521 U.S. at 820, n. 3). Thus, Article III standing requires a concrete injury even in the context of a statutory violation; "a bare procedural violation, divorced from any concrete harm, [cannot] satisfy the injury-in-fact requirement of Article III." *Id.* at 1549.

Here, UCB argues that Meredith has failed to establish that she suffered any concrete harm. It asserts that the Complaint makes only conclusory allegations of harm (invasion of privacy, charges for phone calls, and annoyance) and that her deposition testimony shows that she suffered no harm. It asserts that she did not testify that her privacy was invaded, that she was charged for the calls, or that she lost time or suffered aggravation or distress because of the calls. According to UCB, Meredith asserts a bare procedural violation of the TCPA.

When Congress enacted the TCPA, it did so in part to protect consumers from the "nuisance, invasion of privacy, cost, and inconvenience that autodialed and prerecorded calls

5

generate." *Caudill v. Wells Fargo home Mortgage, Inc.*, 2016 WL 3820195 (E.D. Ky. July 11, 2016) (quoting Rules & Regulations Implementing the TCPA, 30 F.C.C.R. 7961, 7979 (2015)); *see also See Martin v. Leading Edge Recovery Sols., LLC*, No. 11 C 5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) ("one of the purposes of the TCPA was to protect telephone subscribers from the 'nuisance' of unwanted calls"). Indeed, the Sixth Circuit recognized in *Imhoff* that such harm, in the context of a TCPA claim, is sufficient to establish a concrete harm. 792 F.3d at 632 (holding that the receipt of an unsolicited fax advertisement causes a concrete harm and recognizing that such advertisements "waste the recipients' time") (quoting *American Copper & Brass, Inc. v. Lake City Indus. Products, Inc.*, 757 F.3d 540, 542 (6th Cir. 2014)); *see also Ira Holtzman, C.P.A. v. Turza*, 728 F.3d 682, 684 (7th Cir. 2013) ("Even a recipient who gets the fax on a computer and deletes it without printing suffers *some* loss: the value of the time necessary to realize that the inbox has been cluttered by junk.").

Though *Imhoff* predates *Spokeo*, district courts in the Sixth Circuit have consistently held that it remains good law because it addressed the very issue raised by *Spokeo*: whether a plaintiff has suffered a sufficiently concrete harm. *See, e.g., Caudill*, 2016 WL 3820195, at *2 (plaintiff had standing in a TCPA case because time plaintiff spent reviewing junk email was time "it could have spent on other more productive business activities"); *Hamza v. Dunhams Athleisure Corp.*, No. 16-11641, 2017 WL 1077895, at *3 (E.D. Mich. Mar. 22, 2017) ("Defendant's argument [against standing] is at odds with the vast majority of decisions rendered by courts considering whether a concrete injury-in-fact has occurred when a plaintiff makes invasion of privacy allegations based on calls or texts received that the plaintiff has pled violated the

6

TCPA.").[3]

Meredith has done more than allege a technical violation of the TCPA. Her Complaint alleges that the calls invaded her privacy and annoyed her. Her deposition testimony demonstrates that the calls wasted her time, caused her distress, and impeded her ability to work. Under *Spokeo*, she has both alleged and shown that UCB's calls caused her a concrete harm sufficient to meet the Article III injury-in-fact requirement.

UCB also argues that the class claims must be dismissed because the class members have suffered no concrete and particularized harm and that "any attempt to demonstrate such harm would create individualized inquiries and mini-trails that preclude certification under Rule 23." (Doc. 49-1, at 16). UCB's argument is essentially a disguised argument against class certification, and as such, is premature.

**CONCLUSION**

For the foregoing reasons, Defendant United Collection Bureau, Inc.'s Motion to Dismiss Complaint (Doc. 49) is DENIED.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 4/13/18

---

[3] Meredith cites numerous district court cases in the Sixth Circuit holding that a TCPA plaintiff has suffered a sufficiently concrete injury to confer standing. (Doc. 51, at 1).