**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH MEREDITH, | ) | |
| Plaintiff, | ) | 1:16-cv-01102-PAG |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED COLLECTION BUREAU, INC., | ) | Judge Gaughan |
| Defendant. | ) | |

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Settlement Agreement") is entered into by and among Plaintiff Deborah Meredith ("Plaintiff") and the Settlement Class (as defined below), on the one hand, and Defendant United Collection Bureau, Inc. ("Defendant" or "UCB"), on the other hand. Plaintiff, the Settlement Class, and Defendant are collectively referred to as the "Parties."  This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge and settle the Released Claims (as defined below), subject to the terms and conditions set forth herein and subject to Court approval.

**RECITALS AND DEFINITIONS**

1.  <u>Nature of Litigation</u>.  Plaintiff filed a lawsuit against Defendant, which is pending in the United States District Court for the Northern District of Ohio, No. 1:16-cv-01102 (the "Litigation").  Plaintiff alleges in the Litigation that Defendant violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by making calls to the cellular telephone numbers of a nationwide class of individuals using an automatic telephone dialing system or an artificial or prerecorded voice, without prior express consent.

2.  <u>Denial of Liability</u>.  Defendant denies violating the TCPA, denies any wrongdoing whatsoever for any acts or omissions alleged in the Litigation, and further denies

1

any liability to Plaintiff or the Settlement Class for any acts or omissions alleged in the Litigation.  Defendant also maintains that it has meritorious defenses to the claims alleged in the Litigation and was prepared to vigorously defend all aspects of the Litigation.  Defendant desires to enter into this Settlement Agreement solely to avoid the expense, burden, and uncertainty of further litigation, and to put to rest all claims, known or unknown, asserted or unasserted, actual or contingent, that have been or might have been asserted by the Plaintiff or the Settlement Class against Defendant concerning the matters alleged in the Litigation.

3.      "Settlement Class Counsel" or "Class Counsel" means Burke Law Offices, LLC, SmithMarco, P.C., and The Law Firm of Mitch Luxenburg.  For settlement purposes only and subject to Court approval, the Parties stipulate to the appointment of Burke Law Offices, LLC, SmithMarco, P.C., and The Law Firm of Mitch Luxenburg as Class Counsel for the Settlement Class (as defined below).

4.      "Settlement Class" means, for settlement purposes only and subject to Court approval, all non-customers (1) to whom UCB placed one or more calls, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of UCB's calls, (3) by using UCB's IAT CT Center dialer, (4) from May 9, 2012, through October 5, 2018, limited to the 138 class members on the Class List.

The discovery in this case revealed, and UCB represents, that there are 138 unique phone numbers that fall within the Settlement Class as defined above, with a total of 420 prerecorded-voice calls to those 138 numbers.  This is the "Class List."  Settlement Class Counsel or the Settlement Administrator (as defined below) will identify the members of the Settlement Class based upon the information, through discovery, that UCB provided to Settlement Class Counsel.

5.      "<u>Released Parties</u>" means Defendant UCB and each of its respective divisions, parents, subsidiaries, predecessors, investors, parent companies, affiliates, and insurers, whether past or present, any direct or indirect subsidiary of UCB and each of their respective divisions, parents, subsidiaries, predecessors, investors, parent companies, affiliates, and insurers, whether past or present, and all of the officers, directors, employees, agents, brokers, distributors, representatives, clients, and any other persons on whose behalf UCB attempted to contact consumers.

6.      "<u>Settlement Class Administrator</u>" or "<u>Settlement Administrator</u>" means, subject to Court approval, American Legal Claim Services, LLC, which is the firm retained by the Parties to issue notice to the Settlement Class Members and to administer the Settlement.

7.      "<u>Settlement Class Member</u>" or "<u>Class Member</u>" means Plaintiff and any member of the Settlement Class who does not opt out and is not otherwise excluded from the Settlement Class by the Court.

8.      "<u>Released Claims</u>" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory damages, based upon the TCPA or any state court analog claims resting upon UCB's use of automated equipment or prerecorded messages during UCB's outbound phone calls to cell phones, and that accrued at any time up to and including the final date of execution of this Agreement.  The unknown claims

referred to herein means and includes all claims, demands, rights, liabilities, and causes of action for damages arising out of, or relating to, claims involving the factual predicate alleged in the Litigation, which any person does not know or suspect to exist in his, her or its favor at the time of execution of this Agreement which, known by him, her or it, might have affected his, her or its settlement or release of claims for damages, up to the date of this Agreement.

## TERMS

9.      <u>Incorporation of Recitals and Definitions</u>.  The recitals and definitions set forth above are incorporated into this Settlement Agreement.

10.     <u>Effective Date</u>.  The Settlement Agreement shall become effective (hereinafter the "Effective Date") upon the occurrence of all of the following: (a) the Court's entry of a Final Approval Order substantially in the form of <u>Exhibit 1</u>, and (b) (i) if there is no appeal, the expiration of one business day after the date the Final Approval Order becomes final and non-appealable or (ii) if there is an appeal or appeals, the date of completion of such appeal or appeals, and all proceedings arising from such appeal or appeals (including, without limitation, the expiration of all deadlines for motions for reconsideration or petitions for review or certiorari, all proceedings ordered on remand, and all proceedings arising from any subsequent appeal or appeals following decisions on remand), in a manner that finally affirms and leaves in place the Final Approval Order without any material modification.

11.     <u>Certification of Settlement Class</u>.  Solely for the purposes of settlement, and subject to Court approval, the parties stipulate to the certification of the Settlement Class.  For settlement purposes only and subject to Court approval, the Parties stipulate that Plaintiff shall be appointed class representative for the Settlement Class.  The Settlement Class shall be certified pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.  Defendant does not consent

4

to certification of the Settlement Class for any purpose other than to effectuate this settlement of the Litigation.  If this Settlement Agreement is not approved by the Court or is terminated pursuant to its terms or for any other reason, or is disapproved in a final order by any court of competent jurisdiction, (a) any order certifying the Settlement Class and all preliminary and/or final findings or stipulations regarding certification of the Settlement Class shall be automatically vacated upon notice to the Court of this Settlement Agreement's termination or disapproval; (b) this Litigation will proceed as though the Settlement Class had never been certified and any related findings or stipulations had never been made and neither this Settlement Agreement, nor any of its Exhibits, nor any other associated settlement document may be used in seeking class certification; and (c) Defendant reserves all procedural or substantive rights as of the date of execution of this Settlement Agreement.

12.     <u>Relief to Plaintiff and the Settlement Class</u>.   The following relief shall be provided to Plaintiff and the Settlement Class, subject to the Court's approval:

a.      Defendant shall fund a $210,000 settlement fund ("Settlement Fund") which shall be distributed as set forth below. The entire Settlement Fund, less any notice expenses already paid by Defendant as provided for in paragraph 15 below, will be due to be delivered to the Settlement Class Administrator within fourteen (14) days following the Effective Date.  The entire Settlement Fund will be paid out, and there will be no reverter to Defendant.

b.      Notice and administration expenses will be paid from the Settlement Fund. The Settlement Fund less notice and administrative expenses is the "Net Settlement Fund."

c.      After the notice and administration expenses are deducted from the Settlement Fund, the Net Settlement Fund shall be apportioned as follows:

i.      Plaintiff shall request no more than $10,000 as an incentive award in recognition of her services as class representative, which amount shall be in addition to her recovery as a class member.  Any incentive award shall be paid to the Plaintiff from the Net Settlement Fund.

ii.     Settlement Class Counsel shall request a percentage of the total Settlement Fund for attorneys' fees plus any recoverable costs. Any attorneys' fees and costs shall be paid to Settlement Class Counsel solely from the Net Settlement Fund.

iii.    Each Settlement Class Member who submits a valid claim form will be sent a check in an amount equal to his/her/its pro rata share of the Net Settlement Fund after the amounts set forth in subsections (c)(i) and (c)(ii) are deducted ("Initial Settlement Payment"). Each Settlement Class Member shall be entitled to one pro rata share of the Net Settlement Fund for each UCB call to the Settlement Class Member, as identified in the Class List.

iv.     If there is money remaining in the Net Settlement Fund after the distributions and payments identified in (c)(i)-(iii), above, then to the extent administratively feasible, further payments to Settlement Class Members who cashed their Initial Settlement Payments shall be made in an amount equal to their pro rata share of any funds remaining in the Net Settlement Fund ("Further Distributions").

v.      If there is not sufficient money remaining in the Net Settlement Fund to make a Further Distribution as provided in section (c)(iv) above, such funds remaining in the Net Settlement Fund shall be distributed to a *cy pres* charity, and the parties agree to propose the National Consumer Law Center.

13.     <u>Payments</u>. Within 30 days following the Effective Date, the Settlement Class Administrator shall distribute the respective apportionment of the Net Settlement Fund to Class Members who have submitted timely and valid claim forms in accordance with this Settlement Agreement. Any award of attorneys' fees and costs to Settlement Class Counsel and any incentive award to Plaintiff which are approved by the Court will similarly be distributed to Settlement Class Counsel and Plaintiff within 30 days following the Effective Date.

14.     Settlement Class Members shall have 60 days to submit a claim form ("Claim Deadline") to opt out of, or object to, the proposed Settlement after the Notice Deadline. Claim forms may be submitted through the website or via U.S. Mail.

15.     Costs associated with notice, claims administration, and distribution of settlement checks shall be paid from the Settlement Fund. Payments to the Settlement Class Administrator,

and any and all fees or costs associated with giving notice to the Settlement Class, shall be paid from the Settlement Fund.  The Settlement Class Administrator shall submit invoices detailing such fees and costs, which Defendant shall pay within 14 days of actual receipt.  Any amounts paid by Defendant under this paragraph shall be deducted from the amount due under paragraph 12(a) above.

16.    Expiration of Settlement Checks. The settlement checks issued to the members of the Settlement Class for payment of claims under this Settlement Agreement (both Initial Settlement Payment and Further Distributions, if any) will be void after 90 days from the date of issuance, and shall so state on the check.  Any Settlement Class Member who does not negotiate the claim payment check issued to such Settlement Class Member within 90 days of the date of issuance of the settlement claim payment check agrees that such Settlement Class Member rescinds and withdraws his, her, or its claim for monetary compensation under this Settlement Agreement but remains a member of the Settlement Class and is bound by the terms of this Settlement Agreement.

17.    Undistributed Settlement Funds.  Within thirty (30) days after the last void date of all settlement checks (both Initial Settlement Payment and Further Distributions, if any) issued to Settlement Class Members, the Settlement Class Administrator will report to the Parties if there are any uncashed checks or unclaimed or undistributed amounts remaining in the Net Settlement Fund.  Any such unclaimed or undistributed amounts remaining in the Settlement Fund after all payments required under this Settlement Agreement have been made shall be distributed to the National Consumer Law Center, or any other *cy pres* charities selected by the Court.  No undistributed settlement funds shall revert to Defendant.

18.     Release.  On the Effective Date, Plaintiff and the Settlement Class Members who have not opted out or been otherwise excluded from the Settlement Class shall be deemed to have fully and finally released and discharged the Released Parties from any and all liability for the Released Claims.

19.     Notice.   Within 21 days of entry of the Preliminary Approval Order, the Settlement Class Administrator shall cause notice and claim form in the form of Exhibit 2 to be sent by U.S. Mail to Settlement Class Members identifiable through reverse look-up or similar means ("Notice Deadline").  To the extent the Settlement Class Administrator is unable to itself identify the name and address associated with a particular phone number on the Class List via reverse-lookup, Plaintiff and/or the Settlement Administrator shall use such other methods as are reasonably within their discretion to attempt to identify such information.  Class Counsel and/or the Settlement Administrator will also implement by the Notice Deadline a settlement website containing the information contained in the class notice, contact information for Class Counsel through which Settlement Class Members can obtain further information, and copies of the Settlement Agreement, complaint, claim form, and other relevant case documents for download. Settlement Class Members shall also be able to submit claims through the settlement website, using a unique identifier provided with the class notice.

20.     Claim Validation.  The Settlement Administrator shall match the cell number provided by the Settlement Class Member on a returned claim form to a number on the Class List.  The Settlement Class Administrator shall also determine whether the claim is a duplicate, whether the claim form is signed and examine the claim form for completeness and validity.  If the cell number does not match, then Settlement Class Counsel or the Settlement Class Administrator shall follow up with the Settlement Class Member and inquire if such Settlement

Class Member employed other cell numbers during the class period (to ascertain if any different cell number is a number on the Class List), in an effort to permit correction or determine whether the claim is valid.

21.     <u>W-9 Forms</u>. The notice to the Settlement Class will include a request that the Settlement Class Members complete a W-9 Form and return it to the Settlement Administrator. The Settlement Administrator shall monitor the receipt of completed W-9 Forms, and no later than fourteen (14) days after the Claim Deadline, the Settlement Administrator shall cause a second notice in the form of <u>Exhibit 3</u> to be sent by U.S. Mail to those applicable claimants who have yet to provide a completed W-9 Form to the Settlement Administrator.  This second notice will again request that the Settlement Class Member complete and return a W-9 Form, and that the failure to do so will result in IRS backup withholding. Notwithstanding the above and subject to conferral and approval of the parties, Settlement Administrator is authorized to take additional reasonable steps to ensure proper payments and tax reporting, and prevent IRS penalties.

22.     <u>Initial Settlement Payment</u>. The Settlement Class Administrator shall make the Initial Settlement Payment to Settlement Class Members who submitted valid claim forms within 30 days following the Effective Date.

23.     <u>Further Distributions</u>.  The Settlement Class Administrator shall make the Further Distributions, if any, to Settlement Class Members who cashed his/her/its Initial Settlement Payment within 145 days following the Effective Date.

24.     <u>Right to Object</u>.  Any Settlement Class Member may object to the Settlement Agreement and appear in person or through counsel at his, her or its own expense.  The deadline to object ("Objection Deadline") shall be set by the Court in the Preliminary Approval Order and the Parties shall propose that the Objection Deadline be 60 days after the Notice Deadline.  Any

Settlement Class Member may object to the Settlement Agreement by filing with the Court and contemporaneously mailing a copy of the objection to Class Counsel.  Any objection must in writing and include: (a) the objector's name, address, current phone number and, if different, the phone number UCB called; (b) the objection to the Settlement Agreement, whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and the specific grounds for the objection; (c) documentation, if any, to support the objection; and (d) a statement of whether he or she intends to appear at the final approval hearing, in person or through counsel.  Any Settlement Class Member who fails to timely file and serve a written objection that complies with the foregoing requirements shall not be permitted to object to the approval of the Settlement Agreement at the final approval hearing and shall be foreclosed from seeking review of this Settlement Agreement or the Final Approval Order by appeal or any other means.

      25.   <u>Right of Exclusion</u>.  All Settlement Class Members who properly file a timely written request for exclusion from the Settlement Class shall be excluded from the Settlement Class and shall have no rights as Settlement Class members pursuant to this Settlement Agreement.  A request for exclusion must be in writing and must (a) state the Settlement Class Member's name, address, telephone number and, if different, the phone number UCB called, (b) contain a statement that the Settlement Class Member requests to be excluded from the proposed Settlement Class or does not want to participate in the Settlement, (c) be signed by the Settlement Class Member seeking exclusion, and (d) be mailed to the Settlement Class Administrator at the address provided in the notice and postmarked or received by the Settlement Class Administrator on such date as set by the Court ("Exclusion Deadline"). The Parties shall propose that the Exclusion Deadline be 60 days after the Notice Deadline.  A request for

exclusion that does not include all of the foregoing information, statements, signature, or that is sent to an address other than that provided in notice, or that is not timely submitted shall be invalid and the Settlement Class Member submitting such request shall remain a Settlement Class Member and shall be bound as a Settlement Class Member by this Settlement Agreement provided that the Final Approval Order is entered.  Any Settlement Class Member who requests to be excluded cannot also object to the Settlement Agreement.

26.     Preliminary Approval.  As soon as practicable after execution of this Settlement Agreement, Settlement Class Counsel shall file a Motion for Preliminary Approval of this Settlement Agreement and shall present such motion to the Court requesting the entry of a Preliminary Approval Order substantially in the form of Exhibit 4 or in such other form which is mutually acceptable to the Parties.

27.     Final Approval.  Settlement Class Counsel shall file a memorandum in support of final approval of the Settlement at least 14 days prior to the date the Court sets for the final approval hearing.   The Parties shall request the Court to enter a Final Approval Order substantially in the form of Exhibit 1, or in another form which is mutually acceptable to the Parties.  Settlement Class Counsel shall file a petition for attorney's fees and costs and Plaintiff shall file a petition for incentive award no less than 21 days before the objection and exclusion deadline.

28.     Right to Set Aside Settlement Agreement.  Defendant, in its sole and absolute discretion, shall have the right, but not the obligation, to set aside or rescind this Settlement Agreement if 20 or more of the Settlement Class Members submit non-duplicative, timely and valid requests for exclusion from the Settlement Class or are otherwise excluded from the Settlement Class.  The Settlement Class Administrator shall provide Defendant with copies of all

11

requests for exclusion that have been submitted no later than 14 days after the deadline to opt out of the Settlement. Defendant must timely exercise its right to rescind this Settlement Agreement by filing a Notice of Rescission with the Clerk of the Court prior to the entry of a Final Approval Order by the Court.

29. <u>Termination</u>. Either Party shall have the right to terminate this Settlement Agreement in the event that (a) the Court refuses to grant preliminary approval of this Settlement Agreement, (b) the Court materially modifies this Settlement Agreement or the notices or orders attached as exhibits hereto, (c) the Court refuses to grant final approval of this Settlement Agreement, or refuses to enter the Final Approval Order, in any material respect, or (d) the Final Approval Order is reversed or modified on appeal or otherwise by any court. Further, as stated in paragraph 28, supra, Defendant shall have the right to terminate this Settlement Agreement in the event that 20 or more of the Settlement Class Members submit non-duplicative, timely and valid requests for exclusion from the Settlement Class or are otherwise excluded from the Settlement Class.

30. <u>Confirmatory Discovery</u>. This Settlement is subject to confirmatory discovery. The parties agree to conduct discovery in the form of a deposition and up to two interrogatories to confirm the number of cell phone numbers and calls that fall into the Class List as defined herein. If there are additional calls or accounts identified, above the 420 calls to 138 unique cell numbers, Defendant agrees to increase the Settlement Fund by $500 per respective call.

31. <u>Applicable Law</u>. This Settlement Agreement shall be governed by and interpreted in accordance with the state law of the State of Ohio without regard to its choice of law rules.

32. <u>Miscellaneous Provisions</u>. The Parties and their attorneys agree to cooperate fully with one another in seeking approval of this Settlement Agreement, and to use their best efforts

to effect the consummation of this Settlement Agreement and the settlement provided for herein. Whether or not this Settlement Agreement and the settlement contemplated hereunder are consummated, this Settlement Agreement and the proceedings had in connection herewith shall in no event be construed as, or be deemed to be, evidence of an admission or concession on the part of Defendant of any liability or wrongdoing whatsoever or the appropriateness of the claims asserted in the Litigation or similar claims for class certification.

33.    Benefit of this Settlement Agreement.   This Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiff, the Released Parties and Settlement Class Members.   It is expressly understood by the Parties that the individuals or entities of the Released Parties that are not signatories to this Settlement Agreement are intended third-party beneficiaries of this Settlement Agreement.

34.    Authority.  The Parties hereby represent to one another that they have full power and authority to enter into this Settlement Agreement and carry out their obligations hereunder. Plaintiff further represents and warrants that she has not assigned any claim or right or interest as against the Released Parties and that it is fully entitled to release same.

35.    Entire Agreement.  Any and all prior understandings and agreements between the Parties with respect to the subject matter of this Settlement Agreement are merged into and with this Settlement Agreement, which fully and completely expresses the entire agreement and understanding of the Parties with respect to the subject matter hereof.   This Settlement Agreement may be amended, modified or changed only by a written instrument or instruments executed by duly authorized officers or other representatives of the Parties expressly amending, modifying or changing this Settlement Agreement and may not be amended, modified or changed orally.

36.  <u>Waiver</u>. No breach of any provision of this Settlement Agreement shall be deemed waived unless it is expressly waived in writing.  Waiver of any one breach shall not be deemed a waiver of any other breach of the same or any other provision of this Settlement Agreement.

37.  <u>Counterparts</u>.  This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument. Signatures provided by facsimile or e-mail shall be deemed legal and binding for all purposes.

38.  <u>Severability</u>. This Agreement is intended to be severable.  If any term, covenant, condition, or provision hereof is illegal, invalid or unenforceable for any reason whatsoever, such illegality, invalidity or unenforceability shall not affect the legality, validity or enforceability of the remaining parts of this Agreement

39.  <u>Headings</u>.  The headings in this Settlement Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Settlement Agreement, nor to control or affect meanings, constructions or the effect of the same.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below.


**PLAINTIFF**                                                  **DEFENDANT**

*Deborah Meredith*                                             *United Collection Bureau, Inc.*

                                                               By: Kristen P. Arsenault
_____                                _____

Dated:_____                                Its:_____

                                                               Dated:_____

14

36.     Waiver. No breach of any provision of this Settlement Agreement shall be deemed waived unless it is expressly waived in writing. Waiver of any one breach shall not be deemed a waiver of any other breach of the same or any other provision of this Settlement Agreement.

37.     Counterparts. This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute the same instrument. Signatures provided by facsimile or e-mail shall be deemed legal and binding for all purposes.

38.     Severability. This Agreement is intended to be severable. If any term, covenant, condition, or provision hereof is illegal, invalid or unenforceable for any reason whatsoever, such illegality, invalidity or unenforceability shall not affect the legality, validity or enforceability of the remaining parts of this Agreement

39.     Headings. The headings in this Settlement Agreement are for convenience of reference only and are not to be taken to be a part of the provisions of this Settlement Agreement, nor to control or affect meanings, constructions or the effect of the same.

IN WITNESS WHEREOF, the Parties have caused this Settlement Agreement to be duly executed and delivered by their duly authorized representatives on the date last written below.

**PLAINTIFF**

*Deborah Meredith*

Dated: 12/29/18

**DEFENDANT**

*United Collection Bureau, Inc.*

By:_____

Its:_____

Dated:_____

14

# **<u>Exhibit 1</u>**

**THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH MEREDITH, | ) | |
| Plaintiff, | ) | 1:16-cv-01102-PAG |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED COLLECTION BUREAU, INC., | ) | Judge Gaughan |
| Defendant. | ) | |

## <u>ORDER FINALLY APPROVING THE SETTLEMENT</u>

On [DATE], 2018, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the class action settlement between United Collection Bureau, Inc. ("Defendant" or "UCB"), on the one hand, and Plaintiff Deborah Meredith ("Plaintiff"), individually and as representative of the Settlement Class of persons defined below, on the other hand, as memorialized in the Settlement Agreement dated [DATE], 2018.

On [DATE], 2018, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice and were invited, including those with any objections. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order.  [No persons appeared in Court seeking to address the proposed settlement.]  Having considered the Parties' Settlement Agreement, Plaintiff's motion for final approval of the Settlement, and all other evidence submitted,

**IT IS HEREBY ORDERED THAT:**

1.	All capitalized terms herein shall have the same meaning as set forth in the Settlement Agreement, unless otherwise stated.

2.     This Court has jurisdiction over Plaintiff, Defendant, all Settlement Class Members, and the claims asserted in the Litigation. The Defendant has satisfied its obligations with respect to the Class Action Fairness Act.

3.     The Court finds that Plaintiff and her counsel have adequately represented the Settlement Class, that the Settlement Agreement was entered into in good faith following arm's length negotiations and is non-collusive, that the relief provided is adequate considering the costs, risks, and delay of trial and appeal, the effectiveness of the proposed method of distributing relief and method of processing claims, the terms and timing of payment associated with Plaintiff's counsel's request for attorneys' fees, and all other relevant factors, and that the Settlement treats Class Members equitably relative to each other.

4.     This Court grants final approval of the Settlement Agreement, including but not limited to the releases in the Settlement Agreement, and finds that it is in all respects fair, reasonable, and in the best interest of the Settlement Class.  Therefore, all members of the Settlement Class who have not submitted a valid and timely request for exclusion or otherwise opted out are bound by this Order Finally Approving the Settlement and the Settlement Agreement.

## Class Certification

4.     The previously certified class (the "Settlement Class") is now finally certified for purposes of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), as follows:

> All non-customers (1) to whom UCB placed one or more calls, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of UCB's calls, (3) by using UCB's IAT CT Center dialer, (4) from May 9, 2012, through October 5, 2018, limited to the 138 class members on the Class List.

The discovery in this case revealed, and UCB represents, that there are 138 unique phone numbers that fall within the Settlement Class as defined above, with a total of 420 prerecorded-voice calls to those 138 numbers.  This is the "Class List."

5.     The Court finds that certification solely for purposes of settlement is appropriate in that: (a) the class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the class that predominate over any questions affecting only individual class members; (c) Plaintiff's claims are typical of the claims of the class; (d) Plaintiff will fairly and adequately protect the interests of the class; (e) Plaintiff's counsel is adequate class counsel; and (f) a class action is the superior method for the fair and efficient adjudication of this controversy.

6.     That Plaintiff is designated as representative of the Settlement Class.

7.     Burke Law Offices, LLC, SmithMarco, P.C., and The Law Firm of Mitch Luxenburg are appointed as Class Counsel.

### Class Notice

8.     The notice to the Settlement Class fully complies with the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.  The Court has approved the forms of notice to the Settlement Class.

9.     With respect to the Settlement Class, this Court finds that certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  Direct notice was given through U.S. Mail to each Settlement Class Member whose identity could be identified through reasonable effort.  The Settlement Agreement and applicable documents were also made available to the Settlement Class, including through Class Counsel or as posted on [Settlement Website]. These forms of class notice fully comply with the requirements of Rule 23(c)(2)(B)

3

and due process, constitute the best notice practicable under the circumstances, and are due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

**Objections and Opt-Outs**

10.      [No objections were filed by Class Members.]

11.      A total of ___ persons have validly requested exclusion from the Settlement Class. The opt-outs were provided to this Court by the Settlement Administrator.

12.      Upon entry of this Order Finally Approving the Settlement, Plaintiff and each Settlement Class Member shall be deemed to have granted the releases set forth in the Settlement Agreement.

13.      The Court has considered Class Counsel's application for attorneys' fees.  The Court awards Class Counsel the sum of $_____ as an award of attorneys' fees to be paid from the Settlement Fund, and finds this amount of fees is fair and reasonable. The Court also approves $_____ for Class Counsel's out-of-pocket costs as justified and reasonable under the circumstances.  This payment shall be made from the Settlement Fund.

15.      The Court grants Plaintiff's request for an incentive award to the class representative and awards Plaintiff $_____. The Court finds that this payment is justified by the class representative's service to the Settlement Class.  This payment shall be made from the Settlement Fund.

**Other Provisions**

16.      The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

17.      Neither the Settlement Agreement, the Preliminary Approval Order, this Order Finally Approving the Settlement, nor any of their provisions, nor any of the documents

4

(including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order, Order Finally Approving the Settlement), negotiations, or proceedings relating in any way to the Settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence in this or any other action or proceeding except in an action brought to enforce the terms of the Settlement Agreement or except as may be required by law or court order.

19.     Class Counsel or the Settlement Administrator shall make the *cy pres* payment to the National Consumer Law Center, if necessary, as directed by the Settlement Agreement.

20.     Because some settlement payments may exceed the threshold for amounts which must be reported to the Internal Revenue Service by means of a Form 1099, American Legal Claim Services, LLC, as the Settlement Administrator, will take all necessary and reasonable steps to obtain W-9's from applicable claimants and to comply with applicable IRS regulations on issuing 1099's without a social security number or tax entity identification number, and shall take all reasonable and necessary steps to avoid imposition of IRS penalties against the Settlement Fund, including but not limited to withholding of taxes and any applicable penalties.

## Dismissal of Action

20.     This action is hereby dismissed with prejudice and without costs (except as otherwise provided under the Settlement Agreement).

ENTERED:

Dated: _____                    _____
                                                    Hon. Patricia A. Gaughan
                                                    United States District Judge

5

# **<u>Exhibit 2</u>**

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO
## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND REQUEST FOR W-9 FORM

*Meredith v. United Collection Bureau, Inc.*, No. 1:16-cv-01102 (N.D. Ohio)
[Settlement Website]

## CLAIM NUMBER XXXXXXXXXX

**YOU RECEIVED A NOTICE BECAUSE THE RECORDS OF DEFENDANT INDICATE YOU ARE A MEMBER OF THE PROPOSED SETTLEMENT CLASS IN THIS CASE.
PLEASE READ THIS NOTICE CAREFULLY.**

**Valid claimants are expected to receive between about $250 and $7,500, based on the number of calls received.**

## I.  WHY YOU RECEIVED A NOTICE

You received a notice of this lawsuit because the records of Defendant United Collection Bureau, Inc. ("UCB" or "Defendant") show that it may have made wrong-number calls to your cell phone number using its IAT CT Center dialer during the period of May 9, 2012 through October 5, 2018. If this is true, then you may be a member of the Settlement Class in a class action lawsuit filed against UCB, and entitled to receive money.

## II.  WHAT IS THE LAWSUIT ABOUT?

Plaintiff Deborah Meredith ("Plaintiff") sued UCB alleging that it made automated calls to her cell phone intended for someone else, and that such calls violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff sought to represent a class of persons to whom UCB made similar automated, wrong-number calls. UCB denies these allegations, but has agreed to settle to avoid the costs and uncertainties of litigation. The Court has preliminarily certified the Settlement Class, which has been defined as:

All non-customers (1) to whom UCB placed one or more calls, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of UCB's calls, (3) by using UCB's IAT CT Center dialer, (4) from May 9, 2012, through October 5, 2018, limited to the 138 class members on the Class List.

The discovery in this case revealed, and UCB represents, that there are 138 unique phone numbers that fall within the Settlement Class as defined above, with a total of 420 prerecorded-voice calls to those 138 numbers. This is the "Class List." Settlement Class Counsel or the Settlement Administrator (as defined [in the

Settlement Agreement]) will identify the members of the Settlement Class based upon the information, through discovery, that UCB provided to Settlement Class Counsel.

## III.  WHO REPRESENTS YOU

The Court has appointed Burke Law Offices, LLC, SmithMarco, P.C., and The Law Firm of Mitch Luxenburg to represent the Settlement Class as Class Counsel. Class Counsel may be contacted at: **Burke Law Offices, LLC, 155 N. Michigan Ave., Suite 9020, Chicago, IL 60601;** [Phone Number]; [Email Address]. Further documents and information are available at [Settlement Website].

## IV.  WHAT IS THE SETTLEMENT?

The parties to the lawsuit have agreed to settle after extensive negotiations. Under the proposed Settlement, UCB agrees to fund a Settlement Fund in the amount of $210,000. If the Court approves this Settlement, notice and administrative costs will be paid from the Settlement Fund, at an anticipated amount of approximately $6,500. The Net Settlement Fund remaining will cover up to a $10,000 incentive award to the Plaintiff, attorneys' fees to Class Counsel (who will seek 1/3 of the total Settlement Fund, or $70,000), and costs (expected to total about $15,000). After these amounts are deducted, each Class Member who submits a valid claim will be mailed a check equal to a *pro rata* amount of the remaining Net Settlement Fund based on how many calls UCB's records indicate they received, per the Class List.

## V.  SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS

**(1) Remain a member of the Settlement Class and submit a claim to receive a portion of the Net Settlement Fund.** In order to receive a

payment under this Settlement, you must fully complete and submit the claim form provided with this notice in the manner indicated (see instructions on claim form), or submit a claim through the settlement website, [Settlement Website], by **DATE** ("Claims Deadline"). If you do not submit a fully completed claim by the Claims Deadline, you will not receive any payment, you will still remain a member of the Settlement Class, and you will be bound by the terms of the Settlement Agreement.

The value of each individual settlement payment cannot be known until the Claims Deadline has passed and all claims are verified. However, individual Class Member payments are expected to exceed around $250 each and, in some cases, may exceed several thousand dollars. Thus, to avoid IRS backup withholding, complete the enclosed W-9 Form, and return it to the Settlement Administrator. If you do not return a W-9 Form, any amount of the Settlement Fund distributable to you totaling $600 or more will be subject to IRS backup withholding.

If the Settlement is approved, each Class Member who submits a timely and valid claim will receive a payment by check of their *pro rata* distribution of the Settlement Fund based on number of calls received as reflected in the Class List, less the cost of notice and administration, attorneys' fees and costs, and any incentive award to the named Plaintiff. Further *pro rata* cash distributions to Class Members who cashed their initial check will occur from the proceeds of any uncashed checks after the initial distribution, to the extent administratively feasible. If further distributions are not administratively feasible, remaining funds will be distributed to the National Consumer Law Center or other non-profit approved by the Court. Unless you opt out of the Settlement as detailed below, you will be bound by the terms of the Settlement Agreement, including the release of all Released Claims against UCB and the Released Parties for TCPA and similar violations.

**(2) Exclude Yourself from the Settlement.**  If you do not wish to participate in the Settlement, you may exclude yourself from the Settlement by sending a letter of notice of your intent to be excluded from the Settlement to the Settlement Administrator: Name, P.O. Box xxxx, City, ST xxxx-xxxx. The exclusion request must (1) state your name, address, current phone number and, if different, the phone number UCB called; (2) state

that you wish to be excluded from the Settlement Class in *Meredith v. United Collection Bureau, Inc.*, No. 1:16-cv-01102 (N.D. Ohio); and (3) must be signed by you. The letter must be postmarked on or before **DATE**, or you will remain a Settlement Class Member.  If you exclude yourself from the Settlement, you will not be eligible to receive a cash payment under the Settlement Agreement, and you will not be releasing any claims you may have against UCB or the Released Parties.

**(3) Object to the Settlement.**  You have the right to tell the Court that you object to the Settlement or any part of it by filing a written objection with the Clerk of the Court advising the Court of your objection.  If you wish to object to the Settlement, you must remain a member of the Settlement Class and you cannot exclude yourself from it.  Either on your own or through an attorney, you can file an objection explaining why you think the Court should not approve the Settlement. You must file any objection with the Clerk of the Court, U.S. District Court for the Northern District of Ohio, Carl B. Stokes U.S. Court House, 801 W. Superior Ave., Cleveland, OH 44113, in the case of *Meredith v. United Collection Bureau, Inc.*, No. 1:16-cv-01102 (N.D. Ohio), and concurrently send such objection to Class Counsel at the address above. The objection must include (1) your name, address, current phone number and, if different, the phone number UCB called; (2) the objection to the Settlement, whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and the specific grounds for the objection; (3) any documentation in support; and (4) a statement of whether you intend to appear at the final approval hearing, in person or through counsel. Any objection must be filed with the Clerk of the Court on or before **DATE**, with concurrent service on Class Counsel at the address above. The Court will consider your objection if you properly submit an objection on time.

**(4) Do Nothing.** You are not required to take any action and may simply do nothing. If you do nothing, you will remain a Settlement Class Member, but you will not receive a cash recovery and will be bound by the terms of the Settlement Agreement, including but not limited to a release of any claim(s) you may have against UCB and the Released Parties for TCPA and similar violations.

## VI.     WHAT AM I GIVING UP UNDER THE SETTLEMENT?

Claims for improper phone calls under the TCPA range from $500 to $1,500 per violation, plus injunctive relief. If you exclude yourself, you can attempt to obtain more money than you will get pursuant to this Settlement. However, UCB will assert all available defenses in any such lawsuit, and you could get nothing. This Settlement provides less money than you could get if you sued on your own, but removes the risk you might face if you did so.

If the Settlement becomes final, you will be releasing UCB and applicable Released Parties from any TCPA and related claims that you may have accrued up to and including [Date of Final Execution of Agreement].

Specifically, on the Effective Date of the Settlement, Plaintiff and the Settlement Class Members who have not opted out or been otherwise excluded from the Settlement Class shall be deemed to have fully and finally released and discharged the Released Parties from any and all liability for the Released Claims. The "Released Parties" include Defendant UCB and each of its respective divisions, parents, subsidiaries, predecessors, investors, parent companies, affiliates, and insurers, whether past or present, any direct or indirect subsidiary of UCB and each of their respective divisions, parents, subsidiaries, predecessors, investors, parent companies, affiliates, and insurers, whether past or present, and all of the officers, directors, employees, agents, brokers, distributors, representatives, clients, and any other persons on whose behalf UCB attempted to contact consumers. The "Released Claims" include any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory damages, based upon the TCPA or any state court analog claims resting upon UCB's use of automated equipment or prerecorded messages during UCB's outbound phone calls to cell phones, and that accrued at any time up to and including [the final date of execution of this Agreement]. The unknown claims referred to herein means and includes all claims, demands, rights, liabilities, and causes of action for damages arising out of, or relating to, claims involving the factual predicate alleged in the Litigation, which any person does not know or suspect to exist in his, her or its favor at the time of execution of th[e] Agreement which, known by him, her or it, might have affected his, her or its settlement or release of claims for damages, up to the date of th[e] Agreement.

## VII.     FINAL APPROVAL HEARING

The Court has scheduled a final approval hearing before Judge Patricia A. Gaughan on DATE at TIME in Courtroom 19B of the U.S. District Court for the Northern District of Ohio, Carl B. Stokes U.S. Court House, 801 W. Superior Ave., Cleveland, OH 44113. You do not have to appear at this hearing. However, you or your attorney may attend this hearing if you desire and request to address the Court regarding any matters relating to this Settlement.

## VIII.     WHERE CAN I GET MORE INFORMATION?

This notice is intended only as a summary of the lawsuit and proposed Settlement. It is not a complete statement of the Lawsuit or the proposed Settlement. You may inspect the pleadings and other papers (including the Settlement Agreement) that have been filed in this case number, at the office of the Clerk of the Court, U.S. District Court for the Northern District of Ohio, Carl B. Stokes U.S. Court House, 801 W. Superior Ave., Cleveland, OH 44113. If you have questions about this notice or the proposed Settlement, or would like to request a copy of the Settlement Agreement or other associated court filings, you may contact Settlement Class Counsel at the address, e-mail, or phone number listed above, or visit the Settlement Website at [Settlement Website]. **DO NOT CONTACT THE COURT OR DEFENDANT FOR THIS INFORMATION.**

BY ORDER OF THE U.S. DISTRICT COURT, N.D. OHIO.

# UCB TCPA Settlement Claim Form

*Meredith v. United Collection Bureau, Inc.*, No. 1:16-cv-01102 (N.D. Ohio)

### Your Information

1. Your name: _____

2. Address: _____

   City: _____ State: _____ Zip Code: _____

3. Contact telephone number: _____ Email: _____

4. Cell phone number at which UCB called you: _____

### CERTIFICATION

By submitting this Claim Form, I certify that to the best of my recollection and belief, UCB called my above-referenced cellular telephone number at some point between May 9, 2012 and October 5, 2018.

_____          _____
Date                                      Signature

### Return the Claim Form

[Settlement Administrator]
[ADDRESS]
[ADDRESS]

Your mailed claim form must be postmarked on or before _____. To avoid IRS backup withholding, please also complete and return the enclosed W-9 Form. For your convenience, the completed claim form and W-9 Form may be returned in the same enclosed prepaid return envelope.

Note that you may, alternatively, submit your claim and W-9 Form electronically via the settlement website, www.XXXXX.com, using your unique Claim Number provided with the Notice of Proposed Class Action Settlement.

YOUR CLAIM FORM WILL NOT BE RETURNED TO YOU.  PLEASE RETAIN A COPY FOR YOUR RECORDS. ACCURATE PROCESSING AND VERIFICATION OF CLAIMS MAY TAKE A SIGNIFICANT AMOUNT OF TIME.  THANK YOU IN ADVANCE FOR YOUR PATIENCE.

QUESTIONS?  A COPY OF THE CLASS NOTICE, SETTLEMENT AGREEMENT AND OTHER INFORMATION REGARDING THE SETTLEMENT IS AVAILABLE AT THE SETTLEMENT WEBSITE AT WWW.XXXXX.COM.  YOU CAN ALSO CALL CLASS COUNSEL AT (XXX) XXX-XXXX.

# **Exhibit 3**

**OFFICIAL COURT DOCUMENT – PLEASE READ CAREFULLY**

**American Legal Claim Services, LLC**
**[Address]**
**[City, State ZIP]**


[Date]


**Via U.S. Mail**
[Class Member Name]
[Address]
[City, State ZIP]


Re:      Request for W-9 Form –
           *Meredith v. United Collection Bureau, Inc.*, No. 1:16-cv-01102 (N.D. Ohio)


Dear [Class Member]:

You previously submitted a claim for payment in the proposed class action settlement in the case of *Meredith v. United Collection Bureau, Inc.*, No. 1:16-cv-01102 (N.D. Ohio).

You are receiving this Second Notice because the amount distributable to you under the Settlement may exceed the $600 base amount subject to IRS backup withholding,[1] and because we have yet to receive a completed W-9 Form from you. To avoid IRS backup withholding, please complete the enclosed W-9 Form, and return it to us at the above address postmarked no later than **DATE** ("W-9 Form Deadline").

If you have questions concerning the Litigation or Settlement, you may contact Settlement Class Counsel at: **Burke Law Offices, LLC, 155 N. Michigan Ave., Suite 9020, Chicago, IL 60601; [Phone Number]; [Email Address]**. Further information is also available in the attached notice, as well as on the Settlement Website, [**Settlement Website**].

                          Sincerely,

                          American Legal Claim Services, LLC
                          Settlement Administrator


Enclosed: W-9 Form

---

[1] To be clear, any amount attributable to you under the Settlement is unknown at this time, and may ultimately be less than the $600 base amount subject to backup withholding. The value of each individual settlement payment cannot be known until the Claims Deadline has passed and all claims are verified.

# **<u>Exhibit 4</u>**

**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| DEBORAH MEREDITH, | ) | |
| Plaintiff, | ) | 1:16-cv-01102-PAG |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED COLLECTION BUREAU, INC., | ) | Judge Gaughan |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR
<u>PRELIMINARY APPROVAL OF SETTLEMENT</u>**

The motion of Plaintiff Deborah Meredith ("Plaintiff") for preliminary approval of the proposed class action settlement with Defendant United Collection Bureau, Inc. ("UCB" or "Defendant") came for hearing on [DATE].

Having considered Plaintiff's moving papers, the Settlement Agreement, and all other evidence submitted concerning same, and being duly advised in the premises, the Court hereby finds that:

(a)      The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b)      The class notice (as described in the Settlement Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.

(c)      With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3).  This

Court finds that members of the Settlement Class will receive notice of the Settlement through the notice program described below and detailed in the Settlement Agreement and exhibits.

(d)     This Court finds that the class notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

**IT IS THEREFORE ORDERED THAT:**

1.     All capitalized terms herein shall have the same meaning as set forth in the Settlement Agreement, unless otherwise stated.

2.     The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

3.     The following class (the "Settlement Class") is conditionally certified solely for the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All non-customers (1) to whom UCB placed one or more calls, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of UCB's calls, (3) by using UCB's IAT CT Center dialer, (4) from May 9, 2012, through October 5, 2018, limited to the 138 class members on the Class List.

> The discovery in this case revealed, and UCB represents, that there are 138 unique phone numbers that fall within the Settlement Class as defined above, with a total of 420 prerecorded-voice calls to those 138 numbers.  This is the "Class List." Settlement Class Counsel or the Settlement Administrator (as defined [in the Settlement Agreement]) will identify the members of the Settlement Class based upon the information, through discovery, that UCB provided to Settlement Class Counsel.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Settlement Class has 138 persons

in it, which is so numerous that joinder of all members is not practicable. There are questions of law and fact common to the Settlement Class, which include whether the equipment and messages Defendant used to contact the Class Members are covered by the TCPA. Because the same equipment and message technology was used to contact the Class Representative and the remainder of the proposed class, the Class Representative's claims are typical of the claims of the Settlement Class. The interests of the Class Representative are aligned with those of the proposed Settlement Class, and the Court finds that she will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact surrounding the legality of Defendant's use of the contested equipment and messages to contact consumers are common to the members of the Settlement Class, and predominate over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because it will resolve these claims in one fell swoop.

4.     The Court preliminarily appoints Plaintiff as Class Representative of the Settlement Class and finds that she meets the requirements of Fed. R. Civ. P. 23.

5.     The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23:  Burke Law Offices, LLC, SmithMarco, P.C., and The Law Firm of Mitch Luxenburg.

6.     If (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order do not for any reason become effective; or (iii) the Settlement Agreement, Preliminary Approval Order, and Final Approval Order are reversed, vacated, or modified in any material respect which is not agreeable to all Parties, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all

other relevant portions of this Order; (b) this case shall proceed as though the Settlement Class had never been certified; and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose.  If the Settlement does not become final in accordance with the terms of the Settlement Agreement, then the Final Approval Order shall be void and shall be deemed vacated.  Defendant retains the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied.

7.      The parties shall give notice of the Settlement, its terms, and the right to opt out, appear, and object to the Settlement as set forth in the Settlement Agreement.  The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23.  That plan is approved and adopted.

8.      The form of notice that will be provided is as instructed in the Settlement Agreement, and American Legal Claim Services, LLC ("ALCS") is appointed as the Settlement Class Administrator.

9.      To effectuate the Settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the notice to the Settlement Class:

(a)      Notice to the Settlement Class shall be given within twenty-one days following the entry of this Order ("Notice Deadline").

(b)      Claim forms shall be returned by Settlement Class Members to the Settlement Class Administrator online or by mail postmarked on or before sixty days following the Notice Deadline ("Claim Deadline").

(c)     Notice to the Settlement Class shall include a request that the Class Member complete and return a W-9 Form, and no later than fourteen days after the Claim Deadline, the Settlement Administrator, American Legal Claim Services, LLC, will send a second notice to any claimant who has not by then returned a completed W-9 Form, re-requesting same. The Settlement Administrator will facilitate backup withholding as applicable to Settlement Fund amounts distributable to any claimant who fails to return a completed W-9 Form.

(d)     Objections of any Settlement Class Members or any appearance of an attorney on behalf of a Settlement Class Member shall be filed in this Court and served on Class Counsel on or before sixty days following the Notice Deadline, or shall be forever barred.  Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the incentive award to the Class Representative, must file a written statement with the Court, concurrently served on Class Counsel, that includes: (1) his or her full name, address, current phone number and, if different, the phone number UCB called; (2) the objection to the Settlement, whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and the specific grounds for the objection; (3) any documentation in support; and (4) a statement of whether the Class Member intends to appear at the final approval hearing, in person or through counsel. Any member of the Settlement Class who fails to timely file a written objection in accordance with the terms of this paragraph and as detailed in the notice, and at the same time provide a copy of the filed objection to the Settlement Administrator, shall not be permitted to object to this Agreement at the Final Approval Hearing, and

shall be foreclosed from seeking any review of this Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Litigation.

(e)     Requests by any Settlement Class Member to exclude him/her/itself from or opt out of the Settlement must be mailed to the Settlement Class Administrator postmarked on or before sixty days following the Notice Deadline, or shall be forever barred.  A notice of intention to opt out must contain the following information:  (a) the Settlement Class Member's name, address, current phone number and, if different the phone number UCB called; and (b) a statement that the Settlement Class Member requests to be excluded from the proposed Settlement Class in this matter. A notice of intention to opt out must also be signed by the Settlement Class Member seeking exclusion and mailed to the Settlement Administrator at the address cited in the notice.

10.    Defendant or the Settlement Class Administrator shall ensure compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

11.     The final hearing to determine whether the Settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on _____ , at \_\_\_ a.m.

12.    All papers in support of the Settlement Class Counsel's award of attorneys' fees and costs shall be filed no later than fourteen days prior to the final approval hearing.

13.    All papers in support of the Settlement Agreement shall be filed no later than fourteen days prior to the final approval hearing.

14.    For clarity, the deadlines the Parties shall adhere to are as follows:

**Notice Deadline:**                    _____**, 2018** (21 days from Preliminary Approval)

**Attorney Fees/Costs and Incentive**
**Award Motion Deadline:**              _____**, 2019** (21 days before Objection/Exclusion
Deadline)

**Objection/Exclusion Deadline:**      _____**, 2019** (60 days from Notice Deadline)

**Claim Deadline:**                    _____**, 2019** (60 days from Notice Deadline)

**Second W-9 Form Notice Date:**       _____**, 2019** (14 days after Claim Deadline)

**Final Approval Submissions:**        _____**, 2019** (14 days before Final Approval Hearing)

**Final Approval Hearing:**            _____**, 2019 at** _____**m.** (110 days after Preliminary
Approval)

15.    In the event that the settlement does not become final and/or the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order shall be void and shall be deemed vacated.

16.    The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

17.    Costs associated with notice, administration and distribution of settlement checks shall come from the Settlement Fund.


ENTERED:

Dated: _____                          _____

                                                        Hon. Patricia A. Gaughan
                                                        United States District Judge

7