THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORAH MEREDITH, | ) | |
| Plaintiff, | ) | 1:16-cv-01102-PAG |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED COLLECTION BUREAU, INC., | ) | Judge Gaughan |
| Defendant. | ) | |

ORDER GRANTING MOTION FOR
PRELIMINARY APPROVAL OF SETTLEMENT

The motion of Plaintiff Deborah Meredith ("Plaintiff") for preliminary approval of the proposed class action settlement with Defendant United Collection Bureau, Inc. ("UCB" or "Defendant") came for hearing on July 10, 2019.

Having considered Plaintiff's moving papers, the Settlement Agreement, and all other evidence submitted concerning same, and being duly advised in the premises, the Court hereby finds that:

(a) The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b) The class notice (as described in the Settlement Agreement) fully complies with Federal Rule of Civil Procedure 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of the Litigation.

(c) With respect to the Settlement Class, this Court finds that, for settlement purposes only, certification is appropriate under Federal Rule of Civil Procedure 23(a) and (b)(3). This

Court finds that members of the Settlement Class will receive notice of the Settlement through the notice program described below and detailed in the Settlement Agreement and exhibits.

(d) This Court finds that the class notice described below constitutes the best notice practicable under the circumstances and fully complies with Federal Rule of Civil Procedure 23(c)(2)(B).

(e) The Court finds that giving notice to the Settlement Class is justified by the parties' showing that the court will likely be able to: (i) approve the proposed Settlement under Rule 23(e)(2); and (ii) certify the Settlement Class for purposes of judgment on the proposal. The Court likewise preliminarily approves the Settlement as fair, reasonable, and adequate, after making a preliminary consideration and finding that: (A) the class representative and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims, (iii) the terms of any proposed award of attorney's fees, including timing of payment, and (iv) the parties' Agreement; and (D) the proposal treats Class Members equitably relative to each other.

**IT IS THEREFORE ORDERED THAT:**

1. All capitalized terms herein shall have the same meaning as set forth in the Settlement Agreement, unless otherwise stated.

2. The settlement proposed in the Settlement Agreement has been negotiated in good faith at arm's length and is preliminarily determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class in light of the factual, legal, practical and procedural considerations raised by this case.

> 3. The following class (the "Settlement Class") is conditionally certified solely for

the purpose of settlement pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3):

> All non-customers (1) to whom UCB placed one or more calls, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of UCB's calls, (3) by using UCB's IAT CT Center dialer, (4) from May 9, 2012, through October 5, 2018, limited to the 194 class members on the Class List.
>
> The discovery in this case revealed, and UCB represents, that there are 194 unique phone numbers that fall within the Settlement Class as defined above, with a total of 634 prerecorded-voice calls to those 194 numbers. This is the "Class List." Settlement Class Counsel or the Settlement Administrator (as defined [in the Settlement Agreement]) will identify the members of the Settlement Class based upon the information, through discovery, that UCB provided to Settlement Class Counsel.

The Court makes a preliminary finding that this action satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23(a) and (b). The Settlement Class has 194 persons in it, which is so numerous that joinder of all members is not practicable. There are questions of law and fact common to the Settlement Class, which include whether the equipment and messages Defendant used to contact the Class Members are covered by the TCPA. Because the same equipment and message technology was used to contact the Class Representative and the remainder of the proposed class, the Class Representative's claims are typical of the claims of the Settlement Class. The interests of the Class Representative are aligned with those of the proposed Settlement Class, and the Court finds that she will fairly and adequately protect the interests of the Settlement Class. Questions of law and fact surrounding the legality of Defendant's use of the messages to contact consumers are common to the members of the Settlement Class, and predominate over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because it will resolve these claims in one fell swoop.

3

4. The Court preliminarily appoints Plaintiff as Class Representative of the Settlement Class and finds that she meets the requirements of Fed. R. Civ. P. 23.

5. The Court preliminarily appoints the following lawyers as Settlement Class Counsel and finds that they meet the requirements of Fed. R. Civ. P. 23: Burke Law Offices, LLC, SmithMarco, P.C., and The Law Firm of Mitch Luxenburg.

6. If (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Settlement Agreement, the Preliminary Approval Order, and the Final Approval Order do not for any reason become effective; or (iii) the Settlement Agreement, Preliminary Approval Order, and Final Approval Order are reversed, vacated, or modified in any material respect which is not agreeable to all Parties, then (a) all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order; (b) this case shall proceed as though the Settlement Class had never been certified; and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose. If the Settlement does not become final in accordance with the terms of the Settlement Agreement, then the Final Approval Order shall be void and shall be deemed vacated. Defendant retains the right to oppose class certification if the settlement is vacated, and the doctrines of res judicata, collateral estoppel or law of the case shall not be applied.

7. The parties shall give notice of the Settlement, its terms, and the right to opt out, appear, and object to the Settlement as set forth in the Settlement Agreement. The Settlement Agreement's plan for class notice is the best notice practicable under the circumstances and satisfies the requirements of due process and Fed. R. Civ. P. 23. That plan is approved and adopted.

8. The form of notice that will be provided is as instructed in the Settlement Agreement, and American Legal Claim Services, LLC ("ALCS") is appointed as the Settlement Class Administrator.

9. To effectuate the Settlement, the Court establishes the following deadlines for the events set forth in the Settlement Agreement and directs the Parties to incorporate the deadlines in the notice to the Settlement Class:

(a) Notice to the Settlement Class shall be given within <u>twenty-one days following the entry of this Order</u> ("Notice Deadline").

(b) Claim forms shall be returned by Settlement Class Members to the Settlement Class Administrator online or by mail postmarked on or before <u>sixty days following the Notice Deadline</u> ("Claim Deadline").

(c) Notice to the Settlement Class shall include a request that the Class Member complete and return a W-9 Form, and no later than fourteen days after the Claim Deadline, the Settlement Administrator, American Legal Claim Services, LLC, will send a second notice to any claimant who has not by then returned a completed W-9 Form, re-requesting same. The Settlement Administrator will facilitate backup withholding as applicable to Settlement Fund amounts distributable to any claimant who fails to return a completed W-9 Form.

(d) Objections of any Settlement Class Members or any appearance of an attorney on behalf of a Settlement Class Member shall be filed in this Court and served on Class Counsel on or before <u>sixty days following the Notice Deadline</u>, or shall be forever barred. Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award

of attorneys' fees and expenses, or to the incentive award to the Class Representative, must file a written statement with the Court, concurrently served on Class Counsel, that includes: (1) his or her full name, address, current phone number and, if different, the phone number UCB called; (2) the objection to the Settlement, whether the objection applies only to the objector, to a specific subset of the class, or to the entire class, and the specific grounds for the objection; (3) any documentation in support; and (4) a statement of whether the Class Member intends to appear at the final approval hearing, in person or through counsel. Any member of the Settlement Class who fails to timely file a written objection in accordance with the terms of this paragraph and as detailed in the notice, and at the same time provide a copy of the filed objection to the Settlement Administrator, shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Litigation.

(e) Requests by any Settlement Class Member to exclude him/her/itself from or opt out of the Settlement must be mailed to the Settlement Class Administrator postmarked on or before <u>sixty days following the Notice Deadline</u>, or shall be forever barred. A notice of intention to opt out must contain the following information: (a) the Settlement Class Member's name, address, current phone number and, if different the phone number UCB called; and (b) a statement that the Settlement Class Member requests to be excluded from the proposed Settlement Class in this matter. A notice of intention to opt out must also be signed by the Settlement Class Member seeking exclusion and mailed to the Settlement Administrator at the address cited in the notice.

6

10. Defendant or the Settlement Class Administrator shall ensure compliance with the notice requirements of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

11. The final hearing to determine whether the Settlement is fair, reasonable, and adequate, and whether it should be approved by the Court, will be conducted on 11/07/19 at 9:00 a.m.

12. All papers in support of the Settlement Class Counsel's award of attorneys' fees and costs shall be filed no later than fourteen days prior to the final approval hearing.

13. All papers in support of the Settlement Agreement shall be filed no later than fourteen days prior to the final approval hearing.

14. For clarity, the deadlines the Parties shall adhere to are as follows:

| | |
|---|---|
| **Notice Deadline:** | July 31, 2019 (21 days from Preliminary Approval) |
| **Attorney Fees/Costs and Incentive Award Motion Deadline:** | Sept. 10, 2019 (21 days before Objection/Exclusion Deadline) |
| **Objection/Exclusion Deadline:** | Oct. 1, 2019 (60 days from Notice Deadline) |
| **Claim Deadline:** | Oct. 1, 2019 (60 days from Notice Deadline) |
| **Second W-9 Form Notice Date:** | Oct. 15, 2019 (14 days after Claim Deadline) |
| **Final Approval Submissions:** | Oct. 24, 2019 (14 days before Final Approval Hearing) |
| **Final Approval Hearing:** | Nov 7, 2019 at 9:00 a m. (110 days after Preliminary Approval) |

15. In the event that the settlement does not become final and/or the Effective Date does not occur in accordance with the terms of the Settlement Agreement, then this Order shall be void and shall be deemed vacated.

16. The Court may, for good cause, extend any of the deadlines set forth in this Order or adjourn or continue the final approval hearing without further notice to the Settlement Class.

17. Costs associated with notice, administration and distribution of settlement checks shall come from the Settlement Fund.

ENTERED:

Dated: 7/10/19 /s/Patricia A. Gaughan
Hon. Patricia A. Gaughan
United States District Court
Chief Judge